IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA TORRES CARREON<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. _____ |
| WILLIE KING, and<br>LOCKWOOD & SON TRUCKING &<br>CONSTRUCTION<br>　　　Defendants | §<br>§<br>§<br>§<br>§ | **JURY DEMAND** |

**DEFENDANTS' NOTICE OF REMOVAL OF DEFENDANTS WILLIE KING AND
LOCKWOOD & SON TRUCKING & CONSTRUCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Willie King and Lockwood & Son Trucking & Construction, and file this notice of removal under 28 U.S.C. § 1446(b). Defendants seek removal of this cause from the 191st Judicial District Court of Dallas County, Texas, the state District Court in which the case is now pending, to the Dallas Division of the United States District Court for the Northern District of Texas.

### A. Introduction

1.　　Plaintiff Sandra Torres Carreon (hereinafter "Plaintiff Carreon" or "Carreon") is an individual who resides at 2917 Kilburn Avenue, Dallas, Texas 75216.

2.　　Defendant Willie King (hereinafter "Defendant King" or "King") is a Louisiana resident, and a citizen solely of Louisiana, and resides at 445 Defrese Street, West Monroe, Ouachita Parish, LA 71291. Willie King has been a resident of Louisiana since approximately 1990, and has resided at 445 Defrese Street, West Monroe, LA for the last three years.

3.      Defendant Lockwood & Son Trucking & Construction (hereinafter "Defendant Lockwood" or "Lockwood") is a sole proprietorship of Charles Lockwood. The precise name of said sole proprietorship is Charles Lockwood d/b/a Lockwood Trucking, per the assumed name certificate on file in Ouachita Parish, Louisiana. Defendant Charles Lockwood has been a resident solely of Louisiana since 1941, and his residence has been 1510 Swartz Fairbanks Road, Monroe, Ouachita Parish, LA 71203 since 1996.

4.      The case in state court was originally filed on July 29, 2014 by Plaintiff AAA Texas County Mutual Insurance Co. (hereinafter "Plaintiff AAA Texas" or "AAA Texas") against Defendants King and Carreon, for property damages related to an October 10, 2013 automobile accident that occurred in Dallas County, Texas. Once served with the Original Petition, Carreon filed a Cross-Claim asserting claims for personal injury against King and Carreon also filed a Third Party Petition asserting claims for personal injury against Lockwood, also in connection with the October 10, 2013 accident. All claims filed by any party in the state court action relate to this October 10, 2013 automobile accident which occurred in Dallas County, Texas. When the state court case was originally filed against Defendant King, it was not removable, since the original Plaintiff AAA Texas was a Texas resident and Defendant Carreon was also a Texas resident. Thus, there was not diversity of citizenship between the Plaintiff and Defendants in the original action. These two parties, Plaintiff AAA Texas and Defendant Carreon, were also still in the lawsuit as Plaintiff and Defendant, when the Cross Claim was filed by Carreon against King and when the Third Party Petition was filed by Carreon against Lockwood. Thus, there was still no diversity of citizenship

between Plaintiff AAA Texas and all Defendants at the time of the filing of the Cross

Claim and the Third Party Petition, as required for removal.

5.      In the Cross-Claim filed by Carreon against Defendant King and in the

Third Party Petition filed by Carreon against Defendant Lockwood in the state court

action, Plaintiff Carreon seeks actual damages in excess of $200,000.00, plus pre-

judgment and pos-judgment interest and costs of court, as stated in paragraph 7.3 of

the Cross-Claim and Third Party Petition, attached as Exhibits "A" and "B" and

incorporated herein by reference.  Thereafter, Carreon filed a First Amended Third Party

Petition against Defendant Lockwood, in which she continued to seek actual damages

in excess of $200,000.00, plus pre-judgment and post-judgment interest and costs of

court, as stated in paragraph 7.3 of such petition, attached as Exhibit "C".

6.      On June 19, 2015, AAA Texas non-suited its claims against both

Defendants King and Carreon, leaving Carreon as the sole party seeking affirmative

relief in the state court action, and the only Defendants as to such claims being King

and Lockwood, both citizens of Louisiana.   [Attached hereto as Exhibit "D" and

incorporated herein by reference is the Notice of Voluntary Non-Suit, which became

effective upon filing thereof, and, therefore, resulted in the dismissal of all claims of AAA

Texas.  *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011); *University of Texas Medical

Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006).]  Thus, it

was not until AAA Texas dismissed its claims in the state court that this case became

removable under 28 U.S.C. § 1332(a), based upon complete diversity of citizenship.

7.     Defendants file this notice of removal within the one year time period after commencement of this action pursuant to 28 U.S.C. § 1446(b), and within 30 days of this case first becoming removable under 28 U.S.C § 1332(a).

### B. Basis for Removal

8.     Pursuant to 28 U.S.C. §1332(a), removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys fees.

9.     At all times relevant to this action, Plaintiff Carreon was, and is now, a citizen of the State of Texas.

10.     At all times relevant to this action, Defendants King and Lockwood were, and are now, individuals who reside in and are citizens of the State of Louisiana. Defendants King and Lockwood are therefore citizens solely of Louisiana pursuant to 28 U.S.C. § 1332(a).

11.     Texas law does not require a Defendant to look beyond the initial pleading for facts giving rise to removability. *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001). While 28 U.S.C § 1446(b) usually requires the notice of removal to be filed within 30 days after receipt of a civil action by Defendant, the 30-day requirement is only triggered by a defendant's receipt of an initial or amended pleading which reveals the basis for removal. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005). If no ground for removal is evident in that pleading (as are the facts in the present case), the case is not removable at that stage. *Id.*

12.     Cases in which the initial pleading does not on its face provide information necessary for removal comprise a category of cases which are to be governed by 28

U.S.C. § 1446(b)(3), as cases not initially removable within 30 days. *Adams v Lederle Laboratories,* 569 F. Supp. 234 (W.D. Mo 1983).  The Defendant must then remove the action based on diversity jurisdiction within one year from the time plaintiff has commenced the action in state court and within 30 days from the time the plaintiff brings about a change that creates diversity jurisdiction.  28 U.S.C. § 1446(b)(3)&(c)(1); *Smith v. Mylan, Inc.*, 761 F.3d 1042 (9th Cir. 2014).

13.    Defendants now remove the present case within one year of commencement of the state court action and within 30 days of it first becoming removable under federal law, as set forth above and pursuant to 28 U.S.C. §1446(b)(3)&(c)(1).

14.    Finally, the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.  As set forth in Plaintiff Carreon's Cross-Claim, and Third Party Petition, and First Amended Third Party Petition, attached hereto as Exhibits "A", "B" and "C", Plaintiff Carreon seeks recovery from these moving Defendants of an amount in excess of $200,000.00, exclusive of interest and costs.

15.    Copies of all relevant pleadings, process, orders, and other filings in the state action, prior to removal, are attached to this notice as Exhibits "E-1 through E-17" and incorporated herein by reference, as required by 28 U.S.C. § 1446(a).  A copy of the docket sheet in the state district court action is attached as Exhibit "F" and also incorporated by reference.

16.    Venue is proper in this District and Division under 28 U.S.C. §1441(a), because the state district court where the action has been pending is located within this federal district and division; namely the Dallas Division of the Northern District of Texas.

17.     Defendants are, contemporaneously with the filing of the Notice of Removal in this court, also filing an appropriate notice of removal with the clerk of the state court action; specifically in the 191st Judicial District Court, Dallas County, Texas, where the state court action has been pending since it was filed.

### C.  Jury Demand

18.     Carreon demanded a jury in the state court suit.  Nonetheless, Defendants assert their rights under the Seventh Amendment to the US Constitution and demand in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### D.  Conclusion and Prayer

WHEREFORE, as Plaintiff Carreon, the only party seeking relief in this action, is a citizen of Texas, and the Defendants, King and Lockwood, are both citizens solely of the State of Louisiana, and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees, Defendants Willie King and Charles Lockwood d/b/a Lockwood & Son Trucking & Construction hereby remove this action to the federal district and division of this Honorable Court, based upon complete diversity between the parties, and a sufficient amount in controversy, and request that they be granted such other and further relief in this regard as they show themselves justly entitled.

Respectfully submitted,

PENNINGTON HILL, LLP


By: /s/ H. Allen Pennington, Jr.
        H. Allen Pennington, Jr.
        State Bar No. 15758500

509 Pecan Street, Suite 101
Tindall Square—Warehouse No. 3
Fort Worth, Texas  76102
Telephone: (817) 332-5055
Facsimile: (817) 332-5054
apennington@phblaw.com

ATTORNEYS   FOR   DEFENDANTS
WILLIE  KING  AND  LOCKWOOD  &
SON TRUCKING & CONSTRUCTION


## CERTIFICATE OF SERVICE

On June 19, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

Aaron Spahr
Jim S. Adler & Associates
The Tower at City Place, LB 40
2711 N. Haskell Avenue, Suite 2500
Dallas, TX 75204
aspahr@jimadler.com

ATTORNEYS FOR PLAINTIFF
SANDRA TORRES CARREON

/s/ H. Allen Pennington, Jr.
H. Allen Pennington, Jr.

R:\51\Lockwood\Pleadings\Notice of Removal - alternate.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA TORRES CARREON | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| WILLIE KING, and | § | |
| LOCKWOOD & SON TRUCKING & | § | |
| CONSTRUCTION | § | |
|     Defendants | § | |

## DEFENDANTS' INDEX

| Document | Date Filed |
|---|---|
| **Exhibit A**<br>Defendant Sandra Torres Carreon's Cross-Claim, Request for Disclosure, Rule 193.7 Notice | October 15, 2014 |
| **Exhibit B**<br>Defendant Sandra Torres Carreon's Third Party Petition, Request for Disclosure, Rule 193.7 Notice | October 15, 2014 |
| **Exhibit C**<br>Defendant, Cross-Claimant, and Third-Party Plaintiff Sandra Torres Carreon's First Amended Third Party Petition and Rule 193.7 Notice | November 24, 2014 |
| **Exhibit D**<br>Notice of Voluntary Non-Suit | June 19, 2015 |
| **Exhibit E-1**<br>Plaintiff's Original Petition | July 29, 2014 |
| **Exhibit E-2**<br>Citation and Return of Sandra Torres Carreon | October 7, 2014 |

| | |
|---|---|
| Exhibit E-3<br>Defendant Sandra Torres Carreon's<br>Original Answer to Plaintiff's Original<br>Petition | October 14, 2014 |
| Exhibit E-4<br>Jury Request of Sandra Torres Carreon | October 14, 2014 |
| Exhibit E-5<br>Defendant Sandra Torres Carreon's<br>Cross-Claim, Request for Disclosure,<br>Rule 193.7 Notice | October 15, 2014 |
| Exhibit E-6<br>Defendant Sandra Torres Carreon's Third<br>Party Petition, Request for Disclosure,<br>Rule 193.7 Notice | October 15, 2014 |
| Exhibit E-7<br>Citation to Willie King of Cross-Claim | October 15, 2014<br>(Issued) |
| Exhibit E-8<br>Citation to Lockwood & Son Trucking &<br>Construction of Third Party Petition | October 15, 2014<br>(Issued) |
| Exhibit E-9<br>Affidavit of Service of Cross-Claim on<br>Willie King through Secretary of State | November 5, 2014 |
| Exhibit E-10<br>Defendant Willie King's Original Answer<br>to Plaintiff's Original Petition | November 14, 2014 |
| Exhibit E-11<br>Cross-Defendant Willie King's Original<br>Answer to Third –Party Petition and<br>Cross-Claim | November 14, 2014 |
| Exhibit E-12<br>Third-Party Defendant Lockwood & Son<br>Trucking & Construction's Original<br>Answer to Third-Party Petition | November 14, 2014 |

| | |
|---|---|
| Exhibit E-13<br>Objections to Cross-Claimant's Rule 193.7 Notice of Intention to Use Products of Discovery to Cross-Defendant Willie King | November 20, 2014 |
| Exhibit E-14<br>Objections to Defendant Sandra Torres Carreon's 193.7 Notice of Intention to Use Products of Discovery to Third-Party Defendant Lockwood & Son Trucking & Construction | November 20, 2014 |
| Exhibit E-15<br>Defendant, Cross-Claimant, and Third-Party Plaintiff Sandra Torres Carreon's First Amended Third Party Petition and Rule 193.7 Notice | November 24, 2014 |
| Exhibit E-16<br>Objections to Defendant, Cross-Claimant and Third-Party Plaintiff Sandra Torres Carreon's 193.7 Notice of Intention to Use Products of Discovery to Third-Party Defendant Lockwood | December 2, 2014 |
| Exhibit E-17<br>Scheduling Order | June 2, 2015 |
| Exhibit F<br>Register of Actions (Docket Sheet) | |

R:\51\Lockwood\Federal Court\Defendants' Index.docx

1 CIT SOS ATTY

FILED
DALLAS COUNTY
10/15/2014 1:29:24 PM
GARY FITZSIMMONS
DISTRICT CLERK

Lantz Sandra

CAUSE NO. DC-14-08098

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO.<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§<br>§ | |
| WILLIE KING, Defendant and SANDRA<br>TORRES CARREON, Defendant and<br>Cross-Claimant, | §<br>§<br>§<br>§ | 191ST JUDICIAL DISTRICT |
| vs. | §<br>§ | |
| WILLIE KING<br>    Cross-Defendant. | §<br>§ | DALLAS COUNTY, TEXAS |

---

### DEFENDANT SANDRA TORRES CARREON'S CROSS-CLAIM, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cross-Claimant SANDRA TORRES CARREON, Defendant in the above-entitled and numbered cause of action, and files her Cross-Claim, Complaining of Cross-Defendant Willie King, and in support thereof would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Cross-Claimant Sandra Torres Carreon intends to conduct discovery pursuant to Texas Rule of Civil Procedure 190.4 under Discovery Control Plan Level 3. Cross-Claimant affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

### II. PARTIES

2.1     Plaintiff does business in Texas and is a party to this lawsuit as subrogee of Michelle Snelling, a Texas resident.

---



2.2     Sandra Torres Carreon ("Cross-Claimant") is a resident of Dallas, Texas. The last three digits of her Texas driver's license number are 247.

2.3     Cross-Defendant Willie King is a Louisiana resident who was involved in a collision that occurred while operating a motor vehicle on a public highway in this state. He may be served with process pursuant to Texas Civil Practice & Remedies Code, §17.061 et seq. and TRCP Rules 103 and 106, by having any sheriff, constable, person authorized by law or written order of the court who is not less than eighteen years of age, such as a process server, or a person certified under order of the Supreme Court serve two copies of citation and cross-claim to the Chair of the Texas Transportation Commission, Ted Houghton, Chairman, Texas Transportation Commission, 125 East 11th Street, Austin, Texas, 78701-2483, with Willie King's address, 126 Candy Queen Lane, West Monroe, Louisiana, 71291.

### III. JURISDICTION & VENUE

3.1     The Court has jurisdiction in this cause since the damages to Cross-Claimant are within the jurisdictional limits of the Court.

3.2     Venue is proper in Dallas County pursuant to Tex. Civ. Prac. & Rem. Code, Sections 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County.

3.3     All conditions precedent for relief have occurred.

3.4     No action on the part of Cross-Claimant caused or contributed to this occurrence.

### IV. FACTS

4.1     On October 10, 2013, Cross-Claimant Sandra Torres Carreon's vehicle had stalled in the roadway on the 8000 block of Interstate 20 in Dallas County, Texas near the Lyndon B. Johnson Freeway exit. Cross-Claimant prudently turned on her hazard lights to alert oncoming

vehicles.  Defendant Willie King, while operating a tractor-trailer owned by and in the course and scope of his employment with Lockwood & Son Trucking & Construction, failed to pay proper attention and struck Cross-Claimant's vehicle.  The impact from the collision caused Cross-Claimant's vehicle to collide with Plaintiff's vehicle.  Defendant Willie King attempted to flee the scene of the collision on foot.  Defendant Willie King's negligence proximately caused severe and permanent injury to Sandra Torres Carreon, for which she files her cross-claim and third-party petition.

## V.  CROSS-CLAIM AGAINST DEFENDANT WILLIE KING

5.1    Cross-Defendant Willie King is liable to Sandra Torres Carreon because the collision made the basis of this lawsuit resulted from his improper conduct.    The conduct of Cross-Defendant Willie King constituted negligence and/or negligence per se as that term is understood in law and such negligent and/or negligent per se conduct was a proximate cause of the occurrence, injuries and damages to Cross-Claimant made the basis of this cross-claim. Willie King's negligent and/or negligent per se actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

      a.      failing to pay attention and to keep a proper lookout;

      b.      failing to control his speed;

      c.      failing to take proper evasive action;

      d.      failing to maintain a safe following distance;

      e.      failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;

      f.      failing to maintain a safe distance between his vehicle and Plaintiffs' vehicle; and/or

      g.      other acts of negligence and/or negligence per se.

One, some, or all of the foregoing acts and/or omissions on the part of Defendant Willie King constituted negligence and/or negligence per se and such negligence and/or negligence per se was a proximate cause of the occurrence and Cross-Claimant's injuries and damages.

## VI. GROSS NEGLIGENCE OF CROSS-DEFENDANT WILLIE KING

6.1     The conduct of Cross-Defendant Willie King amounted to gross negligence to the extent that his acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and which Cross-Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Sandra Torres Carreon.

## VII. DAMAGES

7.1     As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence and/or negligence per se of Cross-Defendant Willie King, Cross-Claimant Sandra Torres Carreon sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

7.2     Cross-Claimant respectfully requests that the trier of fact determine the amount of her damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

      a.     Physical pain and mental anguish;

      b.     Loss of earning capacity;

      c.     Disfigurement;

      d.     Physical impairment;

      e.     Medical care expenses; and,

    f.  Out-of-pocket economic losses.

  7.3  Because of all of the above and foregoing, Cross-Claimant has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages she now brings suit. Cross-Claimant seeks monetary relief of more than $200,000 but less than $1,000,000.00.

  7.4  Cross-Claimant seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

  7.5  Because of the grossly negligent conduct of Cross-Defendant Willie King, Cross-Claimant seeks recovery for exemplary damages. Exemplary damages means any damages awarded as a penalty or by way of punishment. Exemplary damages include punitive damages. In determining the amount of exemplary damages the trier of fact should consider the following:

    a.  The nature of the wrong;

    b.  The character of the conduct involved;

    c.  The degree of culpability of the wrongdoer;

    d.  The situation and sensibilities of the parties concerned;

    e.  The extent to which such conduct offends a public sense of justice and propriety; and

    f.  The net worth of the Defendant.

  7.6  Cross-Claimant alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against each Defendant to two (2) times the amount of economic damages plus an amount equal to any noneconomic damages found by the trier of fact, not to exceed $750,000, or $200,000, whichever is greater, is unconstitutional, as it violates:

a. Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process and equal protection;

b. Article One, Section Three of the Texas Constitution, which guarantees equal protection of the laws;

c. Article One, Section Thirteen of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law;

d. Article One, Section Nineteen of the Texas Constitution, which guarantees due course of law;

e. Article Two, Section One of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, probating the legislature from exercising power properly attached to the judiciary;

f. Article Three, Section Fifty-Six of the Texas Constitution, which prohibits the legislature from passing any local or special law authorizing limitation of civil actions; and/or

g. Article One, Section Fifteen, and Article Five, Section Ten of the Texas Constitution, which guarantee the right to trial by jury in civil cases.

## VIII.  REQUEST FOR DISCLOSURE

8.1    Pursuant to Rule 194, request is made that Cross-Defendant Willie King disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l).  Cross-Defendant must serve a written response to these Requests for Disclosure on Cross-Claimant within fifty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## IX. RULE 193.7 NOTICE

9.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Cross-Claimant hereby gives actual notice to Cross-Defendant that any and all documents produced may be used

against producing party at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Sandra Torres Carreon prays that Cross-Defendant Willie King be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Cross-Claimant recover damages in accordance with the evidence, that Cross-Claimant recover costs of court herein expended, that Cross-Claimant recover interest to which she is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Cross-Claimant may be justly entitled.

Respectfully submitted,

JIM S. ADLER, P.C. & ASSOCIATES

BY:   /s/ Aaron Spahr
AARON SPAHR
State Bar No.: 00794674
2711 N. Haskell Avenue, Suite 2500
The Tower at City Place, LB 40
Dallas, Texas 75204
Telephone:     (214) 442-5032
Facsimile:     (214) 220-3233
E-mail: aspahr@jimadler.com

ATTORNEYS FOR DEFENDANT, CROSS-CLAIMANT, AND THIRD-PARTY PLAINTIFF SANDRA TORRES CARREON

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel on this 15th day of October, 2014 in accordance with the Texas Rules of Civil Procedure:

<u>Via E-file</u>
<u>And/or Facsimile: (713) 960-1430</u>
Christopher Fusselman
<u>fusselmam@thefusselmanlawfirm.com</u>

Jason E. Wells
<u>Jwells@thefusselmanlawfirm.com</u>

The Fussleman Law Firm, P.C.
1616 South Voss Road, Suite 775
Houston, Texas 77057
Telephone: (713) 960-1619
Facsimile: (713) 960-1430

           _/s/ Aaron Spahr_____
           AARON SPAHR

FILED
DALLAS COUNTY
10/15/2014 1:00:32 PM
GARY FITZSIMMONS
DISTRICT CLERK

Lantz Sandra

## CAUSE NO. DC-14-08098

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO.<br>    *Plaintiff,* | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **WILLIE KING,** *Defendant* **and SANDRA** | § | |
| **TORRES CARREON,** *Defendant, Cross-* | § | |
| *Claimant, and Third-Party Plaintiff,* | § | |
| | § | **191**ST **JUDICIAL DISTRICT** |
| **vs.** | § | |
| | § | |
| **LOCKWOOD & SON TRUCKING &** | § | |
| **CONSTRUCTION** | § | |
|     *Third-Party Defendant* | § | |
| | § | |
| **WILLIE KING** | § | |
|     *Cross-Defendant.* | § | **DALLAS  COUNTY, TEXAS** |

---

### DEFENDANT SANDRA TORRES CARREON'S THIRD PARTY PETITION, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Third-Party Plaintiff SANDRA TORRES CARREON, Defendant in the above-entitled and numbered cause of action, and files her Third-Party Petition, Complaining of Third-Party Defendant LOCKWOOD & SON TRUCKING & CONSTRUCTION, and in support thereof would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1    Third-Party Plaintiff Sandra Torres Carreon intends to conduct discovery pursuant to Texas Rule of Civil Procedure 190.4 under Discovery Control Plan Level 3.  Third-Party Plaintiff affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

---



## II. PARTIES

2.1     Plaintiff does business in Texas and is a party to this lawsuit as subrogee of Michelle Snelling, a Texas resident.

2.2     Sandra Torres Carreon ("Third-Party Plaintiff") is a resident of Dallas, Texas. The last three digits of her Texas driver's license number are 247.

2.3     **Third-party Defendant Lockwood & Son Trucking & Construction** ("Lockwood Trucking") is a foreign corporation subject to the Texas Long-Arm Statute for committing a tort in this state. Lockwood Trucking does not maintain a regular place of business in this state has not designated or maintained a resident agent for service of process in Texas. Pursuant to Texas Practice and Remedies Code, Section 17.044(b), substitute service can be effectuated on the Secretary of State.  The Secretary of State can be served with process pursuant to Texas Practice and Remedies Code, Sections 17.026(a) and 17.045(a) by mailing by certified mail, return receipt requested, true duplicate copies of the citation and petition containing Lockwood Trucking's home office address <u>1510 Swartz Fairbanks Road, Monroe Louisiana 71203</u>, to the Texas Secretary of State, **SERVICE OF PROCESS, SECRETARY OF STATE, P.O. Box 12079, Austin, TX 78711-2079.**

2.4     **Cross-Defendant Willie King** is a Louisiana resident who was involved in a collision that occurred while operating a motor vehicle on a public highway in this state.  He may be served with process pursuant to Texas Civil Practice & Remedies Code, §17.061 et seq. and TRCP Rules 103 and 106, by having any sheriff, constable, person authorized by law or written order of the court who is not less than eighteen years of age, such as a process server, or a person certified under order of the Supreme Court serve two copies of citation and cross-claim to the Chair of the Texas Transportation Commission, **Ted Houghton, Chairman, Texas**

Transportation Commission, **125 East 11ᵗʰ Street, Austin, Texas, 78701-2483**, with Willie

King's address, **126 Candy Queen Lane, West Monroe, Louisiana, 71291**.

### III. JURISDICTION & VENUE

3.1     The Court has jurisdiction in this cause since the damages to Third-Party Plaintiff

are within the jurisdictional limits of the Court.

3.2     Venue is proper in Dallas County pursuant to Tex. Civ. Prac. & Rem. Code,

Sections 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to

this claim occurred in Dallas County.

3.3     All conditions precedent for relief have occurred.

3.4     No action on the part of Third-Party Plaintiff caused or contributed to this

occurrence.

### IV. FACTS

4.1     On October 10, 2013, Third-Party Plaintiff Sandra Torres Carreon's vehicle had

stalled in the roadway on the 8000 block Interstate 20 in Dallas County, Texas near the Lyndon

B. Johnson Freeway exit.  Third-Party Plaintiff prudently turned on her hazard lights to alert

oncoming vehicles.  Defendant Willie King, while operating a tractor-trailer owned by and in the

course and scope of his employment with Third-Party Defendant Lockwood & Son Trucking &

Construction, failed to pay proper attention and struck Third-Party Plaintiff's vehicle.  The

impact from the collision caused Third-Party Plaintiff's vehicle to collide with Plaintiff's

vehicle.  Defendant Willie King attempted to flee the scene of the collision on foot.  Defendant

King's negligence proximately caused severe and permanent injury to Sandra Torres Carreon.

## V. LOCKWOOD & SON TRUCKING & CONSTRUCTION

5.1    At all times material to this lawsuit, Third-Party Defendant Lockwood Trucking owned the vehicle driven by Defendant Willie King.   At all times material to this lawsuit, Defendant King was an employee of Third-Party Defendant Lockwood Trucking and was acting within the course and scope of his employment with Third-Party Defendant Lockwood Trucking. At all times material to this lawsuit, Defendant Lockwood Trucking was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or Texas Motor Carrier Safety Regulations. At all times material to this lawsuit, Defendant Lockwood Trucking was a statutory employer of Willie King under the Federal Motor Carrier Safety Regulations and the Texas Transportation Code.   Consequently, Lockwood Trucking is vicariously liable to Sandra Torres Carreon for the negligent and/or negligent per se conduct of Defendant Willie King under both common law and statutory law.

5.2    At all times material hereto, Defendant Lockwood Trucking was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations and as such owed a duty to follow those regulations, including but not limited to those addressing qualifying drivers, monitoring driver qualification files, drug testing, and supervision.  The independent conduct of Third-Party Defendant Lockwood Trucking constitutes negligence and/or negligence per se as that term is known in law.   Such negligent and/or negligent per se acts or omission include, but are not limited to the following:

      a.    hiring and/or retaining Defendant Willie King whom it knew or should have known was a reckless or incompetent driver;

      b.    entrusting a vehicle to Defendant Willie King whom it knew or should have known was a reckless or incompetent driver;

      c.    failing to properly train Defendant Willie King in safe motor vehicle operation;

      d.     failing to properly supervise Defendant Willie King's driving activities;

      e.     failing to properly qualify Defendant Willie King; and/or

      e.     other acts of negligence and/or negligence per se.

One, some, or all of the foregoing acts and/or omissions or others on the part of Third-Party Defendant Lockwood Trucking, constituted negligence and/or negligence per se and such negligence and/or negligence per se was a proximate cause of the occurrence and Third-Party Plaintiff's injuries and damages.

## VI. GROSS NEGLIGENCE OF THIRD-PARTY DEFENDANT LOCKWOOD TRUCKING

6.1    The conduct of Third-Party Defendant Lockwood Trucking amounted to gross negligence to the extent that its acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and which Third-Party Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Sandra Torres Carreon.

## VII. DAMAGES

7.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence and/or negligence per se of Third-Party Defendant Lockwood Trucking, Third-Party Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

7.2     Third-Party Plaintiff respectfully requests that the trier of fact determine the amount of her damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

     a.    Physical pain and mental anguish;

     b.    Loss of earning capacity;

     c.    Disfigurement;

     d.    Physical impairment;

     e.    Medical care expenses; and,

     f.    Out-of-pocket economic losses.

7.3     Because of all of the above and foregoing, Third-Party Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Third-Party Plaintiff now bring suit.  Third-Party Plaintiff seeks monetary relief of more than $200,000 but less than $1,000,000.00.

7.4     Third-Party Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

7.5     Because of the grossly negligent conduct of Third-Party Defendant Lockwood Trucking, Third-Party Plaintiff seeks recovery for exemplary damages.  Exemplary damages means any damages awarded as a penalty or by way of punishment.  Exemplary damages include punitive damages.  In determining the amount of exemplary damages the trier of fact should consider the following:

     a.    The nature of the wrong;

     b.    The character of the conduct involved;

   c.  The degree of culpability of the wrongdoer;

   d.  The situation and sensibilities of the parties concerned;

   e.  The extent to which such conduct offends a public sense of justice and propriety; and

   f.  The net worth of the Defendant.

  7.6  Third-Party Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against each Defendant to two (2) times the amount of economic damages plus an amount equal to any noneconomic damages found by the trier of fact, not to exceed $750,000, or $200,000, whichever is greater, is unconstitutional, as it violates:

   a. Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process and equal protection;

   b. Article One, Section Three of the Texas Constitution, which guarantees equal protection of the laws;

   c. Article One, Section Thirteen of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law;

   d. Article One, Section Nineteen of the Texas Constitution, which guarantees due course of law;

   e. Article Two, Section One of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, probating the legislature from exercising power properly attached to the judiciary;

   f. Article Three, Section Fifty-Six of the Texas Constitution, which prohibits the legislature from passing any local or special law authorizing limitation of civil actions; and/or

   g. Article One, Section Fifteen, and Article Five, Section Ten of the Texas Constitution, which guarantee the right to trial by jury in civil cases.

## VIII.  REQUEST FOR DISCLOSURE

8.1     Pursuant to Rule 194, request is made that Third-Party Defendant Lockwood Trucking disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l).  Third-Party Defendant must serve a written response to these Requests for Disclosure on Third-Party Plaintiff within fifty (50) days after the service of this request.  Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## IX. RULE 193.7 NOTICE

9.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Third-Party Plaintiff hereby gives actual notice to Third-Party Defendant that any and all documents produced may be used against producing party at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sandra Torres Carreon prays Third-Party Defendant Lockwood Trucking be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Third-Party Plaintiff recover damages in accordance with the evidence, that Third-Party Plaintiff recover costs of court herein expended, that Third-Party Plaintiff recover interest to which she is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Third-Party Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER, P.C. & ASSOCIATES**

BY:     /s/ Aaron Spahr
**AARON SPAHR**
State Bar No.: 00794674
2711 N. Haskell Avenue, Suite 2500
The Tower at City Place, LB 40
Dallas, Texas  75204
Telephone:     (214) 442-5032
Facsimile:     (214) 220-3233
E-mail: aspahr@jimadler.com

**ATTORNEYS FOR DEFENDANT, CROSS-
CLAIMANT, AND THIRD-PARTY
PLAINTIFF SANDRA TORRES CARREON**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel on this 15th day of October, 2014 in accordance with the Texas Rules of Civil Procedure:

***<u>Via E-file</u>***
***<u>And/or Facsimile: (713) 960-1430</u>***
Christopher Fusselman
fusselmam@thefusselmanlawfirm.com

Jason E. Wells
Jwells@thefusselmanlawfirm.com

The Fussleman Law Firm, P.C.
1616 South Voss Road, Suite 775
Houston, Texas 77057
Telephone: (713) 960-1619
Facsimile: (713) 960-1430

     /s/ Aaron Spahr
     **AARON SPAHR**

FILED
DALLAS COUNTY
11/24/2014 12:17:05 PM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-14-08098

| | | |
|---|---|---|
| **AAA TEXAS COUNTY MUT. INS. CO.** <br> *Plaintiff,* | § <br> § <br> § | **IN THE DISTRICT COURT** |
| **vs.** | § <br> § | |
| **WILLIE KING**, *Defendant* **and SANDRA TORRES CARREON**, *Defendant, Cross-Claimant, and Third-Party Plaintiff,* | § <br> § <br> § | |
| **vs.** | § <br> § <br> § | **191ST JUDICIAL DISTRICT** |
| **LOCKWOOD & SON TRUCKING & CONSTRUCTION** <br> *Third-Party Defendant* | § <br> § <br> § <br> § | |
| **WILLIE KING** <br> *Cross-Defendant.* | § <br> § <br> § | **DALLAS  COUNTY, TEXAS** |

---

**DEFENDANT, CROSS-CLAIMANT, AND THIRD-PARTY PLAINTIFF SANDRA TORRES CARREON'S FIRST AMENDED THIRD PARTY PETITION AND RULE 193.7 NOTICE**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Third-Party Plaintiff SANDRA TORRES CARREON, Defendant, Cross-Claimant, and Third-Party Plaintiff in the above-entitled and numbered cause of action, and files her First Amended Third-Party Petition, Complaining of Third-Party Defendant LOCKWOOD & SON  TRUCKING & CONSTRUCTION, and in support thereof would respectfully show the Court as follows:

**I. DISCOVERY CONTROL PLAN**

1.1     Third-Party Plaintiff Sandra Torres Carreon intends to conduct discovery pursuant to Texas Rule of Civil Procedure 190.4 under Discovery Control Plan Level 3.  Third-Party



---

Plaintiff affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

## II. PARTIES

2.1     Plaintiff does business in Texas and is a party to this lawsuit as subrogee of Michelle Snelling, a Texas resident.

2.2     Sandra Torres Carreon ("Third-Party Plaintiff") is a resident of Dallas, Texas. The last three digits of her Texas driver's license number are 247.

2.3     **Third-party Defendant Lockwood & Son Trucking & Construction** ("Lockwood Trucking") has appeared and answered herein.

2.4     **Cross-Defendant Willie King** has appeared and answered herein.

## III. JURISDICTION & VENUE

3.1     The Court has jurisdiction in this cause since the damages to Third-Party Plaintiff are within the jurisdictional limits of the Court.

3.2     Venue is proper in Dallas County pursuant to Tex. Civ. Prac. & Rem. Code, Sections 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County.

3.3     All conditions precedent for relief have occurred.

3.4     No action on the part of Third-Party Plaintiff caused or contributed to this occurrence.

## IV. FACTS

4.1     On October 10, 2013, Third-Party Plaintiff Sandra Torres Carreon was travelling on the 8000 block Interstate 20 in Dallas County, Texas near the Lyndon B. Johnson Freeway exit.  Third-Party Plaintiff slowed down for traffic moving from the left-hand lane into her lane

of travel.  Defendant Willie King, while operating a tractor-trailer owned by and in the course and scope of his employment with Third-Party Defendant Lockwood & Son Trucking & Construction, failed to pay proper attention and crashed into Third-Party Plaintiff's vehicle from behind.  The force of the impact propelled Third-Party Plaintiff's vehicle into Plaintiff's vehicle. Defendant Willie King attempted to flee the scene of the collision on foot.  Defendant King's negligence proximately caused severe and permanent injury to Sandra Torres Carreon.

## V. LOCKWOOD & SON TRUCKING & CONSTRUCTION

5.1     At all times material to this lawsuit, Third-Party Defendant Lockwood Trucking owned the vehicle driven by Defendant Willie King.  At all times material to this lawsuit, Defendant King was an employee of Third-Party Defendant Lockwood Trucking and was acting within the course and scope of his employment with Third-Party Defendant Lockwood Trucking. At all times material to this lawsuit, Defendant Lockwood Trucking was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or Texas Motor Carrier Safety Regulations. At all times material to this lawsuit, Defendant Lockwood Trucking was a statutory employer of Willie King under the Federal Motor Carrier Safety Regulations and the Texas Transportation Code.  Consequently, Lockwood Trucking is vicariously liable to Sandra Torres Carreon for the negligent and/or negligent *per se* conduct of Defendant Willie King under both common law and statutory law.

5.2     At all times material hereto, Defendant Lockwood Trucking was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations and as such owed a duty to follow those regulations, including but not limited to those addressing qualifying drivers, monitoring driver qualification files, drug testing, and supervision.  The independent conduct of Third-Party Defendant Lockwood Trucking constitutes

negligence and/or negligence *per se* as that term is known in law.   Such negligent and/or

negligent *per se* acts or omission include, but are not limited to the following:

    a.    hiring and/or retaining Defendant Willie King whom it knew or should have known was a reckless or incompetent driver;

    b.    entrusting a vehicle to Defendant Willie King whom it knew or should have known was a reckless or incompetent driver;

    c.    failing to properly train Defendant Willie King in safe motor vehicle operation;

    d.    failing to properly supervise Defendant Willie King's driving activities;

    e.    failing to properly qualify Defendant Willie King; and/or

    e.    other acts of negligence and/or negligence *per se*.

One, some, or all of the foregoing acts and/or omissions or others on the part of Third-Party Defendant Lockwood Trucking, constituted negligence and/or negligence *per se* and such negligence and/or negligence *per se* was a proximate cause of the occurrence and Third-Party Plaintiff's injuries and damages.

## VI. GROSS NEGLIGENCE OF THIRD-PARTY DEFENDANT LOCKWOOD TRUCKING

6.1    The conduct of Third-Party Defendant Lockwood Trucking amounted to gross negligence to the extent that its acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and which Third-Party Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Sandra Torres Carreon.

## VII. DAMAGES

7.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence and/or negligence *per se* of Third-Party Defendant Lockwood Trucking, Third-Party Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

7.2    Third-Party Plaintiff respectfully requests that the trier of fact determine the amount of her damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

      a.     Physical pain and mental anguish;

      b.     Loss of earning capacity;

      c.     Disfigurement;

      d.     Physical impairment;

      e.     Medical care expenses; and,

      f.     Out-of-pocket economic losses.

7.3    Because of all of the above and foregoing, Third-Party Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Third-Party Plaintiff now bring suit.  Third-Party Plaintiff seeks monetary relief of more than $200,000 but less than $1,000,000.00.

7.4    Third-Party Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

7.5    Because of the grossly negligent conduct of Third-Party Defendant Lockwood Trucking, Third-Party Plaintiff seeks recovery for exemplary damages.  Exemplary damages means any damages awarded as a penalty or by way of punishment.  Exemplary damages include

punitive damages.  In determining the amount of exemplary damages the trier of fact should consider the following:

   a.   The nature of the wrong;

   b.   The character of the conduct involved;

   c.   The degree of culpability of the wrongdoer;

   d.   The situation and sensibilities of the parties concerned;

   e.   The extent to which such conduct offends a public sense of justice and propriety; and

   f.   The net worth of the Defendant.

7.6    Third-Party Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against each Defendant to two (2) times the amount of economic damages plus an amount equal to any noneconomic damages found by the trier of fact, not to exceed $750,000, or $200,000, whichever is greater, is unconstitutional, as it violates:

   a.   Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process and equal protection;

   b.   Article One, Section Three of the Texas Constitution, which guarantees equal protection of the laws;

   c.   Article One, Section Thirteen of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law;

   d.   Article One, Section Nineteen of the Texas Constitution, which guarantees due course of law;

   e.   Article Two, Section One of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, probating the legislature from exercising power properly attached to the judiciary;

   f.   Article Three, Section Fifty-Six of the Texas Constitution, which prohibits the

legislature from passing any local or special law authorizing limitation of civil actions; and/or

g.  Article One, Section Fifteen, and Article Five, Section Ten of the Texas Constitution, which guarantee the right to trial by jury in civil cases.

## VIII. RULE 193.7 NOTICE

8.1  Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Third-Party Plaintiff hereby gives actual notice to Third-Party Defendant that any and all documents produced may be used against producing party at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sandra Torres Carreon prays Third-Party Defendant Lockwood Trucking be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Third-Party Plaintiff recover damages in accordance with the evidence, that Third-Party Plaintiff recover costs of court herein expended, that Third-Party Plaintiff recover interest to which she is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Third-Party Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER, P.C. & ASSOCIATES**

BY:     _/s/ Aaron Spahr_____
      **AARON SPAHR**
      State Bar No.: 00794674
      2711 N. Haskell Avenue, Suite 2500
      The Tower at City Place, LB 40
      Dallas, Texas  75204
      Telephone:     (214) 442-5032
      Facsimile:     (214) 220-3233
      E-mail: aspahr@jimadler.com

      **ATTORNEYS FOR DEFENDANT,
      CROSS-CLAIMANT, AND THIRD-PARTY
      PLAINTIFF SANDRA TORRES CARREON**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served on the following counsel on this 24th day of November, 2014 in accordance with the Texas Rules of Civil Procedure:

**_Via E-file
and/or facsimile: 713-960-1430_**
**Christopher A. Fusselman**
State Bar No. 00792520
fusselman@thefusselmanlawfirm.com

**Jason E. Wells**
State Bar No. 24066279
jwells@thefusselmanlawfirm.com

THE FUSSELMAN LAW FIRM, P.C.
1616 South Voss Road, Suite 775
Houston, Texas 77057
Telephone: (713) 960-1619
Facsimile: (713) 960-1430
***Attorneys for Plaintiff AAA Texas County
Mutual Insurance Company***

**_Via E-file
and/or facsimile: 817-332-5054_**
**H. Allen Pennington, Jr.**
State Bar No. 15758500
apennington@phblaw.com

PENNINGTON HILL, LLP
Tindall Square - Warehouse No. 3
509 Pecan Street, Suite 101
Fort Worth, Texas 76102
Telephone: (817) 332-5055
Facsimile: (817) 332-5054
***Attorneys for: Defendant Willie King and
Third-Party Defendant Lockwood & Son
Trucking & Construction***

       _/s/ Aaron Spahr_____
       **AARON SPAHR**

---

*Defendant, Cross-Claimant, and Third-Party Plaintiff's First Amended Third-Party Petition and Rule 193.7 Notice*       *Page 8*

DC-14-08098

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO. | § | IN THE DISTRICT COURT |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WILLIE KING, Defendant and SANDRA | § | |
| TORRES CARREON, | § | |
|    Defendant, Cross-Claimant | § | |
|    and Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 191st JUDICIAL DISTRICT |
| LOCKWOOD & SON TRUCKING & | § | |
| CONSTRUCTION | § | |
|    Third-Party Defendant | § | |
| | § | |
| WILLIE KING | § | |
|    Cross-Defendant | § | OF DALLAS COUNTY, TEXAS |

### NOTICE OF VOLUNTARY NON-SUIT

TO THE HONORABLE JUDGE OF SAID COURT:

     COMES NOW Plaintiff AAA Texas County Mutual Insurance Company, and hereby gives this notice to the Court and to the parties, that it hereby voluntarily takes a non-suit, that is, a dismissal without prejudice, of all its claims and causes of action in this cause against Defendants Willie King, Lockwood & Son Trucking & Construction and Sandra Torres Carreon, effective immediately upon the filing of this notice on this date.

NOTICE OF VOLUNTARILY NON-SUIT

PAGE 1



Respectfully submitted,

THE FUSSELMAN LAW FIRM, P.C.

By: _____

    Christopher A. Fusselman
    State Bar No. 00792520
    fusselman@thefusselmanlawfirm.com
    Jason E. Wells
    State Bar No. 24066279
    jwells@thefusselmanlawfirm.com
    1616 South Voss Rd., Ste. 775
    Houston, Texas 77057
    (713) 960-1619
    (713) 960-1430 (fax)

    ATTORNEYS FOR PLAINTIFF AAA
    TEXAS COUNTY MUT. INS. CO.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record on this the 19th day of June, 2015, as indicated below:

*Via E-File*
Mr. Aaron Spahr
Jim S. Adler & Associates
The Tower at City Place, LB 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas 75204

*Via E-File*
Mr. H. Allen Pennington, Jr.
Pennington Hill, LLP
Tindall Square Warehouse No. 3
509 Pecan Street, Suite 101
Fort Worth, Texas 76102

_____
Christopher A. Fusselman

R:\51\Lockwood\Pleadings\Notice of Nonsuit With Prejudice.doc

NOTICE OF VOLUNTARILY NON-SUIT                                 PAGE 2

**Sunny Greenberg**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Friday, June 19, 2015 1:57 PM |
| **To:** | Sunny Greenberg |
| **Subject:** | eFileTexas.gov - Filing Submitted - 5749961 |



# Filing Submitted

Envelope Number: **5749961**

The filing below has been submitted to the clerks office for review. Please allow up to 24 business hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Dallas County - District Clerk - Civil |
| **Date/Time Submitted:** | 6/19/2015 1:56:11 PM |
| **Filing Type:** | Notice |
| **Activity Requested:** | EFileAndServe |
| **Filed By:** | Sunny Greenberg |

| Fee Details | |
|---|---|
| This envelope is pending review and fees may change. | |
| Case Fee Information | $6.69 |
| Payment Service Fees | $0.19 |
| Provider Service Fees | $6.00 |
| Provider Tax Fees | $0.50 |
| Notice | $0.00 |
| | |
| **Total: $6.69 (The envelope still has pending filings and the fees are subject to change)** | |

| Document Details | |
|---|---|
| **Lead File:** | Notice of Vol. Non-Suit.pdf |
| **Lead File Page Count:** | 2 |
| **File Copy** | https://efile.txcourts.gov/ViewDocuments.aspx?FID=85da2a61-bb85-4648-b743-9accc010e016<br>This link is active for 35 days. |

| Contact your service provider with any questions |
|---|

Online: https://app.myfilerunner.com/auth/login
Phone: 1-800-908-5110
Available 24x7 and online with chat

Please do not reply to this email. It was generated automatically by eFileTexas.gov

FILED
DALLAS COUNTY
7/29/2014 1:10:10 PM
GARY FITZSIMMONS
DISTRICT CLERK

Freeney Anita

Cause No. DC-14-08098

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SANDRA TORRES CARREON AND | § | |
| WILLIE KING | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff, AAA Texas County Mut. Ins. Co., and files this Original Petition against Sandra Torres Carreon and Willie King, Defendants in the above referenced matter, and for cause would show the following:

## DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190 and request is hereby made to the court to enter a Docket Control/Scheduling Order.

## PARTIES

2.     Plaintiff does business in Texas and is a proper party to this lawsuit as subrogee of Michelle Snelling, a Texas resident.  Plaintiff paid insurance benefits to or on behalf of its insured as a result of the incident made the basis of this lawsuit and, therefore, is subrogated to such insured's interests with respect to those damages.

3.     Defendant Sandra Torres Carreon is a Texas resident and may be served with process at her residence, located at 2917 Kilburn Avenue, Dallas, TX 75216, or wherever she may be found.

4.     Defendant Willie King is a Texas resident and may be served with process at his residence, located at 126 Candy Queen Ln., West Monroe, LA 71292, or wherever he may be found.

## JURISDICTION

5.     The amount in controversy within this court's jurisdictional limits.

433.885 Plaintiff's Original Petition

1


EXHIBIT
E-1

## VENUE

6.      Venue is proper because the subject incident occurred in Dallas County, Texas.

## FACTS OF THE CASE

7.      On or about October 10, 2013, at approximately 4:00 p.m., in the 8000 block of Lyndon B. Johnson Freeway, in Dallas, Dallas County, Texas, Defendant King, driving a tractor trailer, plowed into the rear of Defendant Carreon's vehicle (which was stopped in a moving lane of traffic), pushing it to the right where it collided with Plaintiff's insured vehicle as it traveled by in an adjacent lane. King then fled the scene of the accident on foot. He was cited for failing to stop and render aid. Both of the Defendants' insurance carriers have refused to accept liability for the accident.

8.      As the result of the negligent conduct of the Defendants, Plaintiff's insured was caused to incur damages which were paid by Plaintiff under the terms of a policy of insurance existing between Plaintiff and its insured, thereby subrogating Plaintiff to its insured's right of recovery therefore.

## CAUSE OF ACTION

9.      Defendant Carreon failed to operate her vehicle as a person of ordinary prudence would have done under the same or similar circumstances. Specifically, she was negligent for stopping her vehicle in a moving lane of traffic without using caution lights, operating a vehicle in disrepair on a highway and/or failing to keep the vehicle properly maintained.

10.      Defendant King failed to operate a tractor-trailer vehicle as a commercial driver of ordinary prudence would have done under the same or similar circumstances. Specifically, he was negligent failing to maintain a proper lookout, failing to timely apply the brakes, stopping/slowing too suddenly, failing to control the speed of his vehicle, and/or following another vehicle too closely.

433.885 Plaintiff's Original Petition

11.     The negligence of both Defendants, taken together or singularly, proximately caused the damages paid by Plaintiff on behalf of its insured and for which recovery is sought herein.

## DAMAGES

12.     As the proximate result of the Defendants' negligence, Plaintiff (by and through its insured) has reasonably and necessarily incurred damages arising from the subject accident in the total amount of $7,171.71, which is comprised of total loss damages and salvage expenses.

13.     Plaintiff's insured's vehicle was deemed a total loss as a result of the accident, resulting in total loss damages in the amount of $7,101.21, comprised of the difference in the actual cash value of Plaintiff's insured's vehicle in Dallas County, Texas, immediately before the accident ($9,601.21) versus immediately after the accident ($2,500.00, as determined at salvage auction.)

14.     In addition, Plaintiff seeks to recover $70.50 in salvage expenses incurred by Plaintiff in mitigating its total loss damages, consisting of the usual and customary charges in Dallas County, Texas for the salvage services made reasonable and necessary as the result of the subject accident.

## PRAYER

15.     Wherefore, premises considered, the Plaintiff prays the court for only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorneys fees, and all other relief to which this Plaintiff may show itself justly entitled.

433.885 Plaintiff's Original Petition

Respectfully submitted,

THE FUSSELMAN LAW FIRM, P.C.

Christopher A. Fusselman
State Bar No. 00792520
fusselman@thefusselmanlawfirm.com
Jason E. Wells
State Bar No. 24066279
jwells@thefusselmanlawfirm.com
1616 South Voss Rd., Ste. 775
Houston, Texas 77057
(713) 960-1619
(713) 960-1430 (fax)

ATTORNEYS FOR PLAINTIFF

Cause No. _____

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SANDRA TORRES CARREON AND | § | |
| WILLIE KING | § | ___ JUDICIAL DISTRICT |

## AFFIDAVIT

COMES NOW _Thoma, A. Jenbal_ , authorized representative for AAA Texas County Mut. Ins. Co. (also, "Plaintiff") who, upon taking an oath, swears and affirms the following testimony is true:

My name is _Thomas A. Henbal_ and I am the authorized representative for AAA Texas County Mut. Ins. Co.. The following testimony is true and correct and based upon my personal knowledge of information obtained in my position as authorized representative for AAA Texas County Mut. Ins. Co.. I am of sound mind, over the age of eighteen years and in all other respects legally competent to give this testimony.

I am one of the custodians of records developed by Plaintiff AAA Texas County Mut. Ins. Co. with respect to this matter. Attached hereto as Exhibit A are records kept by Plaintiff in the regular course of business and it was the regular course of business of Plaintiff for an employee or third party representative of Plaintiff, with knowledge of the act, event, condition, opinion, or diagnosis recorded, to make the records or to transmit information thereof to be included in such records; and the records were made at or near the time or reasonably soon thereafter. The records attached hereto are the exact duplicates of the original.

Plaintiff (by and through its insured) has reasonably and necessarily incurred damages arising from the subject accident in the total amount of **$7,171.71**, which is comprised of total loss damages and salvage expenses.

Plaintiff's insured's vehicle was deemed a total loss as a result of the accident, resulting in total loss damages in the amount of $7,101.21, comprised of the difference in the actual cash value of Plaintiff's insured's vehicle in Dallas County, Texas, immediately before the accident ($9,601.21) versus immediately after the accident ($2,500.00, as determined at salvage auction.)

In addition, Plaintiff seeks to recover $70.50 in salvage expenses incurred by Plaintiff in mitigating its total loss damages, consisting of the usual and customary charges in Dallas County, Texas for the salvage services made reasonable and necessary as the result of the subject accident.

Further Affiant sayeth naught.



_____
Authorized Agent for Plaintiff

SUBSCRIBED AND SWORN TO BEFORE ME on this the _9_ day of _June_, 2014.

_____
NOTARY PUBLIC

> KELLIE BARTH
> OFFICIAL SEAL
> Notary Public, State of Illinois
> My Commission Expires
> January 03, 2018

# EXHIBIT A

# LIABILITY SUPPORTS

**Law Enforcement and TxDOT Use ONLY**

- [ ] FATAL   [X] CMV   [ ] SCHOOL BUS   [ ] RAILROAD   [ ] MAB   [ ] SUPPLEMENT   [ ] ACTIVE SCHOOL ZONE

| Total Num. Units | 4 | Total Num. Prsns. | 3 | TxDOT Crash ID |
|---|---|---|---|---|

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**

Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780

Refer to Attached Code Sheet for Numbered Fields

\* \*These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page: 1 of 4

**IDENTIFICATION & LOCATION**

| * Crash Date (MM/DD/YYYY) | 10  10  2013 | * Crash Time (24HR MM) | 16:00 | Case ID | | Local Use | 13-154802 |
|---|---|---|---|---|---|---|---|

| * County Name | DALLAS | * City Name | DALLAS | | [ ] Outside City Limit |
|---|---|---|---|---|---|

In your opinion, did this crash result in at least $1,000 damage to any one person's property? [X] Yes [ ] No

Latitude (decimal degrees) | Longitude (decimal degrees)

**ROAD ON WHICH CRASH OCCURRED**

| * 1 Rdwy. Sys. | IH | * 2 Hwy. Num. | 20 | 3 Block Num. | 8000 | 3 Street Prefix | | 3 Street Name | LYNDON B JOHNSON | 4 Street Suffix | FWY |
|---|---|---|---|---|---|---|---|---|---|---|---|

[ ] Crash Occurred on a Private Drive or Road/Private Property/Parking Lot

[ ] Toll Road/Toll Lane

| Const. Zone | [ ] Yes [X] No | Workers Present | [ ] Yes [X] No | Street Desc. | EB IH-20 |
|---|---|---|---|---|---|

Speed Limit 65

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. | [ ] Yes [X] No | 1 Rdwy. Sys. | US | Hwy. Num. | 67 | 2 Rdwy. Part | | Block Prefix | | 3 Street Prefix | | Street Name | S G ALEXANDER | 4 Street Suffix | FWY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Distance from Int. or Ref. Marker | 200.00 | [X] FT [ ] MI | 3 Dir. from Int. or Ref. Marker | W | Reference Marker | | Street Desc. | S G ALEXANDER FWY | RRX Num. | |
|---|---|---|---|---|---|---|---|---|---|

**VEHICLE, DRIVER & PERSONS**

| Unit Num. | 1 | 5 Unit Desc. | 1 | [ ] Parked Vehicle | [ ] Hit and Run | LP State | TX | LP Num. | 242YKV | VIN | 1 H G F A 3 7 L 1 2 6 1 2 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2007 | 6 Veh. Color | BLU | Veh. Make | HOND | Veh. Model | Civic | 7 Body Style | P4 | [ ] Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | 1 | DL/ID State | TX | DL/ID Num. | 17774375 | 9 DL Class | C | 10 CDL End. | 96 | 11 DL Rest. | A S | DOB (M/D/YYYY) | /  / 1981 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP) | 524  MAGNOLIA LN  GLEN HEIGHTS TX, 75154

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Rest. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | SNELLING, MATHEW, C | N | 32 | W | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| [ ] Owner | [ ] Owner/Lessee | Name & Address | SNELLING, MATHEW, C  524  MAGNOLIA LN    GLEN HEIGHTS TX, 75154 |
|---|---|---|---|

| Proof of Fin. Resp. | [X] Yes [ ] No | [ ] Expired [ ] Exempt | 26 Fin. Resp. Type | 2 | Fin. Resp. Name | AAA | Fin. Resp. Num. | TPA-066517546 |
|---|---|---|---|---|---|---|---|---|

| Fin. Resp. Phone Num. | 2147063081 | 27 Vehicle Damage Rating 1 | _ _ - R F Q - 2 | 27 Vehicle Damage Rating 2 | _ _ - _ _ - _ | Vehicle Inventoried | [X] Yes [ ] No |
|---|---|---|---|---|---|---|---|

| Towed By | DSO TOW | Towed To | TOWED FROM SCENE |
|---|---|---|---|

| Unit Num. | 2 | 5 Unit Desc. | 1 | [ ] Parked Vehicle | [ ] Hit and Run | LP State | TX | LP Num. | CW3R233 | VIN | 1 G 2 N W 5 2 M W C 7 3 7 2 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 1998 | 6 Veh. Color | WHI | Veh. Make | PONT | Veh. Model | Grand Am | 7 Body Style | P4 | [ ] Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | 1 | DL/ID State | TX | DL/ID Num. | 22404247 | 9 DL Class | C | 10 CDL End. | | 11 DL Rest. | 96 | DOB (M/D/YYYY) | /  / 1979 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP) | 2917  KILBURN AVE    DALLAS TX, 75216

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Rest. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | CARREON, SANDRA, | B | 34 | H | 2 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| [X] Owner | [ ] Owner/Lessee | Name & Address | TORRES, NEFTALI,  325  FREETOWN RD  111  GRAND PRAIRIE TX, 75051 |
|---|---|---|---|

| Proof of Fin. Resp. | [X] Yes [ ] No | [ ] Expired [ ] Exempt | 26 Fin. Resp. Type | 1 | Fin. Resp. Name | ACCC INSURANCE | Fin. Resp. Num. | TXE6361352-5 |
|---|---|---|---|---|---|---|---|---|

| Fin. Resp. Phone Num. | 8888230888 | 27 Vehicle Damage Rating 1 | _ _ - B R - 7 | 27 Vehicle Damage Rating 2 | _ _ - F L - 4 | Vehicle Inventoried | [X] Yes [ ] No |
|---|---|---|---|---|---|---|---|

| Towed By | DSO TOW | Towed To | TOWED FROM SCENE |
|---|---|---|---|

**Law Enforcement and TxDOT Use ONLY.**
Form CR-3 1/1/2010

| | Case ID | | TxDOT Crash ID | | | Page 2 of 4 |

### DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR/AM) |
|---|---|---|---|---|---|
| 2 | 1 | METHODIST CENTRAL | DFR 36 | | |

### CHARGES

| Unit Num. | Prsn. Num. | Charge | | Citation/Reference Num. |
|---|---|---|---|---|

### DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|

### CMV

Unit Num. | ☐10,001+ LBS. | ☐TRANSPORTING HAZARDOUS MATERIAL | ☐9+ CAPACITY | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num.

Carrier's Corp. Name | Carrier's Primary Addr.

30 Rdwy. Access | 31 Veh. Type | ☐RGVW ☐GVWR | Hazmat Released ☐Yes ☐No | 32 Hazmat Class Num. | Hazmat ID Num. | 32 Hazmat Class Num. | Hazmat ID Num.

33 Cargo Body Style | Traler 1 | Unit Num. | ☐RGVW ☐GVWR | 34 Tmr. Type | Traler 2 | Unit Num. | ☐RGVW ☐GVWR | 34 Tmr. Type

Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Total Num. Axles | Total Num. Tires

### FACTORS & CONDITIONS

| Unit Num. | 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | | | | | 1 | 1 | 97 | 3 | 3 | 3 | 17 |
| 2 | 14 | | | | | | | | | | |

### NARRATIVE AND DIAGRAM

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets if Necessary) | Indicate North | Field Diagram – Not to Scale

**SEE ATTACHED PAGE FOR NARRATIVE**

**SEE ATTACHED PAGE FOR DIAGRAM**

### INVESTIGATOR

Time Notified (24HR/AM) 16:16 | How Notified DALLAS SO | Time Arrived (24HR/AM) 16:25 | Report Date (MM/DD/YYYY) 10/10/2013

Invest. Comp. ☐Yes ☑No | Investigator Name (Printed) K EDWARDS | ID Num. 858

ORI Num. TX0570000 | *Agency DALLAS SO | District/Area TS15

10

# Report Diagram



# Report Narrative

ALL UNITS WERE TRAVELING EAST BOUND IH-20. UNIT 1 WAS IN THE LEFT LANE, UNIT 2 WAS STALLED IN THE RIGHT CENTER LANE (PER WITNESS), AND UNIT 3 WAS TOWING UNIT 4 IN THE RIGHT CENTER LANE. UNIT 3 STRUCK UNIT 2 FROM BEHIND, CAUSING UNIT 2 TO CROSS INTO THE LEFT LANE, STRIKING UNIT 1. DRIVER OF UNIT 3 LEFT THE SCENE ON FOOT (PER WITNESS AND DRIVER OF UNIT 1). A FSRA CHARGE WILL BE FILED ON THE DRIVER OF UNIT 3 FOR LEAVING THE SCENE WITH OUT GIVING ANY INFORMATION OR RENDERING AIDE. THE DRIVER OF UNIT 2 COULD NOT REMEMBER WHAT HAPPENED DUE TO HEAD TRAUMA.

JOHNSON, CHRISTOPHER ALAN
1327 WILLOWBROOK CT.
ARLINGTON, TX. 76011
PH#682-465-1358
TXDL# 10375854

**Law Enforcement and TxDOT Use ONLY**
☐ FATAL  ☐ CMV  ☐ SCHOOL BUS  ☐ RAILROAD  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

| Total Num. Inj. | Total Num. Pers. | TxDOT Crash ID |
|---|---|---|
| | | |

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**
Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
• • These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

Page 1 of 4

| *Crash Date (MM/DD/YYYY) | 10 / 10 / 2013 | *Crash Time (24HR/MM) | 16:00 | Case ID | | Local Use | 13-154802 |
|---|---|---|---|---|---|---|---|

| *County Name | DALLAS | *City Name | DALLAS | ☐ Outside City Limit |
|---|---|---|---|---|

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No

Latitude (decimal degrees) ____   Longitude (decimal degrees) ____

**ROAD ON WHICH CRASH OCCURRED**

| *1 Rdwy. Sys. | IH | *2 Hwy. Num. | 20 | 3 Block Prefix | 8000 | 3 Street Prefix | | *Street Name | LYNDON B JOHNSON | 4 Street Suffix | FWY |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Crash Occurred on a Private Drive or Road/Private Property/Parking Lot | ☐ Toll Road/ Toll Lane | Speed Limit | 65 | Const. Zone | ☐ Yes ☐ No | Workers Present | ☐ Yes ☐ No | Street Desc. | EB IH-20 |
|---|---|---|---|---|---|---|---|---|---|

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. | ☐ Yes ☐ No | 1 Rdwy. Sys. | US | Hwy. Num. | 67 | 2 Rdwy. Part | 1 | Block Prefix | | 3 Street Prefix | | Street Name | S G ALEXANDER | 4 Street Suffix | FWY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Distance from Int. or Ref. Marker | 200.00 | ☒ FT ☐ Mi | 5 Dir. from Int. or Ref. Marker | W | Reference Marker | | Street Desc. | S G ALEXANDER FWY | RRX | |
|---|---|---|---|---|---|---|---|---|---|

| Unit Num. | 3 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | | LP Num. | P196802 | VIN | 4VG7DARH4WN734841 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 1998 | 6 Veh. Color | MAR | Veh. Make | VOLV | Veh. Model | 8000 | 7 Body Style | TT | Pol., Fire, EMS on Emergency (Explain in Narrative if checked) | ☐ |
|---|---|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | 2 | DL/ID State | AR | DL/ID Num. | 932783279 | 9 DL Class | 98 | 10 CDL End. | 98 | 11 DL Rest. | 98 | DOB (MM/DD/YYYY) | 1967 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP): 126 CANDY QUEEN LN   WEST MONROE LA, 71291

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Rest. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | KING, WILLIE, | N | 46 | W | 1 | 1 | 1 | 97 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| ☒ Owner ☐ Lessee | Owner/Lessee Name & Address | LOCKWOOD, CHARLES, R  1510 SWARTZ FAIRBANK RD   WEST MONROE LA, 71203 |
|---|---|---|

| Proof of Fin. Resp. | ☐ Yes ☒ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | | Fin. Resp. Name | |
|---|---|---|---|---|---|---|

| Fin. Resp. Phone Num. | | 27 Vehicle Damage Rating 1 | F D 4 | 27 Vehicle Damage Rating 2 | | Vehicle Inventoried | ☒ Yes ☐ No |
|---|---|---|---|---|---|---|---|

| Towed By | DSO TOW | Towed To | TOWED FROM SCENE |
|---|---|---|---|

| Unit Num. | 4 | 5 Unit Desc. | 6 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | LA | LP Num. | E785453 | VIN | 1UYV525XXP070303 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2000 | 6 Veh. Color | WHI | Veh. Make | UT | Veh. Model | | 7 Body Style | TL | Pol., Fire, EMS on Emergency (Explain in Narrative if checked) | ☐ |
|---|---|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | | DL/ID State | | DL/ID Num. | | 9 DL Class | | 10 CDL End. | | 11 DL Rest. | | DOB (MM/DD/YYYY) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP):

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Rest. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| ☒ Owner ☐ Lessee | Owner/Lessee Name & Address | LOCKWOOD, CHARLES, R  1510 SWARTZ FAIRBROOKS RD   WEST MONROE LA, 71291 |
|---|---|---|

| Proof of Fin. Resp. | ☐ Yes ☒ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | | Fin. Resp. Name | |
|---|---|---|---|---|---|---|

| Fin. Resp. Phone Num. | | 27 Vehicle Damage Rating 1 | | 27 Vehicle Damage Rating 2 | | Vehicle Inventoried | ☐ Yes ☒ No |
|---|---|---|---|---|---|---|---|

| Towed By | UNIT 3 | Towed To | TOWED FROM SCENE |
|---|---|---|---|

Law Enforcement and TxDOT Use ONLY.
Form CR-3 1/1/2010

| Case ID | | TxDOT Crash ID | | | Page 2 of 4 |

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR/AM) |
|---|---|---|---|---|---|
| | | | | ___/___/_____ | ___:___ |
| | | | | ___/___/_____ | ___:___ |
| | | | | ___/___/_____ | ___:___ |
| | | | | ___/___/_____ | ___:___ |
| | | | | ___/___/_____ | ___:___ |
| | | | | ___/___/_____ | ___:___ |

**CHARGES**

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| 3 | 1 | 550.021 - ACC INVOLVING INJURING DEATH | 13-154889 |
| | | | |
| | | | |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

**CMV**

Unit Num. 3   [X] 10,001+ LBS.   [ ] TRANSPORTING HAZARDOUS MATERIAL   [ ] 9+ CAPACITY   28 Veh. Oper. 1   29 Carrier ID Type 1   Carrier ID Num. 202222

Carrier's Corp. Name LOCKWOOD   Carrier's Primary Addr. 1510 SWARTZ FAIRBANKS RD WEST MONROE LA 71203

| 30 Rdwy. Access 1 | 31 Veh. Type 9 | [X] RGVW [ ] GVWR 80000 | HazMat Released [ ] Yes [X] No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. |

| 33 Cargo Body Style 3 | Trailer 1 Unit Num. 4 | [X] RGVW [ ] GVWR 80000 | 34 Trlr. Type 2 | Trailer 2 Unit Num. | [ ] RGVW [ ] GVWR | 34 Trlr. Type |

| Sequence Of Events | 35 Seq. 1 13 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Total Num. Axles 5 | Total Num. Tires 18 |

**FACTORS & CONDITIONS**

| Unit Num. | 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 3 | | | | | 1 | 1 | 97 | 3 | 1 | 1 | 17 |
| 4 | | | | | | | | | | | |

**NARRATIVE AND DIAGRAM**

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets if Necessary)

Indicate North

Field Diagram – Not to Scale

SEE ATTACHED PAGE FOR NARRATIVE

SEE ATTACHED PAGE FOR DIAGRAM

**INVESTIGATOR**

Time Notified (24HR/AM) 16:10   How Notified RADIO DISPATCHED   Time Arrived (24HR/AM) 16:25   Report Date (MM/DD/YYYY) 10/10/2013

Invest. Comp. [ ] Yes [X] No   Investigator Name (Printed) K EDWARDS   ID Num. 858

ORI Num. TX0570000   *Agency DALLAS SO   District/Area TS15

14

# Report Diagram

Page: 3 of 4



# Report Narrative

ALL UNITS WERE TRAVELING EAST BOUND IH-20. UNIT 1 WAS IN THE LEFT LANE, UNIT 2 WAS
STALLED IN THE RIGHT CENTER LANE (PER WITNESS), AND UNIT 3 WAS TOWING UNIT 4 IN THE RIGHT
CENTER LANE. UNIT 3 STRUCK UNIT 2 FROM BEHIND, CAUSING UNIT 2 TO CROSS INTO THE LEFT
LANE, STRIKING UNIT 1. DRIVER OF UNIT 3 LEFT THE SCENE ON FOOT (PER WITNESS AND DRIVER OF
UNIT 1). A FSRA CHARGE WILL BE FILED ON THE DRIVER OF UNIT 3 FOR LEAVING THE SCENE WITH
OUT GIVING ANY INFORMATION OR RENDERING AIDE. THE DRIVER OF UNIT 2 COULD NOT REMEMBER
WHAT HAPPENED DUE TO HEAD TRAUMA.


JOHNSON, CHRISTOPHER ALAN
1327 WILLOWBROOK CT.
ARLINGTON, TX. 76011
PH#682-465-1358
TXDL# 10375854

# PAYMENT LOG

## Financials (Total Incurred: $6,921.71): Checks

| Check Number | Pay To | Net Amount | Issue Date | Scheduled Send Date | Status | Bulk Invoice |
|---|---|---|---|---|---|---|
| 2496395 | MICHELLE SNELLING | $9,351.21 | 11/18/2013 | 11/14/2013 | Cleared | <none> |

18

# ACTUAL CASH VALUE OF TOTAL LOSS VEHICLE



**MARKET VALUATION** REPORT

## CLAIM INFORMATION

| | | | |
|---|---|---|---|
| Owner: | Michelle Snelling | Report Reference Number: | 50704721 |
| | 524 Magnollia Ln | Claim Reference: | 011282496-I-0496 |
| | Red Oak , TX 75154 | Adjuster: | Williams, Shari |
| Insured: | Snelling | Adjuster ID: | 643968 |
| Loss Vehicle: | 2007 Honda Civic LX 4 Door | Claim Submitted Date: | 10/17/2013 |
| | Sedan | Date/Time Last Updated: | 10/30/2013 10:03 AM |
| VIN: | 1HGFA16537L126170 | Policy Number: | TPA066517546 |
| Odometer: | 90,131 | Appraiser: | Price, Aaron |
| Location: | Red Oak, TX 75154 | | |
| Loss Incident Date: | 10/10/2013 | | |

## VALUATION SUMMARY

| | |
|---|---|
| Base Vehicle Value | $ 9,077.00 |
| Condition Adjustment | - 111.00 |
| Adjusted Vehicle Value | $ 8,966.00 |
| Vehicular Sales Tax          6.25% | $ 560.38 |
| Sales Tax reflects all applicable state, county, and municipal taxes. | |
| License/Fees (if applicable) | $ _____ |
| DMV Fee | + 33.00 |
| 8 Months Unused Registration Fee | + 41.83 |
| Value before Deductible | $ 9,601.21 |
| Deductible | - 250.00 |
| **Total** | **$ 9,351.21** |

This CCC ONE® Market Valuation Report was prepared for AUTO CLUB ENTERPRISES by CCC Information Services Inc. The CCC ONE® Market Valuation Report reflects CCC's opinion as to the value of the loss vehicle. CCC has been preparing market value reports for the insurance industry since 1981.

The Base Vehicle Value is derived from comparable vehicle(s) available or recently sold in the marketplace at the time of valuation, with adjustments made to reflect the loss vehicle configuration.

16 comparable vehicle(s) were utilized in this report.

The loss vehicle has been valued in the Southwest region where it was garaged as a newer passenger car with 12% less than average mileage of 101,900.

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.



CCC ONE®

**MARKET VALUATION REPORT**

Owner: Michelle Snelling

Claim Reference: 011282496-I-0496

## VEHICLE ALLOWANCES

Allowances are factors influencing the value of the loss vehicle when compared to a typical vehicle. The typical vehicle is a vehicle of the same year, make, and model as the loss vehicle, including average mileage, and all standard and predominant equipment. These allowances are displayed for illustrative purposes only.

The Base Vehicle Value is calculated from the comparable vehicles with adjustments to reflect the loss vehicle configuration.

### Vehicle Allowances

| Odometer | | 90,131 | + 732.00 |
|---|---|---|---|
| Options | | | |
| Message Center | Reported* | | + 63.00 |
| Auxiliary Audio Connection | Reported* | | + 56.00 |

Reported* Option(s) added after initial valuation.

## VEHICLE HISTORY SUMMARY

| CCC VINguard® | 1 | Collision Estimates | 10/17/2013 |
|---|---|---|---|
| Experian® AutoCheck® | | No Title Problem Found | |
| National Highway Traffic Safety Administration | | 2 Recalls | |

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.



**CCC ONE®**

**MARKET VALUATION REPORT**

Owner: Michelle Snelling

Claim Reference: 011282496-I-0496

## LOSS VEHICLE COMPONENTS

### 2007 HONDA CIVIC LX 4 DOOR SEDAN — RED OAK, TX 75154
### VIN: 1HGFA16537L126170
Below are the components of the loss vehicle, provided to CCC by AUTO CLUB ENTERPRISES, included in this valuation.

| | | | | |
|---|---|---|---|---|
| **Odometer** | 90,131 | | Cloth Seats | Standard |
| | | | Bucket Seats | Standard |
| | | | Reclining/Lounge Seats | Reported* |
| **Transmission** | | | **Radio** | |
| Automatic Transmission | Standard | | AM Radio | Standard |
| Overdrive | Standard | | FM Radio | Standard |
| **Power** | | | Stereo | Standard |
| Power Steering | Standard | | Search/Seek | Standard |
| Power Brakes | Standard | | CD Player | Standard |
| Power Windows | Standard | | Auxiliary Audio Connection | Reported* |
| Power Locks | Standard | | **Wheels** | |
| Power Mirrors | Standard | | Styled Steel Wheels | Reported* |
| Power Trunk/Gate Release | Reported* | | Wheel Covers | Standard |
| **Decor/Convenience** | | | **Safety/Brakes** | |
| Air Conditioning | Standard | | Drivers Side Air Bag | Standard |
| Tilt Wheel | Standard | | Passenger Air Bag | Standard |
| Cruise Control | Standard | | Anti-Lock Brakes (4) | Standard |
| Rear Defogger | Standard | | Front Side Impact Air Bags | Standard |
| Intermittent Wipers | Standard | | Head/Curtain Air Bags | Standard |
| Console/Storage | Standard | | **Exterior/Paint/Glass** | |
| Keyless Entry | Standard | | Dual Mirrors | Standard |
| Telescopic Wheel | Standard | | Tinted Glass | Standard |
| Message Center | Reported* | | Clearcoat Paint | Reported |
| **Seating** | | | | |

Reported* Option(s) added after initial valuation.

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.



## MARKET VALUATION REPORT

Owner: Michelle Snelling                                          Claim Reference: 011282496-I-0496

## VEHICLE CONDITION

AUTO CLUB ENTERPRISES uses condition inspection guidelines to determine the condition of key components of the loss vehicle. These guidelines are based upon geographic region, age, and vehicle type. The guidelines describe physical characteristics for the major vehicle components. Based on these guidelines, AUTO CLUB ENTERPRISES has determined the condition of the vehicle prior to the loss. Inspection Notes reflect additional observations from the appraiser regarding the loss vehicle's condition. CCC makes dollar adjustments that reflect the impact the reported condition has on the value of loss vehicle. These dollar adjustments are based upon interviews with dealerships across the United States.

| COMPONENT | CONDITION | VALUE IMPACT | |
|---|---|---|---|
| **Interior** | | | |
| Seats | Fair | - $172 | INSPECTION NOTES: REAR SEAT SEVERLY STAINED, FRONTS SOILED |
| Carpets | Private owner | $0 | INSPECTION NOTES: LOTS OF SOILING AND WEAR |
| Dashboard | Private owner | $0 | INSPECTION NOTES: NORMAL WEAR |
| Headliner | Dealer | $61 | INSPECTION NOTES: GOOD CONDITION |
| **Exterior** | | | |
| Body | Private owner | $0 | INSPECTION NOTES: DOOR DING, AVERAGE WEAR |
| Glass | Private owner | $0 | INSPECTION NOTES: PITS, NORMAL WEAT |
| Paint | Private owner | $0 | INSPECTION NOTES: SCRACTCHES FROM BEING A FAMILY VEHICLE |
| **Mechanical** | | | |
| Engine | Private owner | $0 | INSPECTION NOTES: |

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.

 **MARKET VALUATION REPORT**

**Owner: Michelle Snelling**                                         **Claim Reference: 011282496-I-0496**

## VEHICLE CONDITION (CONTINUED)

|  |  |  | DIRTY, SOME SEEPAGE. FLUIDS AVERAGE |
| --- | --- | --- | --- |
| Transmission | Private owner | $0 | **INSPECTION NOTES:** |
|  |  |  | DIRTY, SOME SEEPAGE. FLUIDS AVERAGE |
| **Tires** |  |  |  |
| Front Tires | Private owner | $0 | **INSPECTION NOTES:** |
|  |  |  | 50% |
| Rear Tires | Private owner | $0 | **INSPECTION NOTES:** |
|  |  |  | 50% |
|  | **Total Adjustments:** | - $111 |  |

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.


## CCC ONE®

**MARKET VALUATION REPORT**

Owner: Michelle Snelling                    Claim Reference: 011282496-I-0496

## VINGUARD® VEHICLE IDENTIFICATION

### 2007  HONDA  CIVIC LX  4 DOOR SEDAN — RED OAK,  TX  75154
### VIN: 1HGFA16537L126170

Vehicles sold in the United States are required to have a manufacturer assigned Vehicle Identification Number (VIN). This number provides certain specifications of the vehicle. Decoding the VIN, using VINguard®, identifies the vehicle for which vehicle value will be determined.

| Insurer Description | | VINguard® Analysis |
|---|---|---|
| Year | 2007 | 2007 |
| Make | Honda | Honda |
| Model/Trim | Civic LX | Civic LX |
| Model Number | FA165 | FA165 |
| Body Style | 4 Door Sedan | 4 Door Sedan |
| Engine | 4-1.8L-FI | 4-1.8l-Fi |
| Transmission | Automatic Transmission Overdrive | AT |
| Restraints | Air Bags (Driver+Pass.) | Air Bags(Dr.+Pass.+Side) |
| Curb Weight | | 2,628 |

This vehicle was assembled in EAST LIBERTY, OH

## VINGUARD® VEHICLE HISTORY INFORMATION

Using the VIN for this vehicle, VINguard® detected discrepancies or prior history requiring additional research. Please review the information detailed below.

**VINguard® Messages: VINguard has decoded this VIN without any errors.**
**Collision History Information:**
**COLLISION INCIDENT REPORTED BY AUTO CLUB ENTERPRISES ON 10/17/2013.**
Claim #: 011282496-I-0496 IN RED OAK, TX
Repair Estimate:  $0 Miles:  90131
Damage           TOTAL LOSS.
Location:

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.



## CCC ONE®

### MARKET VALUATION REPORT

Owner: **Michelle Snelling**
Claim Reference: **011282496-I-0496**

### EXPERIAN® AUTOCHECK® VEHICLE HISTORY REPORT

CCC provides AUTO CLUB ENTERPRISES information reported by Experian® regarding the loss vehicle. This data is provided for informational purposes. Unless otherwise noted in this Market Valuation Report, CCC does not adjust the value of the loss vehicle based upon this information.

**REPORT RUN DATE: 10/30/2013   KEY:** ⬚ = No Event Found   ☁ = Event Found   ❶ = Information Needed

### ⬚ TITLE CHECK

**THIS VEHICLE CHECKS OUT.** AutoCheck's result for this **2007 Honda Civic LX (1HGFA16537L126170)** show no significant title events. When found, events often indicate automotive damage or warnings associated with the vehicle.

| EVENTS CHECKED | RESULTS FOUND |
|---|---|
| Abandoned | No Abandoned Record Found |
| Damaged | No Damaged Record Found |
| Fire Damage | No Fire Damage Record Found |
| Grey Market | No Grey Market Record Found |
| Hail Damage | No Hail Damage Record Found |
| Insurance Loss | No Insurance Loss Record Found |
| Junk | No Junk Record Found |
| Rebuilt | No Rebuilt Record Found |
| Salvage | No Salvage Record Found |

### ⬚ EVENT CHECK

**THIS VEHICLE CHECKS OUT.** AutoCheck's result for this **2007 Honda Civic LX (1HGFA16537L126170)** show no historical events that indicate a significant automotive problem. These problems can indicate past previous car damage, theft, or other significant problems.

| EVENTS CHECKED | RESULTS FOUND |
|---|---|
| NHTSA Crash Test Vehicle | No NHTSA Crash Test Vehicle Record Found |
| Frame Damage | No Frame Damage Record Found |
| Major Damage Incident | No Major Damage Incident Record Found |
| Manufacturer Buyback/ Lemon | No Manufacturer Buyback/Lemon Record Found |
| Odometer Problem | No Odometer Problem Record Found |
| Recycled | No Recycled Record Found |
| Salvage Auction | No Salvage Auction Record Found |
| Water Damage | No Water Damage Record Found |

### ❶ VEHICLE INFORMATION

**INFORMATION FOUND.** AutoCheck found additional information on this vehicle. These records will provide more history for this **2007 Honda Civic LX (1HGFA16537L126170).**

| EVENTS CHECKED | RESULTS FOUND |
|---|---|
| Accident | Accident Record(s) Found |
| Corrected Title | No Corrected Title Record Found |
| Driver Education | No Driver Education Record Found |
| Duplicate Title | No Duplicate Title Record Found |
| Emissions Safety Inspection | Emissions Safety Inspection Record(s) Found |
| Fire Damage Incident | No Fire Damage Incident Record Found |
| Lease | No Lease Record Found |
| Lien | Lien Record(s) Found |
| Livery Use | No Livery Use Record Found |
| Government Use | No Government Use Record Found |
| Police Use | No Police Use Record Found |
| Fleet | No Fleet Record Found |
| Rental | No Rental Record Found |
| Fleet and/or Lease | No Fleet and/or Lease Record Found |
| Fleet and/or Rental | No Fleet and/or Rental Record Found |
| Repossessed | No Repossessed Record Found |
| Taxi use | No Taxi use Record Found |
| Theft | No Theft Record Found |

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.

Page 7 of 16


**CCC ONE®**

**MARKET VALUATION REPORT**

**Owner: Michelle Snelling**                                                      **Claim Reference: 011282496-I-0496**

## EXPERIAN® AUTOCHECK® VEHICLE HISTORY REPORT (CONTINUED)

### ⊠ ODOMETER CHECK

THIS VEHICLE CHECKS OUT. For this **2007 Honda Civic LX (1HGFA16537L126170)** no indication of odometer rollback or tampering was found. AutoCheck determines odometer rollbacks by searching for records that indicate odometer readings less than a previously reported value. Other odometer events can report events of tampering, or possible odometer breakage.

| DATE REPORTED | ODOMETER READING |
|---|---|
| 2007-08-13 | 10 |
| 2009-08-13 | 44666 |
| 2010-08-13 | 64147 |
| 2011-09-13 | 79256 |
| 2012-11-14 | 90131 |

### FULL HISTORY
**REPORT RUN DATE: 10/30/2013** Below are the historical events for this vehicle listed in chronological order.

| Event Date | Event Location | Odometer Reading | Data Source | Event Detail |
|---|---|---|---|---|
| 2007-07-30 | ARLINGTON, TX | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 2007-08-13 | ARLINGTON, TX | 10 | Motor Vehicle Dept. | TITLE (Lien Reported) |
| 2008-07-01 | ARLINGTON, TX | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 2009-07-01 | ARLINGTON, TX | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 2009-08-13 | RED OAK, TX | 44666 | Independent Emission Source | PASSED EMISSION INSPECTION |
| 2009-08-13 | RED OAK, TX | | Independent Emission Source | PASSED SAFETY INSPECTION |
| 2010-08-09 | RED OAK, TX | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 2010-08-13 | RED OAK, TX | 64147 | Independent Emission Source | PASSED EMISSION INSPECTION |
| 2010-08-13 | RED OAK, TX | | Independent Emission Source | PASSED SAFETY INSPECTION |
| 2011-09-13 | RED OAK, TX | 79256 | Independent Emission Source | PASSED EMISSION INSPECTION |
| 2011-09-13 | RED OAK, TX | | Independent Emission Source | PASSED SAFETY INSPECTION |
| 2012-07-18 | RED OAK, TX | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 2012-11-14 | RED OAK, TX | 90131 | Independent Emission Source | PASSED EMISSION INSPECTION |
| 2012-11-14 | RED OAK, TX | | Independent Emission Source | PASSED SAFETY INSPECTION |
| 2013-10-10 | TX | | Police Report | RIGHT FRONT IMPACT COLLISION |
| 2013-10-10 | DALLAS, TX | | Police Report | ACCIDENT REPORTED |
| 2013-10-10 | TX | | Police Report | VEHICLE WAS TOWED |

**AUTOCHECK TERMS AND CONDITIONS:** Experian's Reports are compiled from multiple sources. It is not always possible for Experian to obtain complete discrepancy information on all vehicles; therefore, there may be other title brands, odometer readings or discrepancies that apply to a vehicle that are not reflected on that vehicle's Report. Experian searches data from additional sources where possible, but all discrepancies may not be reflected on the Report.

These Reports are based on information supplied to Experian by external sources believed to be reliable, BUT NO RESPONSIBILITY IS ASSUMED BY EXPERIAN OR ITS AGENTS FOR ERRORS, INACCURACIES OR OMISSIONS. THE REPORTS ARE PROVIDED STRICTLY ON AN "AS IS WHERE IS" BASIS, AND EXPERIAN FURTHER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE REGARDING THIS REPORT.

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.                    Page 8 of 16



**CCC ONE®**

MARKET VALUATION REPORT

Owner: Michelle Snelling                                      Claim Reference: 011282496-I-0496

## EXPERIAN® AUTOCHECK® VEHICLE HISTORY REPORT (CONTINUED)

YOU AGREE TO INDEMNIFY EXPERIAN FOR ANY CLAIMS OR LOSSES, INCLUDING COSTS, EXPENSES AND ATTORNEYS FEES, INCURRED BY EXPERIAN ARISING DIRECTLY OR INDIRECTLY FROM YOUR IMPROPER OR UNAUTHORIZED USE OF AUTOCHECK VEHICLE HISTORY REPORTS.

Experian shall not be liable for any delay or failure to provide an accurate report if and to the extent which such delay or failure is caused by events beyond the reasonable control of Experian, including, without limitation, "acts of God", terrorism, or public enemies, labor disputes, equipment malfunctions, material or component shortages, supplier failures, embargoes, rationing, acts of local, state or national governments, or public agencies, utility or communication failures or delays, fire, earthquakes, flood, epidemics, riots and strikes.

These terms and the relationship between you and Experian shall be governed by the laws of the State of Illinois (USA) without regard to its conflict of law provisions. You and Experian agree to submit to the personal and exclusive jurisdiction of the courts located within the county of Cook, Illinois.

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.

**CCC ONE**®

**MARKET VALUATION REPORT**

Owner: Michelle Snelling                                    Claim Reference: 011282496-I-0496

## NHTSA VEHICLE RECALL

The National Highway Traffic Safety Administration has issued 2 safety related recall notices that may apply to the above valued vehicle.

**NHTSA ID: 07V512000           ISSUED:                    NO. OF VEHICLES: 6,545**
Fuel system, other:Storage:Tank assembly on certain compressed natural gas (cng) Vehicles, in the event of a severe interior Fire in the area of the rear seat, the cng tank may be heated unevenly, preventing the pressure relief device from venting the contents of the tank as designed. This could result in a tank rupture, explosion, and ejection of the tank from the Vehicle. Dealers will install a heat insulator material to the rear seat back. An Interim owner letter was mailed to owners on November 26, 2007. When parts are available, owners will be renotified asking them to bring in their Vehicle for repair. Owners may contact Honda at 1-800-999-1009.

**NHTSA ID: 07V399000           ISSUED: 09/25/2007          NO. OF VEHICLES: 182,756**
Wheels on certain Vehicles, the wheel speed sensor housing uses an O-ring seal to prevent leakage to or from the wheel bearing. If assembled improperly, the O-ring may not seal properly allowing water to enter the wheel bearing and eventually cause damage to the bearing, especially in areas where use of road salt is prevalent. If the Driver continues to drive with this condition it is possible for the wheel bearing to become loose, which could cause the bearing to fail. This could cause a wheel to fall off of the Vehicle, possibly resulting in a crash. Dealers will inspect the rear ABS sensors and wheel bearings for damaged parts and replace them free of charge. The recall began on September 25, 2007. Owners may contact Honda at 1-800-999-1009.

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.

 **CCC ONE**®

**MARKET VALUATION REPORT**

Owner: Michelle Snelling                                                                 Claim Reference: 011282496-I-0496

## COMPARABLE VEHICLES

LOSS VEHICLE - 2007  HONDA  CIVIC LX  4 DOOR SEDAN — RED OAK,  TX  75154
VIN: 1HGFA16537L126170

| Options | LOSS VEHICLE 2007 HONDA CIVIC LX 4 DOOR SEDAN 4-1.8L-FI | DEALER VEHICLE COMPARABLE 1 2007 HONDA CIVIC LX 4 DOOR SEDAN 4-1.8L | DEALER VEHICLE COMPARABLE 2 2007 HONDA CIVIC LX 4 DOOR SEDAN 4-1.8L | DEALER VEHICLE COMPARABLE 3 2007 HONDA CIVIC LX 4 DOOR SEDAN 4-1.8L |
|---|---|---|---|---|
| Automatic Transmission | ✔ | ✔ | ✔ | ✗ |
| 5 Speed Transmission | ✗ | ✗ | ✗ | ✔ |
| Overdrive | ✔ | ✔ | ✔ | ✔ |
| Power Steering | ✔ | ✔ | ✔ | ✔ |
| Power Brakes | ✔ | ✔ | ✔ | ✔ |
| Power Windows | ✔ | ✔ | ✔ | ✔ |
| Power Locks | ✔ | ✔ | ✔ | ✔ |
| Power Mirrors | ✔ | ✔ | ✔ | ✔ |
| Power Trunk/Gate Release | ✔ | ✗ | ✗ | ✗ |
| Air Conditioning | ✔ | ✔ | ✔ | ✔ |
| Tilt Wheel | ✔ | ✔ | ✔ | ✔ |
| Cruise Control | ✔ | ✔ | ✔ | ✔ |
| Rear Defogger | ✔ | ✔ | ✔ | ✔ |
| Intermittent Wipers | ✔ | ✔ | ✔ | ✔ |
| Console/Storage | ✔ | ✔ | ✔ | ✔ |
| Keyless Entry | ✔ | ✔ | ✔ | ✔ |
| Telescopic Wheel | ✔ | ✔ | ✔ | ✔ |
| Message Center | ✔ | ✗ | ✗ | ✗ |
| Cloth Seats | ✔ | ✔ | ✔ | ✔ |
| Bucket Seats | ✔ | ✔ | ✔ | ✔ |
| Reclining/Lounge Seats | ✔ | ✗ | ✗ | ✗ |
| AM Radio | ✔ | ✔ | ✔ | ✔ |
| FM Radio | ✔ | ✔ | ✔ | ✔ |
| Stereo | ✔ | ✔ | ✔ | ✔ |
| Search/Seek | ✔ | ✔ | ✔ | ✔ |
| CD Player | ✔ | ✔ | ✔ | ✔ |
| Auxiliary Audio Connection | ✔ | ✗ | ✗ | ✗ |
| Styled Steel Wheels | ✔ | ✗ | ✗ | ✗ |
| Wheel Covers | ✔ | ✔ | ✔ | ✔ |
| Drivers Side Air Bag | ✔ | ✔ | ✔ | ✔ |
| Passenger Air Bag | ✔ | ✔ | ✔ | ✔ |
| Anti-Lock Brakes (4) | ✔ | ✔ | ✔ | ✔ |
| Front Side Impact Air Bags | ✔ | ✔ | ✔ | ✔ |
| Head/Curtain Air Bags | ✔ | ✔ | ✔ | ✔ |
| Dual Mirrors | ✔ | ✔ | ✔ | ✔ |

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.



## CCC ONE®  MARKET VALUATION REPORT

Owner: Michelle Snelling                                   Claim Reference: 011282496-I-0496

### COMPARABLE VEHICLES (CONTINUED)

| | | | | |
|---|---|---|---|---|
| Tinted Glass | ✔ | ✔ | ✔ | ✔ |
| Clearcoat Paint | ✔ | ✗ | ✗ | ✗ |
| Miles | 90,131 | 73,597 | 96,000 | 66,009 |
| List Price | | $8,995 | $9,995 | $10,991 |
| Adjustments | | | | |
| Model/Trim/Year | | | | +525 |
| Options | | +119 | +119 | +119 |
| Mileage | | -919 | +356 | -1,301 |
| Comparable Vehicle condition adjustment | | -943 | -943 | -943 |
| Adjusted Value | | $7,252 | $9,527 | $9,391 |
| Dealership | | Texacar | a&N Import Auto | Ray Huffines Chevrolet Pl |
| Telephone | | 972-272-5666 | 972-408-5088 | 972-867-4000 |
| Stock ID | | Stock: 097565 | | Stock: K3062A |
| VIN | | 1HGFA16507L097565 | 1HGFA16517L017268 | 1HGFA15527L080140 |
| Type/Date | | Pub Date 9/22/2013 | Pub Date 8/22/2013 | Pub Date 10/10/2013 |
| Distance from Red Oak, TX | | 28 Miles - Garland, TX | 25 Miles - Dallas, TX | 34 Miles - Plano, TX |

> Comparable vehicles used in the determination of the Base Vehicle Value are not intended to be replacement vehicles but are reflective of the market value.

> List Price is the sticker price of an inspected dealer vehicle and the advertised price for the advertised vehicle.Take Price is the amount that the dealership has stated it will accept to sell the inspected dealer vehicle. For advertised vehicles, the Advertised Price is the same as List Price.

> Take Price or List Price displayed above (as applicable) may differ from the advertised price where CCC obtains different price information from the seller.

> The Comparable Vehicle Condition Adjustment sets that vehicle to a common condition baseline. To see how the condition of loss vehicle impacts the valuation, see the Vehicle Condition section of this report.

> Comparable vehicles used in the determination of the Base Vehicle Value are not intended to be replacement vehicles but rather are included because they are reflective of the market value.

> The Adjusted Value represents the price of the comparable vehicle with the adjustments displayed above. Dollar adjustments are based upon market research.

> Distances displayed indicate approximate miles between loss and comparable vehicle locations. Distances are based upon a straight line between these locations.

> Some comparable vehicles that were recently available may no longer be available.

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.



**CCC ONE®**                                      *MARKET VALUATION REPORT*

**Owner: Michelle Snelling**                          Claim Reference: 011282496-I-0496

## ADDITIONAL COMPARABLE VEHICLES

The following comparable vehicles support the Base Vehicle Value of the loss vehicle.

**Local Advertisement**

| Source | Vehicle | List Price | Adjusted Value |
|---|---|---|---|
| Vdubs Only<br>Ad Date: 08/31/2013<br>(972) 661-8640<br>Dallas TX<br>28 Miles From Red Oak | 2007 Honda Civic LX<br>Odometer: 96,157<br>VIN: 1HGFA155X7L080144 | $ 7,990 | $ 8,057 |
| Jini Motors<br>Ad Date: 08/09/2013<br>(972) 422-9486<br>Plano TX<br>35 Miles From Red Oak | 2007 Honda Civic LX<br>Odometer: 92,183<br>VIN: 1HGFA16557L112822 | $ 8,390 | $ 7,689 |
| Fyiauto.Com<br>Ad Date: 08/13/2013<br>(214) 431-6897<br>Dallas TX<br>20 Miles From Red Oak | 2007 Honda Civic LX<br>Odometer: 102,217 | $ 7,995 | $ 9,392 |
| Fyiauto.Com<br>Ad Date: 08/05/2013<br>(972) 437-4848<br>Dallas TX<br>29 Miles From Red Oak | 2007 Honda Civic LX<br>Odometer: 76,695 | $ 8,495 | $ 8,383 |
| Freeman Mazda Hyundai<br>Ad Date: 09/12/2013<br>(972) 438-2121<br>Irving TX<br>24 Miles From Red Oak | 2008 Honda Civic LX<br>Odometer: 55,443<br>VIN: 1HGFA15598L064227 | $ 10,450 | $ 8,165 |
| Auto Local Store Texas<br>Ad Date: 09/09/2013<br>(972) 612-3100<br>Plano TX<br>35 Miles From Red Oak | 2008 Honda Civic LX<br>Odometer: 63,079 | $ 12,997 | $ 10,689 |
| Autonation Nissan Irving<br>Ad Date: 09/10/2013<br>(888) 213-2365<br>Irving TX<br>24 Miles From Red Oak | 2007 Honda Civic LX<br>Odometer: 129,444<br>VIN: 1HGFA15597L142262 | $ 6,995 | $ 8,732 |
| John Eagle Honda<br>Ad Date: 07/23/2013<br>(800) 539-1844<br>Dallas TX<br>22 Miles From Red Oak | 2007 Honda Civic LX<br>Odometer: 74,555<br>VIN: 1HGFA15517L123169 | $ 11,291 | $ 10,123 |

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.

 **CCC ONE®**

**MARKET VALUATION REPORT**

**Owner: Michelle Snelling**                                  Claim Reference: 011282496-I-0496

| | | | |
|---|---|---|---|
| Southwest Kia Rockwall<br>Ad Date: 07/19/2013<br>(972) 771-5260<br>Richardson TX<br>33 Miles From Red Oak | 2007 Honda Civic LX<br>Odometer: 126,678<br>VIN: 1HGFA16517L062615 | $ 8,500 | $ 9,618 |
| Lute Riley Honda<br>Ad Date: 07/30/2013<br>(800) 601-2699<br>Richardson TX<br>31 Miles From Red Oak | 2007 Honda Civic LX<br>Odometer: 40,574<br>VIN: 1HGFA16587L050364 | $ 11,991 | $ 8,741 |
| Red River Auto Group<br>Ad Date: 08/23/2013<br>(903) 815-5831<br>Denison TX<br>86 Miles From Red Oak | 2007 Honda Civic LX<br>Odometer: 60,100<br>VIN: 1HGFA16517L052716 | $ 12,622 | $ 10,215 |
| Trophy Nissan<br>Ad Date: 08/13/2013<br>(972) 682-3969<br>Mesquite TX<br>23 Miles From Red Oak | 2007 Honda Civic LX<br>Odometer: 165,511<br>VIN: 1HGFA16517L076725 | $ 6,777 | $ 8,764 |
| Holiday Chevrolet<br>Ad Date: 07/24/2013<br>(903) 819-9152<br>Whitesboro TX<br>80 Miles From Red Oak | 2007 Honda Civic LX<br>Odometer: 138,983<br>VIN: 1HGFA16537L048697 | $ 8,998 | $ 10,488 |

## VALUATION METHODOLOGY

AUTO CLUB ENTERPRISES has provided CCC the VIN (Vehicle Identification Number) of the loss vehicle and the vehicle owner's zip code, which determine the market(s) that CCC used in the valuation. Using this information, CCC searches its databases to find comparable vehicles in these markets. CCC's database includes vehicles for sale at dealerships that CCC has physically inspected, as well as dealer and private party advertised vehicle information from numerous resources including AutoTrader.com®. AUTO CLUB ENTERPRISES has also provided CCC with the configuration of the loss vehicle, including equipment, odometer, condition, maintenance, etc. Vehicles located are compared to the loss vehicle, and adjustments are made for differences such as model/trim, equipment, and odometer. The comparable vehicles are also adjusted for condition to a common condition baseline. Using the adjusted values of the comparable vehicles, CCC calculates the Base Vehicle Value.

The Adjusted Vehicle Value is determined by adjusting the Base Vehicle Value to account for the actual condition of the loss vehicle and its other reported attributes, if any, such as refurbishments, after factory equipment, and unrelated prior damage.

Please review the information in this Valuation Detail to confirm the reported mileage, condition and to verify there are no missed options, added equipment or refurbishments, or other aspects of the loss vehicle that may impact the value.

## VALUATION NOTES

The following information was provided after the valuation was completed:

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.
                                          Page 14 of 16



**Owner: Michelle Snelling**                                         **Claim Reference: 011282496-I-0496**

10/30 10:03 Pre tax/Post tax data modified after valuation.

Post valuation adjustment entered for:

- Option(s) added: Power Trunk/gate Release, Message Center, Reclining/lounge Seats, Auxiliary Audio Connection, Styled Steel Wheels

Administrative data modified after valuation

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.



**MARKET VALUATION REPORT**

Owner: Michelle Snelling                                     Claim Reference: 011282496-I-0496

## MARKET DEFINITION

The loss vehicle has been identified to CCC as a 2007 Honda Civic LX 4 Door Sedan garaged in the ZIP code 75154 - Red Oak, TX. Details of the specific markets searched based upon that information follow.



**THE STATE OF TEXAS** is subdivided by CCC into 16 markets. The following 5 markets were used in the preparation of this vehicle Market Valuation Report.

**DALLAS TX -** In this market, CCC maintains a database of 8,205 inspected dealer vehicles located at 32 dealerships, and 94,837 dealer advertised, and 7,862 privately advertised vehicles taken from 35 local papers or magazines.



**FT. WORTH TX -** In this market, CCC maintains a database of 4,105 inspected dealer vehicles located at 16 dealerships, and 44,114 dealer advertised, and 3,868 privately advertised vehicles taken from 15 local papers or magazines.

**WACO TX -** In this market, CCC maintains a database of 2,030 inspected dealer vehicles located at 10 dealerships, and 11,022 dealer advertised, and 866 privately advertised vehicles taken from 14 local papers or magazines.



Other markets searched - Longview/Tyler and Texarkana. In these markets, CCC maintains a database of 4,620 inspected dealer vehicles located at 22 dealerships and 13,083 vehicles taken from 19 local newspapers or magazines.



From these 5 markets, comparable vehicles were selected based on the year, make, model/trim and body style of the loss vehicle.

(C) Copyright 2013 CCC Information Services Inc. All Rights Reserved.

# SALVAGE RECEIPT

```
COPART AUTO AUCTIONS                          Date  1/08/14
505 IDLEWILD ROAD
GRAND PRAIRIE, TX 75051          Visit us at www.copart.com
PHONE (972) 263-2711            All Amounts are in USD
TAX ID# 752606479
```

FINAL INVOICE

```
Copart Lot# 29187843  12 TX - DALLAS
    Loss Date 10/10/13
    Called In 10/24/13
    P/U Cleared 10/29/13                   AA29  PIP199A
    Pickup Date 10/30/13                   AUTO CLUB EXCHANGE
Original Title 11/20/13                    AAA TEXAS LLC
    Trans Title 11/22/13                   PO BOX 25001
Sale Document 12/10/13                     SANTA ANA, CA 92799
    Loss Type COLLISION
    Description 07 HOND  CIVIC LX    BLUE
    Vehicle ID# 1HGFA16537L126170             Claim# 011282496
    License#/ST                            Policy#
       Mileage    99,186                   Loss Code
    Pickup From CALIBER COLLISION          Reference#
             1143 S CEDAR RIDGE            Insured MICHELLE SNELLING
             DUNCANVILLE, TX 75137           Owner MICHELLE SNELLING
             (972) 298-9942

ADVANCE CHARGES PAID BY COPART
                                          ------------
        TOTAL ADVANCE CHARGES . . . . . . . . .       .00

COPART SERVICE CHARGES
        TITLE PROCESSING. . . . . . . . . . .       8.00    SALVAGE CERT OF TTL W/441
        PIP PROGRAM CHARGE. . . . . . . . . .      62.50
                                          ------------
        TOTAL COPART SERVICE CHARGES. . . . .      70.50

TOTAL DUE COPART . . . . . . . . . . . . .      70.50
PROCEEDS FROM SALE . . . . . . . . . . . .    2500.00CR  *Bid Raised By Internet*
PREVIOUS PAYMENTS FROM COPART. . . . . . . .    2429.50
                                          ------------
NET DUE COPART . . . . . . . . . . . . . .       .00

COPART PAYMENTS DETAIL
    COPART CHECK# 00997102      12/23/13          2,429.50
```

SALE INFORMATION

```
        Lot#    29187843      Sold To 256396 RUBEN DARIO JUAREZ GARCIA
   Sale Date   12/18/13              720 MARIANO JIMENEZ
 Sale Amount    2500.00             JUARESZ, CH
        ACV    8966.00             (656) 682-2831
 Repair Est    9188.00
     Return     27.8%          Item#  3011     Invoice Date    12/23/13
  Cert# 29727041612092556                      Invoice Amount        .00   USD
Payment From Buyer 12/19/13    REMIT TO: COPART
                                         4610 WEST AMERICA DRIVE
                                         FAIRFIELD, CA 94534
```

# **MISCELLANEOUS**

# CALIBER - DUNCANVILLE

RESTORING THE RHYTHM OF YOUR LIFE
1143 S CEDAR RIDGE DR, DUNCANVILLE, TX
75137
Phone: (972) 298-9942
FAX: (972) 296-7721

| | |
|---|---|
| Workfile ID: | d901518a |
| Federal ID: | 75-2727808 |
| State EPA: | CESQG |

## Estimate of Record

## RO Number: 518001161

Written By: Ryan McLaughlin, 10/17/2013 11:31:23 AM
Adjuster: Behmanesh, Jillian

| | | | | | |
|---|---|---|---|---|---|
| Insured: | SNELLING, MICHELLE | Policy #: | TPA066517546 | Claim #: | 011282496-I-0496 |
| Type of Loss: | Collision | Date of Loss: | 10/10/2013 4:00:00 AM | Days to Repair: | 99 |
| Point of Impact: | 15 Total Loss | | | | |

| Owner: | Inspection Location: | Insurance Company: |
|---|---|---|
| SNELLING, MICHELLE | Repair Shop | AUTO CLUB ENTERPRISES |
| 524 MAGNOLLIA LN | 1143 S CEDAR RIDGE DR | AAA TEXAS IRP |
| RED OAK, TX 75154 | DUNCANVILLE, TX 75137-3070 | 13845 Breck St. |
| (817) 994-6421 Evening | Other | Houston, TX 77066 |
| (817) 994-6421 Cell | (972) 298-9942 Day | |

## VEHICLE

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Year: | 2007 | Body Style: | 4D SED | VIN: | 1HGFA16537L126170 | Mileage In: | 90131 |
| Make: | HOND | Engine: | 4-1.8L-FI | License: | 242YKD | Mileage Out: | |
| Model: | CIVIC LX | Production Date: | 6/2007 | State: | TX | Vehicle Out: | |
| Color: | BLUE-B537M  Int: GRAY | Condition: | | Job #: | | | |

| TRANSMISSION | Dual Mirrors | Telescopic Wheel | Anti-Lock Brakes (4) |
|---|---|---|---|
| Automatic Transmission | Tinted Glass | **RADIO** | Front Side Impact Air Bags |
| Overdrive | Console/Storage | AM Radio | Head/Curtain Air Bags |
| **POWER** | **CONVENIENCE** | FM Radio | **SEATS** |
| Power Steering | Air Conditioning | Stereo | Cloth Seats |
| Power Brakes | Intermittent Wipers | Search/Seek | Bucket Seats |
| Power Windows | Tilt Wheel | CD Player | **WHEELS** |
| Power Locks | Cruise Control | **SAFETY** | Wheel Covers |
| Power Mirrors | Rear Defogger | Drivers Side Air Bag | **PAINT** |
| **DECOR** | Keyless Entry | Passenger Air Bag | Clear Coat Paint |

## Estimate of Record

**RO Number: 518001161**

Vehicle: 2007 HOND CIVIC LX 4D SED 4-1.8L-FI BLUE-B537M

| Line | Oper | | Description | Part Number | Qty | Extended Price $ | Labor | Paint |
|------|------|---|-------------|-------------|-----|------------------|-------|-------|
| 1 | **FRONT BUMPER** | | | | | | | |
| 2 | | | O/H front bumper | | 0 | 0.00 | 1.8 | 0.0 |
| 3 | * | Repl | LKQ bumper assy +25% | 04711SNEA90ZZ | 1 | 506.25 | Incl. | 2.8 |
| 4 | | | Add for Clear Coat | | 0 | 0.00 | 0.0 | 1.1 |
| 5 | ** | Repl | A/M CAPA LT Stiffener sedan | 71190SNAA00 | 1 | 31.00 | Incl. | 0.0 |
| 6 | **GRILLE** | | | | | | | |
| 7 | * | Repl | LKQ Grille +25% | 71122SNAA00 | 1 | 93.75 | Incl. | 0.0 |
| 8 | **FRONT LAMPS** | | | | | | | |
| 9 | * | Repl | LKQ LT Headlamp assy +25% | 33151SNAA02 | 1 | 193.75 | 0.5 | 0.0 |
| 10 | * | Repl | LKQ RT Headlamp assy +25% | 33101SNAA02 | 1 | 156.25 | 0.5 | 0.0 |
| 11 | ** | Repl | A/M CAPA RT Fog lamp | 08V31SS5D1M101 | 1 | 116.00 | 0.4 | 0.0 |
| 12 | | | Aim fog lamps | | 0 | 0.00 | 0.3 | 0.0 |
| 13 | ** | Repl | RECOND LT Fog lamp | 08V31SS5D1M102 | 1 | 101.75 | 0.4 | 0.0 |
| 14 | | Repl | RT Lamp bezel | 08V31SNA1M050 | 1 | 38.12 | Incl. | 0.0 |
| 15 | | Repl | LT Lamp bezel | 08V31SNA1M051 | 1 | 8.26 | Incl. | 0.0 |
| 16 | **RADIATOR SUPPORT** | | | | | | | |
| 17 | | Repl | Splash shield | 74111SNAA00 | 1 | 62.90 | Incl. | 0.0 |
| 18 | | | Refinish Components | | 0 | 0.00 | 0.0 | 1.7 |
| 19 | | Repl | Radiator support | 60400SNEA01ZZ | 1 | 268.12 s | 8.5 | Incl. |
| 20 | | | Evacuate & recharge | | 0 | 0.00 m | 1.4 M | 0.0 |
| 21 | | | Refrigerant recovery | | 0 | 0.00 m | 0.4 M | 0.0 |
| 22 | | | Add for auto trans | | 0 | 0.00 m | 0.3 M | 0.0 |
| 23 | | | Aim headlamps | | 0 | 0.00 | 0.5 | 0.0 |
| 24 | | | Add for AC option | | 0 | 0.00 m | 0.4 M | 0.0 |
| 25 | **COOLING** | | | | | | | |
| 26 | * | Repl | LKQ Radiator assy sedan, auto trans, w/o GX USA built +25% | 19010RNBA51 | 1 | 156.25 m | 1.7 M | 0.0 |
| 27 | | Repl | RT Side seal | 19025RNAA00 | 1 | 15.82 | 0.0 | 0.0 |
| 28 | | Repl | LT Side seal | 19026RNAA00 | 1 | 16.53 | 0.0 | 0.0 |
| 29 | ** | Repl | A/M Reservoir | 19101RNAA01 | 1 | 6.00 | Incl. | 0.0 |
| 30 | **AIR CONDITIONER & HEATER** | | | | | | | |
| 31 | * | Repl | LKQ Condenser sedan DX, LX +25% | 80110SNAA02 | 1 | 143.75 m | 0.5 M | 0.0 |
| 32 | **HOOD** | | | | | | | |
| 33 | * | Repl | LKQ hood +25% | 60100SNEA91ZZ | 1 | 375.00 | 0.5 | 2.4 |
| 34 | | | Add for Clear Coat | | 0 | 0.00 | 0.0 | 1.0 |
| 35 | **FENDER** | | | | | | | |
| 36 | ** | Repl | A/M CAPA LT Fender sedan | 60261SNAA90ZZ | 1 | 156.00 | 1.8 | 1.8 |
| 37 | | | Overlap Major Adj. Panel | | 0 | 0.00 | 0.0 | -0.4 |
| 38 | | | Add for Clear Coat | | 0 | 0.00 | 0.0 | 0.3 |
| 39 | | | Add for Edging | | 0 | 0.00 | 0.0 | 0.5 |
| 40 | ** | Repl | A/M CAPA LT Fender liner sedan w/o DX | 74151SNAA00 | 1 | 35.00 | Incl. | 0.0 |

## Estimate of Record

**RO Number: 518001161**

Vehicle: 2007 HOND CIVIC LX 4D SED 4-1.8L-FI BLUE-B537M

| 41 | Repl | LT Upper trim w/o Si | 74207SNAA01 | 1 | 24.05 | | Incl. | | 0.0 |
|----|------|----------------------|-------------|---|-------|---|-------|---|-----|
| 42 | Repl | LT Upper rail (HSS) | 60714SNAA00ZZ | 1 | 29.88 | s | 3.0 | | 0.6 |
| 43 | | Overlap Minor Panel | | 0 | 0.00 | | 0.0 | | -0.2 |
| 44 | Repl | LT Rail assy USA built w/o GX, Si (HSS) | 60910SNEA00ZZ | 1 | 302.25 | s | 8.0 | | 1.5 |
| 45 | | Add for Clear Coat | | 0 | 0.00 | | 0.0 | | 0.3 |
| 46 | **ENGINE / TRANSAXLE** | | | | | | | | |
| 47 | Repl | R&I engine/transaxle | | 1 | 0.00 | m | 7.5 | M | 0.0 |
| 48 | | Add for AC option | | 0 | 0.00 | m | 0.5 | M | 0.0 |
| 49 | **FRONT SUSPENSION** | | | | | | | | |
| 50 | Repl | Engine cradle auto trans | 50200SNAA82 | 1 | 718.73 | m | 6.0 | M | 0.0 |
| 51 | | Deduct for Overlap | | 0 | 0.00 | | -2.0 | M | 0.0 |
| 52 | R&I | R&I front suspension both sides | | 0 | 0.00 | m | 4.4 | M | 0.0 |
| 53 | Repl | LT Lower cntrl arm w/o Si | 51360SNAA03 | 1 | 144.02 | m | Incl. | | 0.0 |
| 54 | **WINDSHIELD** | | | | | | | | |
| 55 | Repl | Windshield NAGS, w/o blue shade w/o hardware | FW02584GTN | 1 | 359.40 | | 3.0 | | 0.0 |
| 56 | **RESTRAINT SYSTEMS** | | | | | | | | |
| 57 | Repl | Control module sedan | 77960SNAA23 | 1 | 171.30 | m | 0.3 | M | 0.0 |
| 58 | Repl | Driver air bag | 77810SNAA82ZA | 1 | 690.11 | m | 0.4 | M | 0.0 |
| 59 | | Air bag system diagnosis | | 0 | 0.00 | m | 0.5 | M | 0.0 |
| 60 | Repl | RT Ft impact sensor sedan | 77930SNAB32 | 1 | 57.11 | m | 0.3 | M | 0.0 |
| 61 | Repl | LT Ft impact sensor sedan | 77930SNAB42 | 1 | 57.11 | m | 0.3 | M | 0.0 |
| 62 | Repl | LT Belt & retractor USA built gray | 04818SNEA01ZA | 1 | 206.70 | | 0.5 | | 0.0 |
| 63 | Repl | LT Buckle USA built gray | 04816SNEA02ZA | 1 | 163.55 | | 0.3 | | 0.0 |
| | | **SUBTOTALS** | | | **5,404.71** | | **52.9** | | **13.4** |

## NOTES

Prior Damage Notes:
DOOR DINGS, SCRATCHES

**Estimate of Record**

**RO Number: 518001161**

Vehicle: 2007 HOND CIVIC LX 4D SED 4-1.8L-FI BLUE-B537M

### ESTIMATE TOTALS

| Category | Basis | | Rate | Cost $ |
|---|---|---|---|---|
| Parts | | | | 5,404.71 |
| Body Labor | 30.0 hrs | @ | $ 38.00 /hr | 1,140.00 |
| Paint Labor | 13.4 hrs | @ | $ 38.00 /hr | 509.20 |
| Mechanical Labor | 22.9 hrs | @ | $ 65.00 /hr | 1,488.50 |
| Paint Supplies | 13.4 hrs | @ | $ 28.00 /hr | 375.20 |
| Pre-Tax Discount | | | -2.2 % | -196.19 |
| Subtotal | | | | 8,721.42 |
| Sales Tax | $ 5,652.76 | @ | 8.2500 % | 466.35 |
| **Grand Total** | | | | **9,187.77** |
| Deductible | | | | 0.00 |
| **CUSTOMER PAY** | | | | **0.00** |
| **INSURANCE PAY** | | | | **9,187.77** |

========================================================================
Caliber Collision is the industry leader in quality collision repair.  Since day one, our highest purpose has been to get people just like you back on the road as quickly as possible and fully restored to the rhythm of your life.  You can be sure we do everything possible to ensure your complete satisfaction including:

☐ Personalized, high quality service from the largest collision repair company in the U.S.
☐ Consistently ranked among the highest customer satisfaction scores in the industry.
☐ Approved by every major insurance company in the U.S.
☐ Expedited car rental and towing services to get you back on the road again in no time.
☐ Repair work backed by a written, lifetime warranty honored at every location.
☐ 24/7/365 customer service to answer questions and put your mind at ease.

This is a preliminary estimate based on visible damage.  There may be additional repairs needed once the vehicle is taken apart by our I-CAR Gold Class technicians to identify any additional damage.

If an insurance company has written an estimate for you, please provide us with a copy.  Properly endorsed insurance company checks are welcome as payment for the repair of your vehicle.  Caliber Collision gladly accepts all major credit cards, debit cards, cashier's and traveler's checks. See your Caliber Collision center for details on acceptance of personal checks.

Before leaving your vehicle with us, please remove all important personal and valuable items from your vehicle. Caliber Collision is not responsible for belongings left in your vehicle.

Please let us know how we can be of further assistance, and when we can schedule an appointment for your vehicle to be repaired.

Caliber Collision - Restoring The Rhythm Of Your Life®
========================================================================

**Estimate of Record**

**RO Number: 518001161**

Vehicle: 2007 HOND CIVIC LX 4D SED 4-1.8L-FI BLUE-B537M

Estimate based on MOTOR CRASH ESTIMATING GUIDE. Unless otherwise noted all items are derived from the Guide ARG4442, CCC Data Date 10/9/2013, and the parts selected are OEM-parts manufactured by the vehicles Original Equipment Manufacturer. OEM parts are available at OE/Vehicle dealerships. OPT OEM (Optional OEM) or ALT OEM (Alternative OEM) parts are OEM parts that may be provided by or through alternate sources other than the OEM vehicle dealerships. OPT OEM or ALT OEM parts may reflect some specific, special, or unique pricing or discount. OPT OEM or ALT OEM parts may include "Blemished" parts provided by OEM's through OEM vehicle dealerships. Asterisk (*) or Double Asterisk (**) indicates that the parts and/or labor information provided by MOTOR may have been modified or may have come from an alternate data source. Tilde sign (~) items indicate MOTOR Not-Included Labor operations. The symbol (<>) indicates the refinish operation WILL NOT be performed as a separate procedure from the other panels in the estimate. Non-Original Equipment Manufacturer aftermarket parts are described as Non OEM or A/M. Used parts are described as LKQ, RCY, or USED. Reconditioned parts are described as Recond. Recored parts are described as Recore. NAGS Part Numbers and Benchmark Prices are provided by National Auto Glass Specifications. Labor operation times listed on the line with the NAGS information are MOTOR suggested labor operation times. NAGS labor operation times are not included. Pound sign (#) items indicate manual entries.

Some 2014 vehicles contain minor changes from the previous year. For those vehicles, prior to receiving updated data from the vehicle manufacturer, labor and parts data from the previous year may be used. The CCC ONE estimator has a complete list of applicable vehicles. Parts numbers and prices should be confirmed with the local dealership.

The following is a list of additional abbreviations or symbols that may be used to describe work to be done or parts to be repaired or replaced:

SYMBOLS FOLLOWING PART PRICE:
m=MOTOR Mechanical component. s=MOTOR Structural component. T=Miscellaneous Taxed charge category. X=Miscellaneous Non-Taxed charge category.

SYMBOLS FOLLOWING LABOR:
D=Diagnostic labor category. E=Electrical labor category. F=Frame labor category. G=Glass labor category. M=Mechanical labor category. S=Structural labor category. (numbers) 1 through 4=User Defined Labor Categories.

OTHER SYMBOLS AND ABBREVIATIONS:
Adj.=Adjacent. Algn.=Align. ALU=Aluminum. A/M=Aftermarket part. Blnd=Blend. BOR=Boron steel. CAPA=Certified Automotive Parts Association. D&R=Disconnect and Reconnect. HSS=High Strength Steel. HYD=Hydroformed Steel. Incl.=Included. LKQ=Like Kind and Quality. LT=Left. MAG=Magnesium. Non-Adj.=Non Adjacent. NSF=NSF International Certified Part. O/H=Overhaul. Qty=Quantity. Refn=Refinish. Repl=Replace. R&I=Remove and Install. R&R=Remove and Replace. Rpr=Repair. RT=Right. SAS=Sandwiched Steel. Sect=Section. Subl=Sublet. UHS=Ultra High Strength Steel. N=Note(s) associated with the estimate line.

CCC ONE Estimating - A product of CCC Information Services Inc.

The following is a list of abbreviations that may be used in CCC ONE Estimating that are not part of the MOTOR CRASH ESTIMATING GUIDE:
BAR=Bureau of Automotive Repair. EPA=Environmental Protection Agency. NHTSA= National Highway Transportation and Safety Administration. PDR=Paintless Dent Repair. VIN=Vehicle Identification Number.

## Estimate of Record

**RO Number: 518001161**

Vehicle: 2007 HOND CIVIC LX 4D SED 4-1.8L-FI BLUE-B537M

### ALTERNATE PARTS SUPPLIERS

| Supplier: | **LKQ - ZONE 3** | | | |
|---|---|---|---|---|
| Location(s): | , 99999 | | (866) 557-2677 | |

| Line | Description | Item # | Price |
|---|---|---|---|
| 3 | LKQ bumper assy +25% | $WK494 | $ 405.00 |
| 9 | LKQ LT Headlamp assy +25% | $KM048 | $ 155.00 |
| 31 | LKQ Condenser sedan DX, LX +25% | $NK562 | $ 115.00 |

| Supplier: | **ALL IMPORT AUTO PARTS** | | | |
|---|---|---|---|---|
| Location(s): | 5800 ELLIOT REEDER RD, FT. WORTH TX 76117 | TAMMY STURGEON | (817) 831-6316 | |

| Line | Description | Item # | Price |
|---|---|---|---|
| 7 | LKQ Grille +25% | 82CX2V | $ 75.00 |
| 33 | LKQ hood +25% | YUUZ5Q | $ 300.00 |

| Supplier: | **TEXAS AUTO SALVAGE** | | | |
|---|---|---|---|---|
| Location(s): | 3925 E. JEFFERSON, GRAND PRAIRIE TX 75051 | WILLIAM FRANKLIN | (972) 263-3306 | |

| Line | Description | Item # | Price |
|---|---|---|---|
| 10 | LKQ RT Headlamp assy +25% | C5DXHF | $ 125.00 |
| 26 | LKQ Radiator assy sedan, auto trans, w/o GX USA built +25% | YMWFZD | $ 125.00 |

| Supplier: | **Keystone - Complete - Grand Prairie** | | |
|---|---|---|---|
| Location(s): | 4003 GIFFORD STREET, GRAND PRAIRIE TX 75050 | (800) 822-0866 | (972) 764-2272 |
| | 13681 SYDNEY ROAD, WHITEHOUSE TX 75791 | (866) 837-0051 | (903) 592-7455 |
| | 6532 DEPOT DRIVE, WACO TX 76712 | (866) 247-5165 | (254) 751-1559 |

| Line | Description | Item # | Price |
|---|---|---|---|
| 5 | A/M CAPA LT Stiffener sedan | HO1066106C | $ 31.00 |
| 29 | A/M Reservoir | HO3014115 | $ 6.00 |
| 36 | A/M CAPA LT Fender sedan | HO1240168PP | $ 156.00 |

| Supplier: | **KeyCom - Keystone - A** | | |
|---|---|---|---|
| Location(s): | 4003 GIFFORD STREET, GRAND PRAIRIE TX 75050 | (800) 822-0866 | (972) 764-2272 |
| | 13681 SYDNEY ROAD, WHITEHOUSE TX 75791 | (866) 837-0051 | (903) 592-7455 |
| | 6532 DEPOT DRIVE, WACO TX 76712 | (866) 247-5165 | (254) 751-1559 |

| Line | Description | Item # | Price |
|---|---|---|---|
| 11 | A/M CAPA RT Fog lamp | AC2593106C | $ 116.00 |

| Supplier: | **All Star Auto Lights South** | | |
|---|---|---|---|
| Location(s): | 929 MATTOXTOWN ROAD, LAWRENCEBURG TN 38464 | (931) 762-6611 | (866) 762-6611 |

| Line | Description | Item # | Price |
|---|---|---|---|

## Estimate of Record

**RO Number: 518001161**

Vehicle: 2007 HOND CIVIC LX 4D SED 4-1.8L-FI BLUE-B537M

| | 13 | RECOND LT Fog lamp | | 116-59799-L | $ 101.75 |
|---|---|---|---|---|---|

**Supplier:** **PartsChannel - Dallas**

**Location(s):** 119 REGAL ROW RD. STE. B, DALLAS TX 75247                    (800) 443-1939          (214) 267-1688

| Line | Description | Item # | Price |
|---|---|---|---|
| 40 | A/M CAPA LT Fender liner sedan w/o DX | H6702B/C | $ 35.00 |

FILED
DALLAS COUNTY
10/7/2014 2:24:18 PM
GARY FITZSIMMONS
8/25/2016 TR1926 CLERK
GARY FITZSIMMONS
DISTRICT CLERK

Dianne Coffey



**FORM NO. 353-3 - CITATION**
# THE STATE OF TEXAS

To:

    **SANDRA TORRES CARREON**
    **2917 KILBURN AVE**
    **DALLAS TX 75216**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **AAA TEXAS COUNTU MUT. INS. CO.**

Filed in said Court **29th day of July, 2014** against

**SANDRA TORRES CARREON AND WILLIE KING**

For Suit, said suit being numbered <u>**DC-14-08098,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 31st day of July, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas



By   _Anit Freeney_  , Deputy
      ANITA FREENEY

---

**E-SERVE**

# CITATION

## DC-14-08098

**AAA TEXAS COUNTU MUT. INS. CO.**
vs.
**SANDRA TORRES CARREON, et al**

ISSUED THIS
**31st day of July, 2014**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: ANITA FREENEY, Deputy

**Attorney for Plaintiff**
CHRISTOPHER A FUSSELMAN
THE FUSSELMAN LAW FIRM PC
1616 SOUTH VOSS SUITE 775
HOUSTON TX 77057
713-960-1619

PAID    PAID

**AFFIDAVIT OF SERVICE**

**CASE NUMBER:  DC-14-08098**

| | |
|---|---|
| **AAA TEXAS COUNTY MUTUAL INSURANCE COMPANY** | **IN THE DISTRICT COURT** |
| Plaintiff, | |
| | **191ST JUDICIAL DISTRICT** |
| **Vs.** | |
| | |
| **SANDRA TORRES CARREON AND WILLIE KING** | **DALLAS COUNTY, TEXAS** |
| Defendants, | |

Documents: CITATION AND PLAINTIFF'S ORIGINAL PETITION

I, Gean O. Smith, received the above documents on: __SEPTEMBER 2, 2014__ at __02:00__ **PM.** to be delivered to

SANDRA TORRES CARREON
2917 KILBURN AVENUE
DALLAS, TEXAS 75216

I, _____**GEAN O. SMITH**_____, the undersigned, being duly sworn, depose and say, that I am duly authorized under Rule 103 and 536(a) to make delivery of the document(s) listed herein in the above styled case.  I am over the age of 18, and am not a party to or otherwise interested in this matter. Delivery of said documents occurred in the following manner:

By delivering to:_____**SANDRA TORRES CARREON**_____

(Title / Relationship):___**DEFENDANT**_____

Address of Service: ____**700 W. CENTER STREET, DUNCANVILLE, TEXAS 75116    (DALLAS COUNTY, TX)**____

Date of Service:_____**OCTOBER 1, 2014**_____Time of Service: _____**10:15  A.M.**_____

Type of Service:

■ **PERSONAL SERVICE:** Individually and personally to the above named recipient.

☐ **SUBSTITUTE SERVICE:** By leaving a true copy of said process with a person therein, who is of suitable age, at the above listed address, which is the usual place of abode or dwelling house of the above named person.

☐ **CORPORATION / PARTNERSHIP / LLC:** By delivering a true copy of said process to an officer, agent, partner, registered agent or anyone available to accept service for the above named entity whose name and title is listed above.

☐ **POSTING WITH COURT ORDER:** By posting a true copy of said process along with a true copy of the Court Order with the date of service endorsed thereon by me, to the front entrance of the above listed address of service, which is the usual place of abode or dwelling house of the above named person, in compliance with state statues and per Rule 106 Order.

☐ **NOT FOUND / NOT DELIVERED:** for the following reason:_____

**"I declare under penalties of perjury that the information contained herein is true and correct"**

_Gean O. Smith_
Signature
**GEAN O. SMITH**      SCH#__4683__
Authorized Person      Exp:__01/31/15__

Subscribed and sworn to before me, a notary
public on _October  1_____, 20_14_

_Shirey Nell McClellan_
Notary Public In and For The State of Texas

SHIRLEY NELL MCCLELLAN
My Commission Expires
September 21, 2017

FILED
DALLAS COUNTY
10/14/2014 4:58:11 PM
GARY FITZSIMMONS
DISTRICT CLERK

Hernandez Angelica

## CAUSE NO. DC-14-08098

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | 191ST JUDICIAL DISTRICT |
| WILLIE KING and SANDRA TORRES | § | |
| CARREON, | § | |
| | § | |
| Defendants. | § | DALLAS  COUNTY, TEXAS |

---

## DEFENDANT SANDRA TORRES CARREON'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

---

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SANDRA TORRES CARREON, Defendant in the above-entitled and numbered cause of action, and files her Answer, and in support thereof would respectfully show the Court as follows:

### I.  GENERAL DENIAL

1.1     Pursuant to Rule 94, Defendant Plaintiff Sandra Torres Carreon denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence.

### II. SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

2.1     Defendant Sandra Torres Carreon would show that the negligence of one or more third parties was the sole proximate cause of the incident and damages alleged by Plaintiff AAA Texas County Mutual Insurance Company.  Pursuant to Chapters 32 and 33, Texas Civil Practice and Remedies Code, Defendant Sandra Torres Carreon invokes the doctrine of comparative responsibility and would show that she is entitled to have an issue submitted to the jury on the



---

*Defendant Sandra Torres Carreon's Original Answer*                                                    *Page 1*

comparative responsibility of any other third party who/which caused, contributed, or was responsible for the collision and/or injuries and damages alleged by Plaintiff.

2.2     At the time of the incident making the basis of this lawsuit, Defendant Sandra Torres Carreon's vehicle had stalled in the roadway on the 8000 block of Interstate 20 in Dallas County, Texas near the Lyndon B. Johnson Freeway exit.   Defendant Sandra Torres Carreon prudently turned on her hazard lights to alert oncoming vehicles.   Defendant Willie King, while operating a tractor-trailer owned by and in the course and scope of his employment with Lockwood & Son Trucking & Construction, failed to pay proper attention and struck Defendant's vehicle. The impact from the collision caused Cross-Claimant's vehicle to collide with Plaintiff's vehicle.

### III.  JURY DEMAND

3.1     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant Sandra Torres Carreonrespectfully requests and demands a trial by jury.

### IV.  REQUEST FOR DISCLOSURE

4.1     Pursuant to Rule 194, request is made that Plaintiff disclose, within thirty (30) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l).  Plaintiff must serve a written response to these Requests for Disclosure on Defendant within thirty (30) days after the service of this request.  Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

### V. RULE 193.7 NOTICE

5.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant Sandra Torres Carreon hereby gives actual notice to Plaintiff that any and all documents produced may

be used against producing party at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sandra Torres Carreon prays that this Court enter judgment that Plaintiff AAA Texas County Mutual Insurance Company take nothing by its suit, that Defendant Sandra Torres Carreon recover costs of court herein expended, that and for such other further relief, both general and special, both in law and in equity, to which Defendant Sandra Torres Carreon may be justly entitled.

Respectfully submitted,

**JIM S. ADLER, P.C. & ASSOCIATES**

BY:   _/s/ Aaron Spahr_____
**AARON SPAHR**
State Bar No.: 00794674
2711 N. Haskell Avenue, Suite 2500
The Tower at City Place, LB 40
Dallas, Texas  75204
Telephone:     (214) 442-5032
Facsimile:      (214) 220-3233
E-mail: aspahr@jimadler.com

**ATTORNEYS FOR DEFENDANT, CROSS-CLAIMANT, AND THIRD-PARTY PLAINTIFF SANDRA TORRES CARREON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel on this 14th day of October, 2014 in accordance with the Texas Rules of Civil Procedure:

***Via E-file***
***And/or Facsimile: (713) 960-1430***
Christopher Fusselman
fusselmam@thefusselmanlawfirm.com

Jason E. Wells
Jwells@thefusselmanlawfirm.com

The Fussleman Law Firm, P.C.
1616 South Voss Road, Suite 775
Houston, Texas 77057
Telephone: (713) 960-1619
Facsimile: (713) 960-1430

                                         /s/ Aaron Spahr
                                         **AARON SPAHR**



Jim S. Adler
William S. Adler
Ryan B. Evans
David Feldman
Robert FitzPatrick
J. Martin Futrell * ♣ † ♠
Michael Gomez Φ
Javier Gonzalez
Justin H. King
Lora R. Lozano

Φ Member – College of the State Bar of Texas
♦ Also Licensed in Colorado
* Also Licensed in New Jersey

**JIM ADLER**
**& ASSOCIATES**
TEXAS INJURY LAWYERS

The Tower at City Place, Lock Box 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas  75204
(214) 320-1111  or (800) 993-9393
Facsimile (214) 220-3233
www.jimadler.com

Jose Roberto Morquin
Eugene C. Roberts
Frank W. Robertson
Kyle D. Schnitzer
Langdon Smith
Aaron Spahr
Chelsea R. Tucker
♦ P. Andrew Wilbur

♣ Also Licensed in New York
† Also Licensed in North Carolina
♠ Also Licensed in Pennsylvania

FILED
DALLAS COUNTY
10/14/2014 4:58:11 PM
GARY FITZSIMMONS
DISTRICT CLERK

Hernandez Angelica

October 14, 2014

*Via E-file*
Civil District Clerk
Dallas County District Clerk
George L. Allen Sr. Courts Building
600 Commerce St.
Dallas, Texas  75202

      RE:    Cause No.: **DC-14-08098**; *AAA Texas County Mut. Ins. Co. v Willie King and Sandra Torres Carreon;* Our File No.:  441642

Dear Clerk:

    This is a request for Jury Trial on the above–referenced case.

    Pre-payment in the amount of $30.00 is made by credit card to cover the jury fee.

    If you have any questions, please feel free to call me at (214) 442-5025 or e-mail me at eslaughter@jimadler.com.

               Best regards,

               **JIM S. ADLER & ASSOCIATES**

               */s/ Essie B. Slaughter*

               Essie B. Slaughter
               Board Certified Paralegal, TBLS
               Paralegal to Aaron Spahr

/ebs
cc:    *Via E-file*
     *And/or Facsimile: (713) 960-1430*
     Christopher Fusselman
     fusselmam@thefusselmanlawfirm.com
     Jason E. Wells
     Jwells@thefusselmanlawfirm.com
     The Fusselman Law Firm, P.C.
     1616 South Voss Road, Suite 775
     Houston, Texas 77057
     Telephone: (713) 960-1619
     Facsimile: (713) 960-1430



EXHIBIT
E.4

FILED
DALLAS COUNTY
10/15/2014 1:29:24 PM
GARY FITZSIMMONS
DISTRICT CLERK

Lantz Sandra

CAUSE NO. DC-14-08098

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO. | § | IN THE DISTRICT COURT |
|    Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| WILLIE KING, Defendant and SANDRA | § | |
| TORRES CARREON, Defendant and | § | |
| Cross-Claimant, | § | 191ST JUDICIAL DISTRICT |
| | § | |
| vs. | § | |
| | § | |
| WILLIE KING | § | |
|    Cross-Defendant. | § | DALLAS COUNTY, TEXAS |

---

**DEFENDANT SANDRA TORRES CARREON'S CROSS-CLAIM, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE**

---

TO THE HONORABLE JUDGE OF SAID COURT:

     COMES NOW, Cross-Claimant SANDRA TORRES CARREON, Defendant in the above-entitled and numbered cause of action, and files her Cross-Claim, Complaining of Cross-Defendant Willie King, and in support thereof would respectfully show the Court as follows:

## I. DISCOVERY CONTROL PLAN

   1.1    Cross-Claimant Sandra Torres Carreon intends to conduct discovery pursuant to Texas Rule of Civil Procedure 190.4 under Discovery Control Plan Level 3. Cross-Claimant affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

## II. PARTIES

   2.1    Plaintiff does business in Texas and is a party to this lawsuit as subrogee of Michelle Snelling, a Texas resident.

---

EXHIBIT 35

2.2     Sandra Torres Carreon ("Cross-Claimant") is a resident of Dallas, Texas. The last three digits of her Texas driver's license number are 247.

2.3     Cross-Defendant Willie King is a Louisiana resident who was involved in a collision that occurred while operating a motor vehicle on a public highway in this state. He may be served with process pursuant to Texas Civil Practice & Remedies Code, §17.061 et seq. and TRCP Rules 103 and 106, by having any sheriff, constable, person authorized by law or written order of the court who is not less than eighteen years of age, such as a process server, or a person certified under order of the Supreme Court serve two copies of citation and cross-claim to the Chair of the Texas Transportation Commission, Ted Houghton, Chairman, Texas Transportation Commission, 125 East 11th Street, Austin, Texas, 78701-2483, with Willie King's address, 126 Candy Queen Lane, West Monroe, Louisiana, 71291.

### III. JURISDICTION & VENUE

3.1     The Court has jurisdiction in this cause since the damages to Cross-Claimant are within the jurisdictional limits of the Court.

3.2     Venue is proper in Dallas County pursuant to Tex. Civ. Prac. & Rem. Code, Sections 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County.

3.3     All conditions precedent for relief have occurred.

3.4     No action on the part of Cross-Claimant caused or contributed to this occurrence.

### IV. FACTS

4.1     On October 10, 2013, Cross-Claimant Sandra Torres Carreon's vehicle had stalled in the roadway on the 8000 block of Interstate 20 in Dallas County, Texas near the Lyndon B. Johnson Freeway exit. Cross-Claimant prudently turned on her hazard lights to alert oncoming

vehicles.  Defendant Willie King, while operating a tractor-trailer owned by and in the course and scope of his employment with Lockwood & Son Trucking & Construction, failed to pay proper attention and struck Cross-Claimant's vehicle.  The impact from the collision caused Cross-Claimant's vehicle to collide with Plaintiff's vehicle.  Defendant Willie King attempted to flee the scene of the collision on foot.  Defendant Willie King's negligence proximately caused severe and permanent injury to Sandra Torres Carreon, for which she files her cross-claim and third-party petition.

## V.  CROSS-CLAIM AGAINST DEFENDANT WILLIE KING

5.1     Cross-Defendant Willie King is liable to Sandra Torres Carreon because the collision made the basis of this lawsuit resulted from his improper conduct.     The conduct of Cross-Defendant Willie King constituted negligence and/or negligence per se as that term is understood in law and such negligent and/or negligent per se conduct was a proximate cause of the occurrence, injuries and damages to Cross-Claimant made the basis of this cross-claim. Willie King's negligent and/or negligent per se actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

      a.     failing to pay attention and to keep a proper lookout;

      b.     failing to control his speed;

      c.     failing to take proper evasive action;

      d.     failing to maintain a safe following distance;

      e.     failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;

      f.     failing to maintain a safe distance between his vehicle and Plaintiffs' vehicle; and/or

      g.     other acts of negligence and/or negligence per se.

One, some, or all of the foregoing acts and/or omissions on the part of Defendant Willie King constituted negligence and/or negligence per se and such negligence and/or negligence per se was a proximate cause of the occurrence and Cross-Claimant's injuries and damages.

## VI. GROSS NEGLIGENCE OF CROSS-DEFENDANT WILLIE KING

6.1     The conduct of Cross-Defendant Willie King amounted to gross negligence to the extent that his acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and which Cross-Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Sandra Torres Carreon.

## VII. DAMAGES

7.1     As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence and/or negligence per se of Cross-Defendant Willie King, Cross-Claimant Sandra Torres Carreon sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

7.2     Cross-Claimant respectfully requests that the trier of fact determine the amount of her damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

      a.     Physical pain and mental anguish;

      b.     Loss of earning capacity;

      c.     Disfigurement;

      d.     Physical impairment;

      e.     Medical care expenses; and,

      f.      Out-of-pocket economic losses.

7.3     Because of all of the above and foregoing, Cross-Claimant has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages she now brings suit.   Cross-Claimant seeks monetary relief of more than $200,000 but less than $1,000,000.00.

7.4     Cross-Claimant seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

7.5     Because of the grossly negligent conduct of Cross-Defendant Willie King, Cross-Claimant seeks recovery for exemplary damages.  Exemplary damages means any damages awarded as a penalty or by way of punishment.  Exemplary damages include punitive damages. In determining the amount of exemplary damages the trier of fact should consider the following:

      a.      The nature of the wrong;

      b.      The character of the conduct involved;

      c.      The degree of culpability of the wrongdoer;

      d.      The situation and sensibilities of the parties concerned;

      e.      The extent to which such conduct offends a public sense of justice and propriety; and

      f.      The net worth of the Defendant.

7.6     Cross-Claimant alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against each Defendant to two (2) times the amount of economic damages plus an amount equal to any noneconomic damages found by the trier of fact, not to exceed $750,000, or $200,000, whichever is greater, is unconstitutional, as it violates:

a. Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process and equal protection;

b. Article One, Section Three of the Texas Constitution, which guarantees equal protection of the laws;

c. Article One, Section Thirteen of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law;

d. Article One, Section Nineteen of the Texas Constitution, which guarantees due course of law;

e. Article Two, Section One of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, probating the legislature from exercising power properly attached to the judiciary;

f. Article Three, Section Fifty-Six of the Texas Constitution, which prohibits the legislature from passing any local or special law authorizing limitation of civil actions; and/or

g. Article One, Section Fifteen, and Article Five, Section Ten of the Texas Constitution, which guarantee the right to trial by jury in civil cases.

## VIII. REQUEST FOR DISCLOSURE

8.1    Pursuant to Rule 194, request is made that Cross-Defendant Willie King disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l). Cross-Defendant must serve a written response to these Requests for Disclosure on Cross-Claimant within fifty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## IX. RULE 193.7 NOTICE

9.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Cross-Claimant hereby gives actual notice to Cross-Defendant that any and all documents produced may be used

against producing party at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sandra Torres Carreon prays that Cross-Defendant Willie King be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Cross-Claimant recover damages in accordance with the evidence, that Cross-Claimant recover costs of court herein expended, that Cross-Claimant recover interest to which she is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Cross-Claimant may be justly entitled.

Respectfully submitted,

JIM S. ADLER, P.C. & ASSOCIATES

BY:   /s/ Aaron Spahr_____
AARON SPAHR
State Bar No.: 00794674
2711 N. Haskell Avenue, Suite 2500
The Tower at City Place, LB 40
Dallas, Texas 75204
Telephone:   (214) 442-5032
Facsimile:   (214) 220-3233
E-mail: aspahr@jimadler.com

ATTORNEYS FOR DEFENDANT, CROSS-CLAIMANT, AND THIRD-PARTY PLAINTIFF SANDRA TORRES CARREON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel on this 15th day of October, 2014 in accordance with the Texas Rules of Civil Procedure:

Via E-file
And/or Facsimile: (713) 960-1430
Christopher Fusselman
fusselmam@thefusselmanlawfirm.com

Jason E. Wells
Jwells@thefusselmanlawfirm.com

The Fussleman Law Firm, P.C.
1616 South Voss Road, Suite 775
Houston, Texas 77057
Telephone: (713) 960-1619
Facsimile: (713) 960-1430

_/s/ Aaron Spahr_____
AARON SPAHR

FILED
DALLAS COUNTY
10/15/2014 1:00:32 PM
GARY FITZSIMMONS
DISTRICT CLERK

Lantz Sandra

## CAUSE NO. DC-14-08098

| | | |
|---|---|---|
| **AAA TEXAS COUNTY MUT. INS. CO.** *Plaintiff,* | § § § | **IN THE DISTRICT COURT** |
| **vs.** | § § | |
| **WILLIE KING,** *Defendant* **and SANDRA TORRES CARREON,** *Defendant, Cross-Claimant, and Third-Party Plaintiff,* | § § § § | |
| **vs.** | § § | **191ST JUDICIAL DISTRICT** |
| **LOCKWOOD & SON TRUCKING & CONSTRUCTION** *Third-Party Defendant* | § § § § | |
| **WILLIE KING** *Cross-Defendant.* | § § | **DALLAS COUNTY, TEXAS** |

---

## DEFENDANT SANDRA TORRES CARREON'S THIRD PARTY PETITION, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Third-Party Plaintiff SANDRA TORRES CARREON, Defendant in the above-entitled and numbered cause of action, and files her Third-Party Petition, Complaining of Third-Party Defendant LOCKWOOD & SON TRUCKING & CONSTRUCTION, and in support thereof would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Third-Party Plaintiff Sandra Torres Carreon intends to conduct discovery pursuant to Texas Rule of Civil Procedure 190.4 under Discovery Control Plan Level 3. Third-Party Plaintiff affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.



---

## II. PARTIES

2.1     Plaintiff does business in Texas and is a party to this lawsuit as subrogee of Michelle Snelling, a Texas resident.

2.2     Sandra Torres Carreon ("Third-Party Plaintiff") is a resident of Dallas, Texas. The last three digits of her Texas driver's license number are 247.

2.3     **Third-party Defendant Lockwood & Son Trucking & Construction** ("Lockwood Trucking") is a foreign corporation subject to the Texas Long-Arm Statute for committing a tort in this state. Lockwood Trucking does not maintain a regular place of business in this state has not designated or maintained a resident agent for service of process in Texas. Pursuant to Texas Practice and Remedies Code, Section 17.044(b), substitute service can be effectuated on the Secretary of State.  The Secretary of State can be served with process pursuant to Texas Practice and Remedies Code, Sections 17.026(a) and 17.045(a) by mailing by certified mail, return receipt requested, true duplicate copies of the citation and petition containing Lockwood Trucking's home office address <u>1510 Swartz Fairbanks Road, Monroe Louisiana 71203</u>, to the Texas Secretary of State, **SERVICE OF PROCESS, SECRETARY OF STATE, P.O. Box 12079, Austin, TX 78711-2079.**

2.4     **Cross-Defendant Willie King** is a Louisiana resident who was involved in a collision that occurred while operating a motor vehicle on a public highway in this state. He may be served with process pursuant to Texas Civil Practice & Remedies Code, § 17.061 et seq. and TRCP Rules 103 and 106, by having any sheriff, constable, person authorized by law or written order of the court who is not less than eighteen years of age, such as a process server, or a person certified under order of the Supreme Court serve two copies of citation and cross-claim to the Chair of the Texas Transportation Commission, **Ted Houghton, Chairman, Texas**

Transportation Commission, **125 East 11ᵗʰ Street, Austin, Texas, 78701-2483**, with Willie

King's address, **126 Candy Queen Lane, West Monroe, Louisiana, 71291**.

### III. JURISDICTION & VENUE

3.1     The Court has jurisdiction in this cause since the damages to Third-Party Plaintiff

are within the jurisdictional limits of the Court.

3.2     Venue is proper in Dallas County pursuant to Tex. Civ. Prac. & Rem. Code,

Sections 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to

this claim occurred in Dallas County.

3.3     All conditions precedent for relief have occurred.

3.4     No action on the part of Third-Party Plaintiff caused or contributed to this

occurrence.

### IV. FACTS

4.1     On October 10, 2013, Third-Party Plaintiff Sandra Torres Carreon's vehicle had

stalled in the roadway on the 8000 block Interstate 20 in Dallas County, Texas near the Lyndon

B. Johnson Freeway exit.   Third-Party Plaintiff prudently turned on her hazard lights to alert

oncoming vehicles.  Defendant Willie King, while operating a tractor-trailer owned by and in the

course and scope of his employment with Third-Party Defendant Lockwood & Son Trucking &

Construction, failed to pay proper attention and struck Third-Party Plaintiff's vehicle.   The

impact from the collision caused Third-Party Plaintiff's vehicle to collide with Plaintiff's

vehicle.  Defendant Willie King attempted to flee the scene of the collision on foot.  Defendant

King's negligence proximately caused severe and permanent injury to Sandra Torres Carreon.

## V. LOCKWOOD & SON TRUCKING & CONSTRUCTION

5.1      At all times material to this lawsuit, Third-Party Defendant Lockwood Trucking owned the vehicle driven by Defendant Willie King.   At all times material to this lawsuit, Defendant King was an employee of Third-Party Defendant Lockwood Trucking and was acting within the course and scope of his employment with Third-Party Defendant Lockwood Trucking. At all times material to this lawsuit, Defendant Lockwood Trucking was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or Texas Motor Carrier Safety Regulations. At all times material to this lawsuit, Defendant Lockwood Trucking was a statutory employer of Willie King under the Federal Motor Carrier Safety Regulations and the Texas Transportation Code.  Consequently, Lockwood Trucking is vicariously liable to Sandra Torres Carreon for the negligent and/or negligent per se conduct of Defendant Willie King under both common law and statutory law.

5.2      At all times material hereto, Defendant Lockwood Trucking was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations and as such owed a duty to follow those regulations, including but not limited to those addressing qualifying drivers, monitoring driver qualification files, drug testing, and supervision.  The independent conduct of Third-Party Defendant Lockwood Trucking constitutes negligence and/or negligence per se as that term is known in law.  Such negligent and/or negligent per se acts or omission include, but are not limited to the following:

      a.      hiring and/or retaining Defendant Willie King whom it knew or should have known was a reckless or incompetent driver;

      b.      entrusting a vehicle to Defendant Willie King whom it knew or should have known was a reckless or incompetent driver;

      c.      failing to properly train Defendant Willie King in safe motor vehicle operation;

     d.      failing to properly supervise Defendant Willie King's driving activities;

     e.      failing to properly qualify Defendant Willie King; and/or

     e.      other acts of negligence and/or negligence **per se.**

One, some, or all of the foregoing acts and/or omissions or others on the part of Third-Party Defendant Lockwood Trucking, constituted negligence and/or negligence **per se** and such negligence and/or negligence **per se** was a proximate cause of the occurrence and Third-Party Plaintiff's injuries and damages.

## VI. GROSS NEGLIGENCE OF THIRD-PARTY DEFENDANT LOCKWOOD TRUCKING

6.1    The conduct of Third-Party Defendant Lockwood Trucking amounted to gross negligence to the extent that its acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and which Third-Party Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Sandra Torres Carreon.

## VII. DAMAGES

7.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence and/or negligence **per se** of Third-Party Defendant Lockwood Trucking, Third-Party Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

7.2     Third-Party Plaintiff respectfully requests that the trier of fact determine the amount of her damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.     Physical pain and mental anguish;

    b.     Loss of earning capacity;

    c.     Disfigurement;

    d.     Physical impairment;

    e.     Medical care expenses; and,

    f.     Out-of-pocket economic losses.

7.3     Because of all of the above and foregoing, Third-Party Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Third-Party Plaintiff now bring suit.  Third-Party Plaintiff seeks monetary relief of more than $200,000 but less than $1,000,000.00.

7.4     Third-Party Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

7.5     Because of the grossly negligent conduct of Third-Party Defendant Lockwood Trucking, Third-Party Plaintiff seeks recovery for exemplary damages.  Exemplary damages means any damages awarded as a penalty or by way of punishment.  Exemplary damages include punitive damages.  In determining the amount of exemplary damages the trier of fact should consider the following:

    a.     The nature of the wrong;

    b.     The character of the conduct involved;

     c.     The degree of culpability of the wrongdoer;

     d.     The situation and sensibilities of the parties concerned;

     e.     The extent to which such conduct offends a public sense of justice and propriety; and

     f.     The net worth of the Defendant.

7.6     Third-Party Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against each Defendant to two (2) times the amount of economic damages plus an amount equal to any noneconomic damages found by the trier of fact, not to exceed $750,000, or $200,000, whichever is greater, is unconstitutional, as it violates:

     a.  Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process and equal protection;

     b.  Article One, Section Three of the Texas Constitution, which guarantees equal protection of the laws;

     c.  Article One, Section Thirteen of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law;

     d.  Article One, Section Nineteen of the Texas Constitution, which guarantees due course of law;

     e.  Article Two, Section One of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, probating the legislature from exercising power properly attached to the judiciary;

     f.  Article Three, Section Fifty-Six of the Texas Constitution, which prohibits the legislature from passing any local or special law authorizing limitation of civil actions; and/or

     g.  Article One, Section Fifteen, and Article Five, Section Ten of the Texas Constitution, which guarantee the right to trial by jury in civil cases.

## VIII.  REQUEST FOR DISCLOSURE

8.1     Pursuant to Rule 194, request is made that Third-Party Defendant Lockwood Trucking disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l).  Third-Party Defendant must serve a written response to these Requests for Disclosure on Third-Party Plaintiff within fifty (50) days after the service of this request.  Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## IX. RULE 193.7 NOTICE

9.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Third-Party Plaintiff hereby gives actual notice to Third-Party Defendant that any and all documents produced may be used against producing party at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sandra Torres Carreon prays Third-Party Defendant Lockwood Trucking be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Third-Party Plaintiff recover damages in accordance with the evidence, that Third-Party Plaintiff recover costs of court herein expended, that Third-Party Plaintiff recover interest to which she is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Third-Party Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER, P.C. & ASSOCIATES**

BY:   /s/ Aaron Spahr

**AARON SPAHR**
State Bar No.: 00794674
2711 N. Haskell Avenue, Suite 2500
The Tower at City Place, LB 40
Dallas, Texas 75204
Telephone:     (214) 442-5032
Facsimile:     (214) 220-3233
E-mail: aspahr@jimadler.com

**ATTORNEYS FOR DEFENDANT, CROSS-
CLAIMANT, AND THIRD-PARTY
PLAINTIFF SANDRA TORRES CARREON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel on this 15th day of October, 2014 in accordance with the Texas Rules of Civil Procedure:

***Via E-file***
***And/or Facsimile: (713) 960-1430***
Christopher Fusselman
fusselmam@thefusselmanlawfirm.com

Jason E. Wells
Jwells@thefusselmanlawfirm.com

The Fussleman Law Firm, P.C.
1616 South Voss Road, Suite 775
Houston, Texas 77057
Telephone: (713) 960-1619
Facsimile: (713) 960-1430

/s/ Aaron Spahr
**AARON SPAHR**

FORM NO. 353-4—CITATION



ATTY (COH)

**CITATION**

**THE STATE OF TEXAS**

To:   WILLIE KING
     BY SERVING TED HOUGHTON, CHAIRMAN OF THE
     TEXAS TRANSPORTATION COMMISSION
     125 EAST 11TH STREET
     AUSTIN TX 78701-2483

| No.: **DC-14-08098-J** |
|---|

**AAA TEXAS COUNTY MUT. INS. CO.**
**VS.**
**SANDRA TORRES CARREON, ET AL**

GREETINGS:
  You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **CROSS CLAIM** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **SANDRA TORRES CARREON**

Filed in said Court 15th day of October, 2014 against
**WILLIE KING**

For suit, said suit being numbered   **DC-14-08098-J**  the nature of which demand is as follows:
Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 16th day of October, 2014**
ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County, Texas

       By _Sandra Lantz_, Deputy
               SANDRA LANTZ

ISSUED
**ON THIS THE 16TH DAY OF OCTOBER, 2014**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By **SANDRA LANTZ**, Deputy

Attorney for : Plaintiff
**AARON SPAHR**
**JIM S ADLER PC & ASSOCIATES**
**2711 N HASKELL AVE STE 2500**
**DALLAS TX 75204**
**(214) 442-5032**

DC-14-08098
CIT-GVE-IS
ISSUE CITATION COMM OF INS OR SOS
671811





DALLAS COUNTY CONSTABLE
FEES PAID   FEES NOT PAID

## OFFICER'S RETURN
## FOR INDIVIDUALS

Cause No. DC-14-08098-J

Court No: 191st District Court

Style: AAA TEXAS COUNTY MUT. INS. CO.
vs.
SANDRA TORRES CARREON, ET AL

Received this Citation the _____ day of_____, 20_____ at_____ o'clock.  Executed at _____, within the County of _____, State of_____, on the _____ day of_____, 20_____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

## OFFICER'S RETURN
## FOR CORPORATIONS

Received this Citation the _____ day of_____, 20_____ at_____ o'clock ____.M.  Executed at _____, within the County of _____, State of_____, on the _____ day of_____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____ _____
President - Vice President - Registered Agent - in person, of the said

a true copy of this citation together with the accompanying copy of Plaintiff's CROSS CLAIM original petition, having first indorsed on the date of delivery.
----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.

| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of _____
County of _____
        Signed and sworn to me by the said_____before me this _____
day of _____, 20_____, to certify which witness my hand and seal of office.


                    Seal                                                              State & County of

FORM NO. 353-4—CITATION



**THE STATE OF TEXAS**

**ATTY (COH)**

**CITATION**

To:   **LOCKWOOD & SON TRUCKING & CONSTRUCTION
BY SERVING THE SECRETARY OF STATE
OFFICE OF THE SECRETARY OF STATE
CITATIONS UNIT – PO BOX 12079
AUSTIN TX 78711-2079**

| No.: **DC-14-08098-J** |
| --- |

**AAA TEXAS COUNTY MUT. INS. CO.
VS.
SANDRA TORRES CARREON, ET AL**

**GREETINGS:**
   You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **THIRD PARTY** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **SANDRA TORRES CARREON**

Filed in said Court 15th day of October, 2014 against
   **WILLIE KING AND LOCKWOOD & SON TRUCKING & CONSTRUCTION**

   For suit, said suit being numbered   **DC-14-08098-J** the nature of which demand is as follows:
      Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
   Given under my hand and the Seal of said Court at office **on this the 16th day of October, 2014**
ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County, Texas

   By _Sandra Lantz_, Deputy
                **SANDRA LANTZ**

**ISSUED
ON THIS THE 16TH DAY OF OCTOBER,
2014**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By **SANDRA LANTZ**, Deputy

Attorney for : Plaintiff
**AARON SPAHR
JIM S ADLER PC & ASSOCIATES
2711 N HASKELL AVE STE 2500
DALLAS TX 75204
(214) 442-5032**

DC-14-08098
CIT-GVE-IS
ISSUE CITATION COMM OF INS OR SOS
871812



**DALLAS COUNTY CONSTABLE
FEES ~~NOT~~
PAID**      FEES NOT
PAID

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-14-08098-J

Court No: 191st District Court

Style: AAA TEXAS COUNTY MUT. INS. CO.
vs.
SANDRA TORRES CARREON, ET AL

Received this Citation the _____day of_____, 20_____ at_____o'clock. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____day of_____, 20_____ at_____o'clock ___.M. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said _____ a true copy of this citation together with the accompanying copy of Plaintiff's CROSS CLAIM original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:       To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
Signed and sworn to me by the said_____before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

Seal                                                                     State & County of

_____

## AFFIDAVIT OF SERVICE

### Cause No. DC-14-08098-J

In The 191st Judicial District Court
Dallas County, Texas

AAA TEXAS COUNTY MUT. INS. CO.
    Plaintiff,
vs

WILLIE KING, Defendant and SANDRA
TORRES CARREON, Defendant, Cross-Claimant,
and Third Party Plaintiff,
vs.

LOCKWOOD & SON TRUCKING &
CONSTRUCTION
    Third-Party Defendant

WILLIE KING
    Cross-Defendant

Came to hand on October 20, 2014, at 12:25 PM.

Executed at 125 E. 11th Street, 6th Floor, Austin, Tx  78701, within the County of Travis at 1:25 PM on
October 20, 2014, by delivering to the within named:

### WILLIE KING,

**by delivering to, Ted Houghton, Chair of the Texas Transportation Commission, by and through the Texas
Department of Transportation's Office of General Counsel, by delivering to its designated agent, EMILY
CLISBY, a true copy of this Citation together with Defendant Sandra Torres Carreon's Cross-Claim, Request
for Disclosure, Rule 193.7 Notice; Sandra Torres Carreon's First Set of Interrogatories, First Requests for
Production, and First Requests for Admission to Third-Party Defendant Lockwood & Son Trucking &
Construction; Sandra Torres Carreon's First Set of Interrogatories, First Requests for Production, and First
Requests for Admissions to Defendant Willie King and Sandra Torres Carreon's First Set of Interrogatories,
First Requests for Production, and First Requests for Admission to Plaintiff AAA County Mut. Ins. Co.,
having first endorsed upon such copy of such process the date of delivery, and tendering the $25 Statutory
Fee.**

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103 and 536(a) of the TRCP to
deliver citations and other notices from any District, County, and Justice Courts in and for the State of Texas. I am competent to
make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a
felony or a crime involving moral turpitude, and I am not interested in the outcome of the above-referenced cause.



By: _____
        Thomas R. Kroll SCH-3012,
        Exp: 8/31/2016



EXHIBIT
E·9

DALLAS COUN
1/14/2014 3:33:27 F
GARY FITZSIMMO
DISTRICT CLE

DC-14-08098

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO. | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WILLIE KING, Defendant and SANDRA | § | |
| TORRES CARREON, | § | |
|     Defendant, Cross-Claimant | § | |
|     and Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 191st JUDICIAL DISTRICT |
| LOCKWOOD & SON TRUCKING & | § | |
| CONSTRUCTION | § | |
|     Third-Party Defendant | § | |
| | § | |
| WILLIE KING | § | |
|     Cross-Defendant | § | OF DALLAS COUNTY, TEXAS |

## DEFENDANT WILLIE KING'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Willie King (hereinafter referred to as "Defendant"), the Defendant in the above referenced cause, and files this his Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### Objection to Plaintiff's Election of Discovery Control Plan

I.

Pursuant to Texas Rule of Procedure 190, Defendant objects to Plaintiff's election to conduct discovery under a Level 1 Discovery Control Plan. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Defendant requests that this court enter an order that discovery be conducted in accordance with a discovery control plan Level 3, tailored to the circumstances of this specific suit.

**EXHIBIT**
**E·10**

II.

As authorized by the Texas Rules of Civil Procedure, Defendant denies generally, each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and demands strict proof thereof.

III.

Defendant requests that a Level 3 discovery control plan be entered, tailored to the needs of this specific case.

IV.

Defendant reserves the right to plead further and specific defenses once discovery has been accomplished and pre-trial investigation has been performed.

WHEREFORE, Defendant requests that on final trial:

    (1)    that Plaintiff recovers nothing by its suit;

    (2)    that said Defendant recovers from Plaintiff costs of suit;

    (3)    that said Defendant recover such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

PENNINGTON HILL, LLP


By: /s/ H. Allen Pennington, Jr.
       H. Allen Pennington, Jr.
       State Bar No. 15758500

509 Pecan Street, Suite 101
Tindall Square—Warehouse No. 3
Fort Worth, Texas  76102
Telephone: (817) 332-5055
Facsimile: (817) 332-5054

ATTORNEYS FOR DEFENDANT
WILLIE KING

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record on this the 14TH day of November, 2014, as indicated below:

**Via Efile**
Christopher A. Fusselman
Jason E. Wells
The Fusselman Law Firm, P.C.
1616 South Voss Rd., Ste. 775
Houston, Texas 77057
Email: fusselman@thefusselmanlawfirm.com
jwells@thefusselmanlawfirm.com
Facsimile: 713-960-1430

ATTORNEYS FOR PLAINTIFF
AAA TEXAS COUNTY MUT. INS. CO.

**Via Efile**
Aaron Spahr
Jim S. Adler & Associates
The Tower at City Place, LB 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas 75204
E-mail: aspahr@jimadler.com
Facsimile:    (214) 220-3233

ATTORNEYS FOR DEFENDANT,
CROSS-CLAIMANT,
AND THIRD-PARTY PLAINTIFF
SANDRA TORRES CARREON

/s/ H. Allen Pennington, Jr.
H. Allen Pennington, Jr.

R:\51\Lockwood\Pleadings\Orig Ans of Willie King to Orig Pet.doc

DALLAS COUN
1/14/2014 3:33:27 I
GARY FITZSIMMO
DISTRICT CLI

DC-14-08098

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO.<br>    Plaintiff, | § <br> § <br> § | IN THE DISTRICT COURT |
| v. | § <br> § | |
| WILLIE KING, Defendant and SANDRA<br>TORRES CARREON,<br>    Defendant, Cross-Claimant<br>    and Third-Party Plaintiff, | § <br> § <br> § <br> § <br> § | |
| v. | § <br> § | 191st JUDICIAL DISTRICT |
| LOCKWOOD & SON TRUCKING &<br>CONSTRUCTION<br>    Third-Party Defendant | § <br> § <br> § <br> § | |
| WILLIE KING<br>    Cross-Defendant | § <br> § | OF DALLAS COUNTY, TEXAS |

**CROSS-DEFENDANT WILLIE KING'S ORIGINAL ANSWER TO THIRD-PARTY
PETITION AND CROSS-CLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Willie King (hereinafter referred to as "Cross-Defendant"), the
Cross-Defendant in the above referenced cause, and files this his Original Answer to
Third-Party Petition and Defendant Sandra Torres Carreon's Cross-Claim, and would
respectfully show the Court as follows:

I.

As authorized by the Texas Rules of Civil Procedure, Cross-Defendant denies
generally, each and every, all and singular, the allegations contained in Defendant
Sandra Torres Carreon's Third Party Petition and Cross-Claim, and demands strict
proof thereof.

**EXHIBIT
E-11**

CROSS-DEFENDANT WILLIE KING'S ORIGINAL ANSWER TO THIRD-PARTY PLAINTIFF'S THIRD PARTY
PETITION AND DEFENDANT SANDRA TORRES CARREON'S CROSS-CLAIM                    Page 1

II.

Cross-Defendant requests that a Level 3 discovery control plan be entered, tailored to the needs of this specific case.

III.

Cross-Defendant reserves the right to plead further and specific defenses once discovery has been accomplished and pre-trial investigation has been performed.

WHEREFORE, Cross-Defendant requests that on final trial:

(1)     that Third-Party Plaintiff recovers nothing by her suit;

(2)     that said Cross-Defendant recovers from Third-Party Plaintiff costs of suit;

(3)     that said Cross-Defendant recover such other and further relief to which Cross-Defendant may be justly entitled.

Respectfully submitted,

PENNINGTON HILL, LLP

By: /s/ H. Allen Pennington, Jr.
H. Allen Pennington, Jr.
State Bar No. 15758500

509 Pecan Street, Suite 101
Tindall Square—Warehouse No. 3
Fort Worth, Texas  76102
Telephone: (817) 332-5055
Facsimile: (817) 332-5054

ATTORNEYS FOR CROSS-
DEFENDANT WILLIE KING

# CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record on this the 14TH day of November, 2014, as indicated below:

**Via Efile**
Aaron Spahr
Jim S. Adler & Associates
The Tower at City Place, LB 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas 75204
E-mail: aspahr@jimadler.com
Facsimile: (214) 220-3233

ATTORNEYS FOR DEFENDANT,
CROSS-CLAIMANT,
AND THIRD-PARTY PLAINTIFF
SANDRA TORRES CARREON

**Via Efile**
Christopher A. Fusselman
Jason E. Wells
The Fusselman Law Firm, P.C.
1616 South Voss Rd., Ste. 775
Houston, Texas 77057
Email: fusselman@thefusselmanlawfirm.com
jwells@thefusselmanlawfirm.com
Facsimile: 713-960-1430

ATTORNEYS FOR PLAINTIFF
AAA TEXAS COUNTY MUT. INS. CO.

          /s/ H. Allen Pennington, Jr._____
          H. Allen Pennington, Jr.

R:\51\Lockwood\Pleadings\Original Answer of Willie King.doc

DC-14-08098

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO. | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WILLIE KING, Defendant and SANDRA | § | |
| TORRES CARREON, | § | |
|     Defendant, Cross-Claimant | § | |
|     and Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 191st JUDICIAL DISTRICT |
| LOCKWOOD & SON TRUCKING & | § | |
| CONSTRUCTION | § | |
|     Third-Party Defendant | § | |
| | § | |
| WILLIE KING | § | |
|     Cross-Defendant | § | OF DALLAS COUNTY, TEXAS |

**THIRD-PARTY DEFENDANT LOCKWOOD & SON TRUCKING & CONSTRUCTION'S ORIGINAL ANSWER TO THIRD-PARTY PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Lockwood & Son Trucking & Construction (hereinafter referred to as "Third-Party Defendant"), the Third-Party Defendant in the above referenced cause, and files this its Original Answer to Third-Party Petition, and would respectfully show the Court as follows:

I.

As authorized by the Texas Rules of Civil Procedure, Third-Party Defendant denies generally, each and every, all and singular, the allegations contained in Third-Party Plaintiff's Third-Party Petition, and demands strict proof thereof.



EXHIBIT
*E·12*

II.

Third-Party Defendant requests that a Level 3 discovery control plan be entered, tailored to the needs of this specific case.

III.

Third-Party Defendant reserves the right to plead further and specific defenses once discovery has been accomplished and pre-trial investigation has been performed.

WHEREFORE, Third-Party Defendant requests that on final trial:

(1)     that Third-Party Plaintiff recovers nothing by her suit;

(2)     that said Third-Party Defendant recovers from Third-Party Plaintiff costs of suit;

(3)     that said Third-Party Defendant recover such other and further relief to which Third-Party Defendant may be justly entitled.

Respectfully submitted,

PENNINGTON HILL, LLP

By: /s/ H. Allen Pennington, Jr.
        H. Allen Pennington, Jr.
        State Bar No. 15758500

509 Pecan Street, Suite 101
Tindall Square—Warehouse No. 3
Fort Worth, Texas  76102
Telephone: (817) 332-5055
Facsimile: (817) 332-5054

ATTORNEYS     FOR     THIRD-PARTY
DEFENDANT  LOCKWOOD  &  SON
TRUCKING & CONSTRUCTION

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record on this the 14TH day of November, 2014, as indicated below:

**Via Efile**
Aaron Spahr
Jim S. Adler & Associates
The Tower at City Place, LB 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas 75204
E-mail: aspahr@jimadler.com
Facsimile:     (214) 220-3233

ATTORNEYS FOR DEFENDANT,
CROSS-CLAIMANT,
AND THIRD-PARTY PLAINTIFF
SANDRA TORRES CARREON

**Via Efile**
Christopher A. Fusselman
Jason E. Wells
The Fusselman Law Firm, P.C.
1616 South Voss Rd., Ste. 775
Houston, Texas 77057
Email: fusselman@thefusselmanlawfirm.com
jwells@thefusselmanlawfirm.com
Facsimile: 713-960-1430

ATTORNEYS FOR PLAINTIFF
AAA TEXAS COUNTY MUT. INS. CO.

/s/ H. Allen Pennington, Jr.
H. Allen Pennington, Jr.

R:\51\Lockwood\Pleadings\Original Answer of Lockwood.doc

FILED
DALLAS COUNTY
11/20/2014 3:35:12 PM
GARY FITZSIMMONS
DISTRICT CLERK

DC-14-08098

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO. | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WILLIE KING, Defendant and SANDRA | § | |
| TORRES CARREON, | § | |
|     Defendant, Cross-Claimant | § | |
|     and Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 191st JUDICIAL DISTRICT |
| LOCKWOOD & SON TRUCKING & | § | |
| CONSTRUCTION | § | |
|     Third-Party Defendant | § | |
| | § | |
| WILLIE KING | § | |
|     Cross-Defendant | § | OF DALLAS COUNTY, TEXAS |

## OBJECTIONS TO CROSS-CLAIMANT'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO CROSS-DEFENDANT WILLIE KING

COMES NOW Willie King, Cross-Defendant in the above referenced cause, and files his Objections to Cross-Claimant's Rule 193.7 Notice and respectfully would show the Court as follows:

### I. Introduction

1.    On July 29, 2014, Plaintiff AAA Texas County Mutual Insurance Company filed its Original Petition against Defendants Sandra Torres Carreon ("Carreon") and Willie King ("King"), alleging that Defendants were negligent in the operation of their vehicle and proximately caused damages to Plaintiff's property, as well as injuries to the Plaintiff's insured.

2.    Both Carreon and King timely filed their Original Answers, denying each and every allegation contained in Plaintiff's Original Petition.

OBJECTIONS TO CROSS-CLAIMANT'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO CROSS-DEFENDANT WILLIE KING

Page 1

EXHIBIT
E-13

3.      On or about October 15, 2014, Defendant Carreon filed her Cross-Claim, Request for Disclosure and Rule 193.7 Notice, alleging that Cross-Defendant Willie King was negligent at the time of the subject accident.

4.      In her Cross-Claim, Carreon also included a Rule 193.7 Notice, attempting to authenticate all documents produced through discovery at trial.

5.      Because no discovery has been exchanged and Defendant's Cross-Claim is only five weeks old,  Cross-Defendant objects to Cross-Claimant's Rule 193.7 Notice as premature.

## II. Argument & Authorities

Rule 193.7 states:

"A party's production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial unless—within ten days or longer or shorter time ordered by the court, after the producing party has actual notice that the document will be used—the party objects to authenticity of the document, or any part of it, stating the specific basis for objection.

6.      The ten-day period allowed for objections to authenticity (which period may be altered by the court in appropriate circumstances) does not run from the production of the material or information but from the party's actual awareness that the document will be used. *Merrell v. Wal-Mart Stores, Inc.*, 313 S.W.3d 837 (Tex. 2010). To avoid complications at trial, a party may identify prior to trial the documents intended to be offered, thereby triggering the obligation to object to authenticity. *Id.*

7.      Cross-Claimant's has not identified any specific documents under their Rule 193.7 notice.  Cross-Claimant has simply offered a blanket statement that "any and all documents produced may be used against producing party at any pre-trial

OBJECTIONS TO CROSS-CLAIMANT'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO CROSS-DEFENDANT WILLIE KING

proceeding and/or at the trial of this matter without the necessity of authenticating documents. *See* Defendant's Cross-Claim, p. 6.

8.    In *Merrell*, Plaintiffs filed the notice of self-authentication approximately seventeen months before summary judgment. *Id.* The Court noted that if Defendant had any complaints concerning the notice, it should have raised those complaints to the trial court at a time when any deficiency could have been remedied. Defendant did not raise its specificity complaint until it filed its response to the Plaintiff's summary judgment reply brief. *Id.* The Court further explained that "silence or inaction, for so long a period as to show an intention to yield the known right," may be sufficient to establish a waiver of that right. *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996).   Defendant had seventeen months in the trial court to complain about the notice of self-authentication. *Id.* Defendant waived any complaints by not objecting to the specificity of the notice in the trial court. *Id.*

9.    In light of *Merrell*, Cross-Defendant objects to Cross-Claimant's Rule 193.7 Notice as  vague.  Cross-Defendant does not have proper notice of the specific documents which Cross-Claimant wishes to use and authenticate and thus, cannot timely object to the authentication of said documents under Rule 193.7.

10.    Cross-Defendant cannot determine whether or not it needs to object to the authenticity of any document or the appropriate grounds for any such objection, as Cross-Claimant has failed to specifically identify the document or documents which she will offer into evidence at the trial.   Cross-Defendant's objections pertain to all documents already produced and exchanged through discovery.   Cross-Defendant further requests that Cross-Claimant abide by the letter of the rule and specify any and

OBJECTIONS TO CROSS-CLAIMANT'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO CROSS-DEFENDANT WILLIE KING

all documents she wishes to use before any pre-trial hearing, proceeding and at the time before trial, as "self-authenticated" in accordance with Rule 193.7, to allow the proper notice to Cross-Defendant of same.

WHEREFORE, Cross-Defendant Willie King requests the Court sustain Cross-Defendant's Objections to Cross-Claimant's Rule 193.7 Notice and for such other and further relief to which it may show himself justly entitled.

Respectfully submitted,

PENNINGTON HILL, LLP

By: /s/ H. Allen Pennington, Jr.
     H. Allen Pennington, Jr.
     State Bar No. 15758500

509 Pecan Street, Suite 101
Tindall Square—Warehouse No. 3
Fort Worth, Texas  76102
Telephone: (817) 332-5055
Facsimile: (817) 332-5054

ATTORNEYS FOR CROSS-
DEFENDANT WILLIE KING

OBJECTIONS TO CROSS-CLAIMANT'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO CROSS-DEFENDANT WILLIE KING

Page 4

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record on this the 20th day of November, 2014, as indicated below:

**Via Efile**
Aaron Spahr
Jim S. Adler & Associates
The Tower at City Place, LB 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas 75204
E-mail: aspahr@jimadler.com
Facsimile:     (214) 220-3233

ATTORNEYS FOR DEFENDANT,
CROSS-CLAIMANT,
AND THIRD-PARTY PLAINTIFF
SANDRA TORRES CARREON

**Via Efile**
Christopher A. Fusselman
Jason E. Wells
The Fusselman Law Firm, P.C.
1616 South Voss Rd., Ste. 775
Houston, Texas 77057
Email: fusselman@thefusselmanlawfirm.com
jwells@thefusselmanlawfirm.com
Facsimile: 713-960-1430

ATTORNEYS FOR PLAINTIFF
AAA TEXAS COUNTY MUT. INS. CO.

/s/ H. Allen Pennington, Jr.
H. Allen Pennington, Jr.

R:\51\Lockwood\Pleadings\King Objection to Rule 193.7 Notice.doc

OBJECTIONS TO CROSS-CLAIMANT'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO CROSS-DEFENDANT WILLIE KING

FILED
DALLAS COUNTY
11/20/2014 3:35:12 PM
GARY FITZSIMMONS
DISTRICT CLERK

DC-14-08098

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO. | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WILLIE KING, Defendant and SANDRA | § | |
| TORRES CARREON, | § | |
|     Defendant, Cross-Claimant | § | |
|     and Third-Party Plaintiff, | § | |
| | § | |
| v. | § | 191st JUDICIAL DISTRICT |
| | § | |
| LOCKWOOD & SON TRUCKING & | § | |
| CONSTRUCTION | § | |
|     Third-Party Defendant | § | |
| | § | |
| WILLIE KING | § | |
|     Cross-Defendant | § | OF DALLAS COUNTY, TEXAS |

## OBJECTIONS TO DEFENDANT SANDRA TORRES CARREON'S 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO THIRD-PARTY DEFENDANT LOCKWOOD & SON TRUCKING & CONSTRUCTION

COMES NOW Lockwood & Son Trucking & Construction, Third-Party Defendant in the above referenced cause, and files its Objections to Third-Party Plaintiff's Rule 193.7 Notice and respectfully would show the Court as follows:

### I. Introduction

1.  On July 29, 2014, Plaintiff AAA Texas County Mutual Insurance Company filed its Original Petition against Defendants Sandra Torres Carreon ("Carreon") and Willie King ("King"), alleging that Defendants were negligent in the operation of their vehicle and proximately caused damages to Plaintiff's property, as well as injuries to the Plaintiff's insured.

OBJECTIONS TO DEFENDANT SANDRA TORRES CARREON'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO THIRD-PARTY DEFENDANT LOCKWOOD & SON TRUCKING & CONSTRUCTION

Page 1

EXHIBIT E-4

2.      Both Carreon and King timely filed their Original Answers, denying each and every allegation contained in Plaintiff's Original Petition.

3.      On or about October 15, 2014, Defendant Carreon filed her Third-Party Petition, Request for Disclosure and Rule 193.7 Notice, alleging that Third-Party Defendant Lockwood & Son Trucking & Construction, the alleged employer of Defendant Willie King, was vicariously liable for the negligent acts of Defendant Willie King because he was acting within the course and scope of his employment at the time of the subject accident.

4.      In her Third-Party Petition, Carreon also included a Rule 193.7 Notice, attempting to authenticate all documents produced through discovery at trial.

5.      Because no discovery has been exchanged and Defendant's Third-Party Petition is only five weeks old, Third-Party Defendant objects to Third-Party Plaintiff's Rule 193.7 Notice as premature.

## II.  Argument & Authorities

Rule 193.7 states:

"A party's production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial unless—within ten days or longer or shorter time ordered by the court, after the producing party has actual notice that the document will be used—the party objects to authenticity of the document, or any part of it, stating the specific basis for objection."

6.      The ten-day period allowed for objections to authenticity (which period may be altered by the court in appropriate circumstances) does not run from the production of the material or information but from the party's actual awareness that the document will be used. *Merrell v. Wal-Mart Stores, Inc.*, 313 S.W.3d 837 (Tex. 2010).

To avoid complications at trial, a party may identify prior to trial the documents intended to be offered, thereby triggering the obligation to object to authenticity. *Id.*

7.    Third-Party Plaintiff has not identified any specific documents under their Rule 193.7 notice. Third-Party Plaintiff has simply offered a blanket statement that "any and all documents produced may be used against producing party at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating documents. *See* Defendant's Third-Party Petition, p. 8.

8.    In *Merrell,* Plaintiffs filed the notice of self-authentication approximately seventeen months before summary judgment. *Id.* The Court noted that if Defendant had any complaints concerning the notice, it should have raised those complaints to the trial court at a time when any deficiency could have been remedied. Defendant did not raise its specificity complaint until it filed its response to the Plaintiff's summary judgment reply brief. *Id.* The Court further explained that "silence or inaction, for so long a period as to show an intention to yield the known right," may be sufficient to establish a waiver of that right. *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996). Defendant had seventeen months in the trial court to complain about the notice of self-authentication. *Id.* Defendant waived any complaints by not objecting to the specificity of the notice in the trial court. *Id.*

9.    In light of *Merrell*, Third-Party Defendant objects to Third-Party Plaintiff's Rule 193.7 Notice as vague. Third-Party Defendant does not have proper notice of the specific documents which Third-Party Plaintiff wishes to use and authenticate and thus, cannot timely object to the authentication of said documents under Rule 193.7.

OBJECTIONS TO DEFENDANT SANDRA TORRES CARREON'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO THIRD-PARTY DEFENDANT LOCKWOOD & SON TRUCKING & CONSTRUCTION

10.     Third-Party Defendant cannot determine whether or not it needs to object to the authenticity of any document or the appropriate grounds for any such objection, as Third-Party Plaintiff has failed to specifically identify the document or documents which she will offer into evidence at the trial. Third-Party Defendant's objections pertain to all documents produced and exchanged through discovery. Third-Party Defendant further requests that Third-Party Plaintiff abide by the letter of the rule and specify any and all documents she wishes to use before any pre-trial hearing, proceeding and at the time before trial, as "self-authenticated" in accordance with Rule 193.7, to allow the proper notice to Third-Party Defendant of same.

WHEREFORE, Third-Party Defendant Lockwood & Son Trucking & Construction requests the Court sustain Third-Party Defendant's Objections to Third-Party Plaintiff's Rule 193.7 Notice and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

PENNINGTON HILL, LLP

By: /s/ H. Allen Pennington, Jr.
    H. Allen Pennington, Jr.
    State Bar No. 15758500

509 Pecan Street, Suite 101
Tindall Square—Warehouse No. 3
Fort Worth, Texas  76102
Telephone: (817) 332-5055
Facsimile: (817) 332-5054

ATTORNEYS FOR THIRD-PARTY
DEFENDANT LOCKWOOD & SON
TRUCKING & CONSTRUCTION

OBJECTIONS TO DEFENDANT SANDRA TORRES CARREON'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO THIRD-PARTY DEFENDANT LOCKWOOD & SON TRUCKING & CONSTRUCTION

Page 4

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record on this the 20th day of November, 2014, as indicated below:

**Via Efile**
Aaron Spahr
Jim S. Adler & Associates
The Tower at City Place, LB 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas 75204
E-mail: aspahr@jimadler.com
Facsimile:     (214) 220-3233

ATTORNEYS FOR DEFENDANT,
CROSS-CLAIMANT,
AND THIRD-PARTY PLAINTIFF
SANDRA TORRES CARREON

**Via Efile**
Christopher A. Fusselman
Jason E. Wells
The Fusselman Law Firm, P.C.
1616 South Voss Rd., Ste. 775
Houston, Texas 77057
Email: fusselman@thefusselmanlawfirm.com
jwells@thefusselmanlawfirm.com
Facsimile: 713-960-1430

ATTORNEYS FOR PLAINTIFF
AAA TEXAS COUNTY MUT. INS. CO.

/s/ H. Allen Pennington, Jr. _____
H. Allen Pennington, Jr.

R:\51\Lockwood\Pleadings\Lockwood  Objection to Rule 193.7 Notice.doc

OBJECTIONS TO DEFENDANT SANDRA TORRES CARREON'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO THIRD-PARTY DEFENDANT LOCKWOOD & SON TRUCKING & CONSTRUCTION

FILED
DALLAS COUNTY
11/24/2014 12:17:05 PM
GARY FITZSIMMONS
DISTRICT CLERK

## CAUSE NO. DC-14-08098

| | | |
|---|---|---|
| **AAA TEXAS COUNTY MUT. INS. CO.** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **WILLIE KING,** *Defendant* **and SANDRA** | § | |
| **TORRES CARREON,** *Defendant, Cross-* | § | |
| *Claimant, and Third-Party Plaintiff,* | § | |
| | § | **191ST JUDICIAL DISTRICT** |
| **vs.** | § | |
| | § | |
| **LOCKWOOD & SON TRUCKING &** | § | |
| **CONSTRUCTION** | § | |
| *Third-Party Defendant* | § | |
| | § | |
| **WILLIE KING** | § | |
| *Cross-Defendant.* | § | **DALLAS  COUNTY, TEXAS** |

---

### DEFENDANT, CROSS-CLAIMANT, AND THIRD-PARTY PLAINTIFF SANDRA TORRES CARREON'S FIRST AMENDED THIRD PARTY PETITION AND RULE 193.7 NOTICE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Third-Party Plaintiff SANDRA TORRES CARREON, Defendant, Cross-Claimant, and Third-Party Plaintiff in the above-entitled and numbered cause of action, and files her First Amended Third-Party Petition, Complaining of Third-Party Defendant LOCKWOOD & SON  TRUCKING & CONSTRUCTION, and in support thereof would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Third-Party Plaintiff Sandra Torres Carreon intends to conduct discovery pursuant to Texas Rule of Civil Procedure 190.4 under Discovery Control Plan Level 3.  Third-Party



Plaintiff affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

## II. PARTIES

2.1     Plaintiff does business in Texas and is a party to this lawsuit as subrogee of Michelle Snelling, a Texas resident.

2.2     Sandra Torres Carreon ("Third-Party Plaintiff") is a resident of Dallas, Texas. The last three digits of her Texas driver's license number are 247.

2.3     **Third-party Defendant Lockwood & Son Trucking & Construction** ("Lockwood Trucking") has appeared and answered herein.

2.4     **Cross-Defendant Willie King** has appeared and answered herein.

## III. JURISDICTION & VENUE

3.1     The Court has jurisdiction in this cause since the damages to Third-Party Plaintiff are within the jurisdictional limits of the Court.

3.2     Venue is proper in Dallas County pursuant to Tex. Civ. Prac. & Rem. Code, Sections 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County.

3.3     All conditions precedent for relief have occurred.

3.4     No action on the part of Third-Party Plaintiff caused or contributed to this occurrence.

## IV. FACTS

4.1     On October 10, 2013, Third-Party Plaintiff Sandra Torres Carreon was travelling on the 8000 block Interstate 20 in Dallas County, Texas near the Lyndon B. Johnson Freeway exit.  Third-Party Plaintiff slowed down for traffic moving from the left-hand lane into her lane

of travel.  Defendant Willie King, while operating a tractor-trailer owned by and in the course and scope of his employment with Third-Party Defendant Lockwood & Son Trucking & Construction, failed to pay proper attention and crashed into Third-Party Plaintiff's vehicle from behind.  The force of the impact propelled Third-Party Plaintiff's vehicle into Plaintiff's vehicle.  Defendant Willie King attempted to flee the scene of the collision on foot.  Defendant King's negligence proximately caused severe and permanent injury to Sandra Torres Carreon.

## V. LOCKWOOD & SON TRUCKING & CONSTRUCTION

5.1     At all times material to this lawsuit, Third-Party Defendant Lockwood Trucking owned the vehicle driven by Defendant Willie King.  At all times material to this lawsuit, Defendant King was an employee of Third-Party Defendant Lockwood Trucking and was acting within the course and scope of his employment with Third-Party Defendant Lockwood Trucking. At all times material to this lawsuit, Defendant Lockwood Trucking was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or Texas Motor Carrier Safety Regulations. At all times material to this lawsuit, Defendant Lockwood Trucking was a statutory employer of Willie King under the Federal Motor Carrier Safety Regulations and the Texas Transportation Code.  Consequently, Lockwood Trucking is vicariously liable to Sandra Torres Carreon for the negligent and/or negligent *per se* conduct of Defendant Willie King under both common law and statutory law.

5.2     At all times material hereto, Defendant Lockwood Trucking was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations and as such owed a duty to follow those regulations, including but not limited to those addressing qualifying drivers, monitoring driver qualification files, drug testing, and supervision.  The independent conduct of Third-Party Defendant Lockwood Trucking constitutes

negligence and/or negligence *per se* as that term is known in law.   Such negligent and/or negligent *per se* acts or omission include, but are not limited to the following:

    a.    hiring and/or retaining Defendant Willie King whom it knew or should have known was a reckless or incompetent driver;

    b.    entrusting a vehicle to Defendant Willie King whom it knew or should have known was a reckless or incompetent driver;

    c.    failing to properly train Defendant Willie King in safe motor vehicle operation;

    d.    failing to properly supervise Defendant Willie King's driving activities;

    e.    failing to properly qualify Defendant Willie King; and/or

    e.    other acts of negligence and/or negligence *per se*.

One, some, or all of the foregoing acts and/or omissions or others on the part of Third-Party Defendant Lockwood Trucking, constituted negligence and/or negligence *per se* and such negligence and/or negligence *per se* was a proximate cause of the occurrence and Third-Party Plaintiff's injuries and damages.

## VI. GROSS NEGLIGENCE OF THIRD-PARTY DEFENDANT LOCKWOOD TRUCKING

6.1    The conduct of Third-Party Defendant Lockwood Trucking amounted to gross negligence to the extent that its acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and which Third-Party Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Sandra Torres Carreon.

## VII. DAMAGES

7.1     As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence and/or negligence *per se* of Third-Party Defendant Lockwood Trucking, Third-Party Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

7.2     Third-Party Plaintiff respectfully requests that the trier of fact determine the amount of her damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.    Physical pain and mental anguish;

    b.    Loss of earning capacity;

    c.    Disfigurement;

    d.    Physical impairment;

    e.    Medical care expenses; and,

    f.    Out-of-pocket economic losses.

7.3     Because of all of the above and foregoing, Third-Party Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Third-Party Plaintiff now bring suit.  Third-Party Plaintiff seeks monetary relief of more than $200,000 but less than $1,000,000.00.

7.4     Third-Party Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

7.5     Because of the grossly negligent conduct of Third-Party Defendant Lockwood Trucking, Third-Party Plaintiff seeks recovery for exemplary damages.  Exemplary damages means any damages awarded as a penalty or by way of punishment.  Exemplary damages include

punitive damages.  In determining the amount of exemplary damages the trier of fact should consider the following:

    a.  The nature of the wrong;

    b.  The character of the conduct involved;

    c.  The degree of culpability of the wrongdoer;

    d.  The situation and sensibilities of the parties concerned;

    e.  The extent to which such conduct offends a public sense of justice and propriety; and

    f.  The net worth of the Defendant.

7.6    Third-Party Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against each Defendant to two (2) times the amount of economic damages plus an amount equal to any noneconomic damages found by the trier of fact, not to exceed $750,000, or $200,000, whichever is greater, is unconstitutional, as it violates:

    a.  Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process and equal protection;

    b.  Article One, Section Three of the Texas Constitution, which guarantees equal protection of the laws;

    c.  Article One, Section Thirteen of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law;

    d.  Article One, Section Nineteen of the Texas Constitution, which guarantees due course of law;

    e.  Article Two, Section One of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, probating the legislature from exercising power properly attached to the judiciary;

    f.  Article Three, Section Fifty-Six of the Texas Constitution, which prohibits the

legislature from passing any local or special law authorizing limitation of civil actions; and/or

g.  Article One, Section Fifteen, and Article Five, Section Ten of the Texas Constitution, which guarantee the right to trial by jury in civil cases.

## VIII. RULE 193.7 NOTICE

8.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Third-Party Plaintiff hereby gives actual notice to Third-Party Defendant that any and all documents produced may be used against producing party at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sandra Torres Carreon prays Third-Party Defendant Lockwood Trucking be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Third-Party Plaintiff recover damages in accordance with the evidence, that Third-Party Plaintiff recover costs of court herein expended, that Third-Party Plaintiff recover interest to which she is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Third-Party Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER, P.C. & ASSOCIATES**

BY:   _/s/ Aaron Spahr_____
**AARON SPAHR**
State Bar No.: 00794674
2711 N. Haskell Avenue, Suite 2500
The Tower at City Place, LB 40
Dallas, Texas  75204
Telephone:     (214) 442-5032
Facsimile:      (214) 220-3233
E-mail: aspahr@jimadler.com

**ATTORNEYS FOR DEFENDANT,
CROSS-CLAIMANT, AND THIRD-PARTY
PLAINTIFF SANDRA TORRES CARREON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel on this 24th day of November, 2014 in accordance with the Texas Rules of Civil Procedure:

*Via E-file*
*and/or facsimile: 713-960-1430*
**Christopher A. Fusselman**
State Bar No. 00792520
fusselman@thefusselmanlawfirm.com

**Jason E. Wells**
State Bar No. 24066279
jwells@thefusselmanlawfirm.com

THE FUSSELMAN LAW FIRM, P.C.
1616 South Voss Road, Suite 775
Houston, Texas 77057
Telephone: (713) 960-1619
Facsimile: (713) 960-1430
*Attorneys for Plaintiff AAA Texas County
Mutual Insurance Company*

*Via E-file*
*and/or facsimile: 817-332-5054*
**H. Allen Pennington, Jr.**
State Bar No. 15758500
apennington@phblaw.com

PENNINGTON HILL, LLP
Tindall Square - Warehouse No. 3
509 Pecan Street, Suite 101
Fort Worth, Texas 76102
Telephone: (817) 332-5055
Facsimile: (817) 332-5054
*Attorneys for: Defendant Willie King and
Third-Party Defendant Lockwood & Son
Trucking & Construction*

_/s/ Aaron Spahr_____
**AARON SPAHR**

FILED
DALLAS COUNTY
12/2/2014 11:00:37 AM
GARY FITZSIMMONS
DISTRICT CLERK

DC-14-08098

| | | |
|---|---|---|
| AAA TEXAS COUNTY MUT. INS. CO. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WILLIE KING, Defendant and SANDRA | § | |
| TORRES CARREON, | § | |
| Defendant, Cross-Claimant | § | |
| and Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 191st JUDICIAL DISTRICT |
| LOCKWOOD & SON TRUCKING & | § | |
| CONSTRUCTION | § | |
| Third-Party Defendant | § | |
| | § | |
| WILLIE KING | § | |
| Cross-Defendant | § | OF DALLAS COUNTY, TEXAS |

## OBJECTIONS TO DEFENDANT, CROSS-CLAIMANT AND THIRD-PARTY PLAINTIFF SANDRA TORRES CARREON'S 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO THIRD-PARTY DEFENDANT LOCKWOOD & SON TRUCKING & CONSTRUCTION

COMES NOW Lockwood & Son Trucking & Construction, Third-Party Defendant in the above referenced cause, and files its Objections to Third-Party Plaintiff's Rule 193.7 Notice and respectfully would show the Court as follows:

### I. Introduction

1.     On July 29, 2014, Plaintiff AAA Texas County Mutual Insurance Company filed its Original Petition against Defendants Sandra Torres Carreon ("Carreon") and Willie King ("King"), alleging that Defendants were negligent in the operation of their vehicle and proximately caused damages to Plaintiff's property, as well as injuries to the Plaintiff's insured.

OBJECTIONS TO DEFENDANT, CROSS-CLAIMANT AND THIRD-PARTY PLAINTIFF SANDRA TORRES CARREON'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO THIRD-PARTY DEFENDANT LOCKWOOD & SON TRUCKING & CONSTRUCTION

Page 1

2.     Both Carreon and King timely filed their Original Answers, denying each and every allegation contained in Plaintiff's Original Petition.

3.     On or about November 24, 2014, Defendant, Cross-Claimant, and Third-Party Plaintiff Sandra Torres Carreon filed her First Amended Third-Party Petition and Rule 193.7 Notice, alleging that Third-Party Defendant Lockwood & Son Trucking & Construction, the alleged employer of Defendant Willie King, was vicariously liable for the negligent acts of Defendant Willie King because he was acting within the course and scope of his employment at the time of the subject accident.

4.     In her First Amended Third-Party Petition, Carreon also included a Rule 193.7 Notice, attempting to authenticate all documents produced through discovery at trial.

5.     Because no discovery has been exchanged, Third-Party Defendant objects to Third-Party Plaintiff's Rule 193.7 Notice as premature.

## II. Argument & Authorities

Rule 193.7 states:

"A party's production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial unless—within ten days or longer or shorter time ordered by the court, after the producing party has actual notice that the document will be used—the party objects to authenticity of the document, or any part of it, stating the specific basis for objection."

6.     The ten-day period allowed for objections to authenticity (which period may be altered by the court in appropriate circumstances) does not run from the production of the material or information but from the party's actual awareness that the document will be used. *Merrell v. Wal-Mart Stores, Inc.*, 313 S.W.3d 837 (Tex. 2010).

OBJECTIONS TO DEFENDANT, CROSS-CLAIMANT AND THIRD-PARTY PLAINTIFF SANDRA TORRES CARREON'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO THIRD-PARTY DEFENDANT LOCKWOOD & SON TRUCKING & CONSTRUCTION

To avoid complications at trial, a party may identify prior to trial the documents intended to be offered, thereby triggering the obligation to object to authenticity. *Id.*

7.      Third-Party Plaintiff has not identified any specific documents under their Rule 193.7 notice.  Third-Party Plaintiff has simply offered a blanket statement that "any and all documents produced may be used against producing party at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating documents.  *See* Defendant's Third-Party Petition, p. 8.

8.      In *Merrell,* Plaintiffs filed the notice of self-authentication approximately seventeen months before summary judgment.  *Id.* The Court noted that if Defendant had any complaints concerning the notice, it should have raised those complaints to the trial court at a time when any deficiency could have been remedied. Defendant did not raise its specificity complaint until it filed its response to the Plaintiff's summary judgment reply brief.  *Id.* The Court further explained that "silence or inaction, for so long a period as to show an intention to yield the known right," may be sufficient to establish a waiver of that right. *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996).   Defendant had seventeen months in the trial court to complain about the notice of self-authentication. *Id.* Defendant waived any complaints by not objecting to the specificity of the notice in the trial court. *Id.*

9.      In light of *Merrell*, Third-Party Defendant objects to Third-Party Plaintiff's Rule 193.7 Notice as  vague.  Third-Party Defendant does not have proper notice of the specific documents which Third-Party Plaintiff wishes to use and authenticate and thus, cannot timely object to the authentication of said documents under Rule 193.7.

OBJECTIONS TO DEFENDANT, CROSS-CLAIMANT AND THIRD-PARTY PLAINTIFF SANDRA TORRES CARREON'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO THIRD-PARTY DEFENDANT LOCKWOOD & SON TRUCKING & CONSTRUCTION

10.     Third-Party Defendant cannot determine whether or not it needs to object to the authenticity of any document or the appropriate grounds for any such objection, as Third-Party Plaintiff has failed to specifically identify the document or documents which she will offer into evidence at the trial.  Third-Party Defendant's objections pertain to all documents produced and exchanged through discovery.   Third-Party Defendant further requests that Third-Party Plaintiff abide by the letter of the rule and specify any and all documents she wishes to use before any pre-trial hearing, proceeding and at the time before trial, as "self-authenticated" in accordance with Rule 193.7, to allow the proper notice to Third-Party Defendant of same.

WHEREFORE, Third-Party Defendant Lockwood & Son Trucking & Construction requests the Court sustain Third-Party Defendant's Objections to Third-Party Plaintiff's Rule 193.7 Notice and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

PENNINGTON HILL, LLP

By: /s/ H. Allen Pennington, Jr.
        H. Allen Pennington, Jr.
        State Bar No. 15758500

509 Pecan Street, Suite 101
Tindall Square—Warehouse No. 3
Fort Worth, Texas  76102
Telephone: (817) 332-5055
Facsimile: (817) 332-5054
apennington@phblaw.com

ATTORNEYS FOR THIRD-PARTY
DEFENDANT LOCKWOOD & SON
TRUCKING & CONSTRUCTION

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record on this the 2nd day of December, 2014, as indicated below:

**Via Efile**
Aaron Spahr
Jim S. Adler & Associates
The Tower at City Place, LB 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas 75204
E-mail: aspahr@jimadler.com
Facsimile:     (214) 220-3233

ATTORNEYS FOR DEFENDANT,
CROSS-CLAIMANT,
AND THIRD-PARTY PLAINTIFF
SANDRA TORRES CARREON

**Via Efile**
Christopher A. Fusselman
Jason E. Wells
The Fusselman Law Firm, P.C.
1616 South Voss Rd., Ste. 775
Houston, Texas 77057
Email: fusselman@thefusselmanlawfirm.com
jwells@thefusselmanlawfirm.com
Facsimile: 713-960-1430

ATTORNEYS FOR PLAINTIFF
AAA TEXAS COUNTY MUT. INS. CO.

/s/ H. Allen Pennington, Jr. _____
H. Allen Pennington, Jr.

R:\51\Lockwood\Pleadings\Lockwood  Objection to Rule 193.7 Notice.2.doc

OBJECTIONS TO DEFENDANT, CROSS-CLAIMANT AND THIRD-PARTY PLAINTIFF SANDRA TORRES CARREON'S RULE 193.7 NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY TO THIRD-PARTY DEFENDANT LOCKWOOD & SON TRUCKING & CONSTRUCTION

*421J* 000635

## CAUSE NO. DC-14-08098

| | |
|---|---|
| **AAA TEXAS COUNTU MUT. INS.**<br>**CO.**<br>**vs.**<br>**SANDRA CARREON, et al** | **IN THE DISTRICT COURT OF**<br>**DALLAS COUNTY, TEXAS**<br>**191ST JUDICIAL DISTRICT** |

### SCHEDULING ORDER (LEVEL 1 OR 2)
(Revised June 26, 2009)

In accordance with TRCP Rules 166, 190 and 192, the Court makes the following order to control discovery and the schedule of this cause:

1. This case will be ready and is set for Jury trial on 03/21/2016 @ 9:30 AM (the **"Initial Trial Setting"**). Reset or continuance of the Initial Trial Setting will not alter any deadlines established in this Order or established by the TRCP, unless otherwise provided by order.

2. Unless otherwise ordered, discovery in this case will be controlled by:

   ☐     TRCP Rule 190.2 (Level 1)
   X     TRCP Rule 190.3 (Level 2)

Within 60 days of the date of this order, the parties by agreed proposed order or any party by motion and hearing may seek Level 3 treatment.

3.                       **DEADLINES AND TIMELINES**

| Time Limit<br>(no more than) | Deadline |
|---|---|
| 5 months after the first defendant is served | **Deadline to Join Additional Parties including Responsible Third Parties** – except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of TRCP 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party. |
| 120 days before the Initial Trial Setting | **Deadline for any Party Seeking Affirmative Relief to Designate Experts** – per TRCP 1942(f). |
| 90 days before the Initial Trial Setting. | **Deadline for any Party Opposing Affirmative Relief to Designate Experts** – per TRCP 1942(f). |
| 80 days before the Initial Trial Setting | **Deadline for Designation of Rebuttal Experts** – per TRCP 1942(f). |


EXHIBIT
E·19

| 80 days before the Initial Trial Setting | **Deadline for Filing Amended Pleadings Asserting New Claims or Defenses** – when asserting new causes of action or defenses. Any other amended pleadings must be filed **no later than forty-five (45) days before the Initial Trial Setting**. |

- Amended pleadings responsive to timely filed pleadings must be filed **within two (2) weeks after the pleading** to which they respond.
- Except with leave of court, TRCP 166a(c) motions must be heard **no later than thirty (30) days before the Initial Trial Setting**.

| 60 days before the Initial Trial Setting | **Deadline for Filing Dispositive Motions (excluding all No-Evidence Motions for Summary Judgment).** Deadline to hear Dispositive Motions (excluding No-Evidence MSJs) – **no later than thirty (30) days before the Initial Trial Setting**. |

| 50 days before the Initial Trial Setting | **Discovery Closes.** All depositions shall be completed by this date and all written discovery requests shall be served so that responses are due no later than this date. Rule 193.5 governs amended or supplemental responses. |

| 45 days before the Initial Trial Setting | **Deadline for Motion to Exclude or Limit Expert Testimony** or such objection is waived. |

| 45 days before the Initial Trial Setting | **Deadline for Motion to Compel** – (other than relating to factual matters arising after the end of the discovery period) or such complaint is waived, except for the sanction of exclusion under Rule 193.6. |

| 45 days before the Initial Trial Setting | **Deadline for Mediation** – See separate mediation order. |

| **Pre-Trial Matters** 14 days before the Initial Trial Setting | |

- The parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, excluding purely rebuttal exhibits;
- The parties shall exchange copies of any exhibits not previously produced in discovery. Over-designation is strongly discouraged and may be sanctioned.
- Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Rule 193.7 applies to this designation.

| 10 days before the Initial Trial Setting | The parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court, agreed exhibits, and shall attempt to maximize agreement on such matters. |
|---|---|
| By 4 PM on the Thursday before the Initial Trial Setting | The parties shall file |

- the materials stated in Rule 166(e)-(l),
- an estimate of the length of trial,
- designation of deposition testimony to be offered in direct examination, and
- any motions in limine.

Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

On the day of trial, the parties shall bring to Court the Proposed Jury Charge, any Motions in Limine, any orders thereon, and a copy of the Proposed Jury Charge on CD in either Word or WordPerfect format (Word format preferred).

## MISCELLANEOUS

4. **Telephone Hearings (for parties out of town)** – Participation by telephone for parties out of town is encouraged. Arrangements should be made with the Court Administrator **prior to the date of the hearing**.

5. **Continuances** – Despite Dallas County Local Civil Rule 3.01(b), the Court does *not* require that continuances be signed by the Parties in addition to Counsel (unless *pro se*). However, be advised that an Agreed Motion for Continuance will not always be granted, especially those filed within two weeks of trial.   If a Motion for Continuance is filed, the Court strongly prefers that it be filed as soon as a party realizes such continuance is needed rather than waiting until trial is approaching.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

SIGNED 6/2/15 .

**GENA N. SLAUGHTER**
**District Judge**

cc: Counsel of Record/Pro Se Parties and Mediator

DC-14-09728                                 Page 3 of 3

Skip to Main Content  Logout  My Account  Search Menu  New Civil District Search  Refine Search  Back

Location : All District Civil Courts    Images Help

## REGISTER OF ACTIONS
### CASE NO. DC-14-08098

| | |
|---|---|
| AAA TEXAS COUNTU MUT. INS. CO. vs. SANDRA CARREON, et al | § § § § § |

Case Type: **MOTOR VEHICLE ACCIDENT**
Date Filed: **07/29/2014**
Location: **191st District Court**

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| DEFENDANT | CARREON, SANDRA TORRES | AARON C SPAHR *Retained* 214-442-5032(W) |
| DEFENDANT | KING, WILLIE | H ALLEN PENNINGTON *Retained* 817-332-5055(W) |
| DEFENDANT | LOCKWOOD & SON TRUCKING & CONSTRUCTION | H ALLEN PENNINGTON *Retained* 817-332-5055(W) |
| PLAINTIFF | AAA TEXAS COUNTU MUT. INS. CO. | CHRISTOPHER A FUSSELMAN *Retained* 713-960-1619(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 07/29/2014 | **NEW CASE FILED (OCA) - CIVIL** | | |
| 07/29/2014 | **ORIGINAL PETITION** | | |
| | *Filing Suit* | | |
| 07/29/2014 | **CASE FILING COVER SHEET** | | |
| | *Case Info Sheet* | | |
| 07/29/2014 | **CORRESPONDENCE - LETTER TO FILE** | | |
| | *Cover Letter* | | |
| 07/29/2014 | **ISSUE CITATION** | | |
| | *E-SERVE#22267481* | | |
| 07/31/2014 | **CITATION** | | |
| | CARREON, SANDRA TORRES | Served | 10/01/2014 |
| | | Returned | 10/07/2014 |
| | KING, WILLIE | Unserved | |
| 07/31/2014 | **CITATION ISSUED** | | |
| | *E-SERVE/SLA* | | |
| 10/07/2014 | **RETURN OF SERVICE** | | |
| | *AFFIDAVIT OF SERVICE* | | |
| 10/14/2014 | **ORIGINAL ANSWER - GENERAL DENIAL** | | |
| 10/14/2014 | **JURY DEMAND** | | |
| 10/15/2014 | **REQUEST FOR SERVICE** | | |
| | *CARREON-LTR TO FILE CARREON S THIRD PARTY PETITION* | | |
| 10/15/2014 | **THIRD PARTY ACTION** | | |
| | *CARREON S THIRD PARTY PETITION, REQUEST FOR DISCLOSURE, AND RULE 193.7.* | | |
| 10/15/2014 | **CROSS CLAIM** | | |
| | *DEFENDANT SANDRA TORRES CARREON S CROSS-CLAIM, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE* | | |
| 10/15/2014 | **REQUEST FOR SERVICE** | | |
| | *CARREON - LTR TO FILE CROSS-CLAIM, REQUEST FOR DISCLOSURE, AND RULE 193.7.* | | |
| 10/15/2014 | **ISSUE CITATION COMM OF INS OR SOS** | | |
| 10/15/2014 | **REQUEST FOR SERVICE** | | |
| | *Carreon - Ltr Copy Fee Due to the Ct* | | |
| 10/16/2014 | **CITATION SOS/COI/COH/HAG** | | |
| | KING, WILLIE | Served | 10/20/2014 |
| | *ATTY/SKL CROSS CLAIM* | Returned | 11/05/2014 |
| 10/16/2014 | **CITATION SOS/COI/COH/HAG** | | |
| | KING, WILLIE | Served | 10/20/2014 |
| | *ATTY/SKL 3RD PARTY PET* | Returned | 11/05/2014 |
| | LOCKWOOD & SON TRUCKING & CONSTRUCTION | Served | 10/20/2014 |
| | | Returned | 11/05/2014 |
| 10/16/2014 | **CITATION ISSUED** | | |
| 11/06/2014 | **CERTIFICATE OF WRITTEN DISCOVERY** | | |
| | *Plaintiff's Certificate of Written Discovery* | | |
| 11/13/2014 | **CERTIFICATE OF WRITTEN DISCOVERY** | | |
| | *Plaintiff's Certificate of Written Discovery* | | |
| 11/13/2014 | **CORRESPONDENCE - LETTER TO FILE** | | |
| | *Cover letter for Plaintiff's Certificate of Written Discovery* | | |
| 11/14/2014 | **ORIGINAL ANSWER - GENERAL DENIAL** | | |
| | *Answers* | | |
| 11/14/2014 | **ORIGINAL ANSWER - GENERAL DENIAL** | | |
| | *Answer* | | |
| 11/14/2014 | **ORIGINAL ANSWER - GENERAL DENIAL** | | |
| | *Answer* | | |
| 11/20/2014 | **OBJECTION** | | |
| | *Obj to 193.7* | | |
| 11/20/2014 | **OBJECTION** | | |
| | *King Obj to 193.7 Notice* | | |
| 11/24/2014 | **AMENDED PETITION** | | |
| | *THIRD* | | |
| 12/02/2014 | **OBJECTION** | | |
| | *Objection to 193.7* | | |
| 12/10/2014 | **RULE 11** | | |



EXHIBIT
7

| | | | | |
|---|---|---|---|---|
| 12/11/2014 | **CERTIFICATE OF WRITTEN DISCOVERY** | | | |
| | *Plaintiff's Certificate of Written Discovery for discovery requests to King* | | | |
| 12/11/2014 | **CORRESPONDENCE - LETTER TO FILE** | | | |
| | *Cover letter for Certificate of Written Discovery* | | | |
| 12/15/2014 | **CERTIFICATE OF WRITTEN DISCOVERY** | | | |
| | *Plaintiff's* | | | |
| 12/15/2014 | **CORRESPONDENCE - LETTER TO FILE** | | | |
| 12/23/2014 | **RULE 11** | | | |
| | *Rule 11 Agreement* | | | |
| 01/21/2015 | **AFFIDAVIT** | | | |
| | *Third Party Plaintiff Sandra Torres Carreon s NOFA* | | | |
| 01/21/2015 | **CORRESPONDENCE - LETTER TO FILE** | | | |
| | *Ltr to file Third Party Plaintiff Sandra Torres Carreon s NOFA* | | | |
| 01/27/2015 | **RULE 11** | | | |
| | *RE AFFIDAVITS* | | | |
| 02/26/2015 | **AFFIDAVIT** | | | |
| | *First Supplemental NOFA* | | | |
| 02/26/2015 | **CORRESPONDENCE - LETTER TO FILE** | | | |
| 03/02/2015 | **RETURN OF SERVICE** | | | |
| | *1 ATTY SUBP ISSUED EXEC 2/19/15 ( CUST OF REC, AT&T NATIONAL COMPLIANCE CENTER) PPS TENDER FEE $1* | | | |
| 04/08/2015 | **AFFIDAVIT** | | | |
| | *Plaintiff Sandra Torres Carreon???s 2nd Supplemental NOFA* | | | |
| 04/08/2015 | **CORRESPONDENCE - LETTER TO FILE** | | | |
| | *Ltr to file PL Carreon's 2nd Supp Notice of Filing Business Records Affidavits* | | | |
| 04/17/2015 | **AFFIDAVIT** | | | |
| | *P Carreon???s 3rd Supplemental Notice of Filing Business Records Affidavits* | | | |
| 04/17/2015 | **CORRESPONDENCE - LETTER TO FILE** | | | |
| | *RE: AFFIDAVIT* | | | |
| 05/05/2015 | **AFFIDAVIT** | | | |
| | *Plaintiff Carreon???s Fourth Supplemental Notice of Filing Business Records Affidavits* | | | |
| 05/05/2015 | **CORRESPONDENCE - LETTER TO FILE** | | | |
| | *Ltr to file Plaintiff Carreon???s Fourth Supplemental Notice of Filing Business Records Affidavits* | | | |
| 05/11/2015 | **MOTION - COMPEL** | | | |
| | *Plaintiff's MTC Third-Party Defendant Lockwood & Son Trucking & Construction???s Response to Request for Production* | | | |
| 05/11/2015 | **NON-SIGNED PROPOSED ORDER/JUDGMENT** | | | |
| | *Ltr to file Proposed Order on P's MTC 3rd-Party Def Lockwood & Son Trucking???s Response to Request for Production* | | | |
| 05/27/2015 | **AFFIDAVIT** | | | |
| | *Plaintiff Sandra T. Carreon???s Fifth Supplemental Notice of Filing Business Records Affidavits* | | | |
| 05/27/2015 | **CORRESPONDENCE - LETTER TO FILE** | | | |
| | *Ltr to file Plaintiff Carreon???s Fifth Supplemental Notice of Filing Business Records Affidavits* | | | |
| 06/02/2015 | **SCHEDULING ORDER** | | | |
| | *Vol./Book 421J, Page 635, 3 pages* | | | |
| 06/08/2015 | **AFFIDAVIT** | | | |
| | *Plaintiff Sandra Torres Carreon???s Sixth Supplemental Notice of Filing Business Records Affidavits* | | | |
| 06/08/2015 | **CORRESPONDENCE - LETTER TO FILE** | | | |
| | *Ltr to file Plf Sandra Torres Carreon???s Sixth Suppl Notice of Filing Business Records Affidavits* | | | |
| 03/21/2016 | **Jury Trial - Civil** (9:30 AM) (Judicial Officer SLAUGHTER, GENA) | | | |

---

**FINANCIAL INFORMATION**

|  | | |  |  |
|---|---|---|---|---|
| | **DEFENDANT** CARREON, SANDRA TORRES | | | |
| | Total Financial Assessment | | | 221.00 |
| | Total Payments and Credits | | | 221.00 |
| | **Balance Due as of 06/18/2015** | | | **0.00** |
| 10/15/2014 | Transaction Assessment | | | 30.00 |
| 10/15/2014 | CREDIT CARD - TEXFILE (DC) | Receipt # 60163-2014-DCLK | CARREON, SANDRA TORRES | (30.00) |
| 10/15/2014 | Transaction Assessment | | | 97.00 |
| 10/15/2014 | CREDIT CARD - TEXFILE (DC) | Receipt # 60274-2014-DCLK | CARREON, SANDRA TORRES | (97.00) |
| 10/15/2014 | Transaction Assessment | | | 76.00 |
| 10/15/2014 | CREDIT CARD - TEXFILE (DC) | Receipt # 60284-2014-DCLK | CARREON, SANDRA TORRES | (76.00) |
| 10/16/2014 | Transaction Assessment | | | 18.00 |
| 10/16/2014 | CREDIT CARD - TEXFILE (DC) | Receipt # 60327-2014-DCLK | CARREON, SANDRA TORRES | (18.00) |
| | **PLAINTIFF** AAA TEXAS COUNTU MUT. INS. CO. | | | |
| | Total Financial Assessment | | | 293.00 |
| | Total Payments and Credits | | | 293.00 |
| | **Balance Due as of 06/18/2015** | | | **0.00** |
| 07/29/2014 | Transaction Assessment | | | 293.00 |
| 07/29/2014 | CREDIT CARD - TEXFILE (DC) | Receipt # 42848-2014-DCLK | AAA TEXAS COUNTU MUT. INS. CO. | (293.00) |