IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA TORRES CARREON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| WILLIE KING and LOCKWOOD & SON | § | CIVIL ACTION: 3:15-CV-2089-K |
| TRUCKING & CONSTRUCTION, | § | |
| | § | |
| Defendants. | § | |

---

# DEFENDANTS' BRIEF IN SUPPORT OF THEIR
# MOTION TO EXCLUDE TESTIMONY
# OF PLAINTIFF'S EXPERT, THOMAS TRUSS

---

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. 2

TABLE OF AUTHORITIES ............................................................................................ 3

I.    INTRODUCTION ................................................................................................ 5

II.   STATEMENT OF FACTS ................................................................................... 6

III.  ARGUMENT AND AUTHORITIES ................................................................. 10

    A. Standards Governing Motions to Exclude Expert Testimony ......................... 10

    B. Each of Truss' Opinions are Nothing More than Impermissible
       Legal Conclusions ........................................................................................... 16

    C. The Truss Opinions are Inadmissible for the Additional Reason
       the Same are Unreliable and/or are not Sponsored by a Qualified Expert.... 18

IV.   CONCLUSION AND PRAYER ........................................................................ 19

CERTIFICATE OF SERVICE ..................................................................................... 21

# TABLE OF AUTHORITIES

**Cases**

*Askanase v. Jatjo*, 130 F.3d 657 (5th Cir. 1997) ...................................................... 12, 17

*Carr v. Montgomery County*, 2015 U.S. Dist. LEXIS 136560 (S.D. Tex. 2015) ....... 14, 17

*Corinth Investor Holdings, LLC v. Evanston Insurance Company*, 2014 U.S. Dist. LEXIS
   172647 (E.D. Tex. 2014) ..................................................................................... 15, 17

*Crow v. United Benefit Life Insurance Company*, 2001 U.S. Dist. LEXIS 2993 (N.D. Tex.
   2001) ......................................................................................................................... 15

*Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579;
   125 L.Ed.2d 469 (1993) ............................................................................................ 11

*Denison Custom Homes, Inc. v. Zurich American Insurance Company,* 2005 U.S. Dist.
   LEXIS 46062 (S.D. Tex. 2005) ................................................................................. 15

*Engenium Solutions, Inc. v. Symphonic Technologies, Inc.*, 924 F.Supp.2d 757 (S.D.
   Tex. 2013) ................................................................................................................. 11

*Estate of Sowell v. United States*, 198 F.3d 169 (5th Cir. 1999) ........................ 12, 13, 17

*Green v. CBS Broad, Inc.*, 2000 U.S. Dist. LEXIS 19962 (N.D. Tex. 2000) ............ 15, 17

*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137; 143 L.Ed.2d 238 (1999); ........ 18, 19

*Lay v. DePuy Orthopaedics, Inc.*, 2014 U.S. Dist. LEXIS 97798 at *14 (N.D. Tex. 2014)
   .................................................................................................................................. 11

*Mathis v. Exxon Corp.*, 302 F.3d 448 (5th Cir. 2002) .................................................. 11

*Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998), *cert. den'd*, 528 U.S.
   1064 (1999) ............................................................................................................... 11

*Owen v. Kerr-McGee Corp.*, 698 F.2d 236 (5th Cir. 1983) ...................................... 11, 17

*Ricks v. City of Alexandria*, 2014 U.S. Dist. LEXIS 121244, *21
   (W.D. La. 2014) ............................................................................................... 11, 16, 17

*Ross v. Noble Drilling Corporation*, 2005 U.S. Dist. LEXIS 356 (E.D. La. 2005) ........... 16

*Rudd v. GMC*, 127 F.Supp.2d 1330 (M.D. Ala. 2001) .................................................. 18

*Specht v. Jensen*, 853, F.2d 805 (10th Cir. 1988)............................................................ 12

*Waste Management of Louisiana, LLC v. Jefferson Parish*, 2015 U.S. Dist. LEXIS
135529 (E.D. La. 2015) ............................................................................................. 15

**Rules of Civil Procedure**

Federal Rule of Evidence 702 ....................................................................... 10, 11, 17, 18

Federal Rule of Evidence 704 ........................................................................... 10, 11, 17

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Lockwood & Son Trucking & Construction and Willie King, Defendants herein, file this their Brief in Support of their Motion to Exclude Testimony of Plaintiff's Expert, Thomas Truss, and would respectfully show the Court as follows:

## I. INTRODUCTION

1.    Plaintiff has retained and designated Thomas Truss as a so-called "motor vehicle and heavy truck specialist". (Plaintiff Sandra Torres Carreon's Designation of Experts and Expert Witness Disclosure, Doc. 42). Mr. Truss has provided a report dated September 30, 2015; a copy of which is attached as Exhibit 1. (See Ex. 1, App. at 1-12). (All depositions and exhibits are attached as part of the Appendix, filed herewith, and designated "App." with the Exhibit and Appendix page number). Pursuant to his retention, Mr. Truss reviewed various depositions, discovery materials, the accident report and various photographs, which are identified in his report. (Ex. 1, App. at 3-5). Also, as noted in his report, Mr. Truss conducted a short telephone interview of Ms. Carreon on the week-end prior to the preparation of his report. (See Ex. 1, App. at 3).

2.    Mr. Truss has reached the following three opinions which are the subject of this motion to exclude:

   (a) Defendant Lockwood & Son Trucking & Construction ("Lockwood Trucking") was negligent in conducting the hiring process of Defendant Willie King ("King"); that is, Lockwood Trucking failed to exercise the ordinary care of a prudent motor carrier in hiring King;

   (b) Lockwood Trucking failed to exercise ordinary care in supervising King on the date of the accident; and

   (c) King failed to exercise ordinary care in the manner in which he operated his vehicle at the time of the accident.

3.     As will be demonstrated herein, such opinions should be stricken and Mr. Truss should not be allowed to testify as to such opinions before the jury in this action as such opinions are clearly nothing more than inadmissible legal conclusions which are foreclosed by clear Fifth Circuit precedent; and which, in any event, lack a reliable foundation.

## II. STATEMENT OF FACTS

4.     Thomas Truss arrived at the opinions set forth above, based solely upon a review of the materials identified in his report, one short phone call with Ms. Carreon, as well as his education, training and experience.  (Truss report, Ex. 1, App. at 2-10).  As explained by Mr. Truss in his deposition, his educational background consists of a high school degree, approximately nine hours of college course work at Texas Tech University, as well as various seminars relating to the Federal Motor Carrier Safety Regulations; but without the benefit of any courses at a law school or any law courses in college.  (Truss Depo., pp. 15 - 18, 22-31; Ex. 2, App. at 16-20).  His curriculum vitae reflects experience in the trucking industry from approximately 1983 to 1995; at which point he began doing "forensic" work focusing on the trucking industry.  His C.V. was marked as Exhibit 4 to his deposition.  (See Ex. 2, App. at 37-56).

5.     In his deposition, Mr. Truss testified that Exhibit 1 (marked as Exhibit 6 to his deposition; Ex. 2, App. at 57-67) is the only report generated by him in this case, and that it contains all of his opinions he has reached in this matter; namely, the opinions set forth in paragraph 2 hereof.  (Truss Depo., pp. 45 - 46; Ex. 2, App. at 22-23).

6.     Mr. Truss' first opinion is that Lockwood Trucking was negligent in conducting the hiring process of King; that is, Lockwood Trucking did not use the ordinary

care of a prudent motor carrier in hiring King. (Truss Depo., p. 61; Ex. 2, App. at 25 and see Truss report, Ex. 1, App. at 5-8). In arriving at such opinion, Mr. Truss relied solely upon Section 391.23 of the Federal Motor Carrier Safety Regulations, entitled "Investigation and Inquiries". (Truss Depo., pp. 50 & 58; Ex. 2, App. at 24-25). Section 391.23 provides the requirements for a motor carrier like Lockwood Trucking to conduct its hiring process of prospective drivers like. King. (Section. 391.23 is attached as Exhibit 8 to the Truss deposition; Ex. 2, App. at 71-78).

7.     Although Mr. Truss cited five (5) bases or reasons in his report in support of his opinion that Lockwood Trucking was negligent in hiring King, he admitted in his deposition that he could not identify a single step required by Section 391.23 which was not performed by Lockwood Trucking. (Truss Depo., p. 87; Ex. 2, App. at 29). Mr. Truss' admission can be easily understood, in view of the following uncontroverted evidence:

(a)     There is no evidence that King ever failed a drug or alcohol test, either while working for a previous employer or during his employment with Lockwood Trucking. (Truss Depo., p. 67; Ex. 2, App. at 26).

(b)     James Simmons, King's employer immediately prior to Lockwood Trucking, reported to Lockwood Trucking that King was a good employee, an excellent driver, was dependable, had excellent safety habits and driving skills, and had never had a positive alcohol or drug test during his employment. (Truss Depo., p. 74; Ex. 2, App. at 27).

(c)     Lockwood required King to undergo a pre-employment drug test which was entirely negative for Marijuana, Cocaine, Amphetamines, Opiates, 6-

Monoacetylmorphine, PCP, and Ecstasy. (Truss Depo., pp.76 – 77 and 80, as well as Exhibit 7 to his deposition; Ex. 2, App. at 27-27 & 68-70).

(d)     Lockwood Trucking obtained a three year MVR on King which met the requirements of Section 391.23 and which showed no violations, convictions, no DWI's or drug-related issues of any kind. (Truss Depo., p. 79; Ex. 2, App. at 28).

(e)     King underwent a mandated medical examination by a qualified medical doctor who provided a medical certificate clearing King for full duty with no restrictions. (Truss Depo., p. 77; Ex. 2, App. at 27, and Ex. 3, App. at 80).

8.      As set forth in his report, and as confirmed in his deposition, Mr. Truss' second opinion is that Lockwood Trucking was negligent in supervising King; that is, Lockwood allegedly failed to exercise ordinary care in supervising him on the day of the accident. (Truss Depo., p. 105 - 106; Ex. 2, App. at 30-31, and see Truss report, Ex. 1, App. at 8-9).

9.      Mr. Truss lists three purported bases or reasons in support of his opinion. (Truss Depo., pp. 106 and 115-116; Ex. 2, App. at 31 and 33; and see Truss report, Ex. 1, App. at 8-9). An analysis of these so-called "reasons" reveal that they are based upon rank speculation, no factual foundation or were expressly contradicted by other evidence. Truss' first "reason" is based upon the location where Mr. King decided to exit I-20 enroute to Dallas and where the semi-trailer got stuck in a ditch. Truss surmises King's decision to be at such location "may" have been drug related, even though he admits he has no evidence to support such speculation. (Truss Depo., p. 107 - 108; Ex. 2, App. at 31; and see Truss report, Ex. 1, App. at 8). His second reason is based on an alleged

conversation between James Oney (a/k/a "Bubba"), the wrecker driver who pulled King's trailer out of the ditch, and Bettie and Charles Lockwood – the owners of Lockwood Trucking.  (See Truss report; Ex. 1, App. at 9).  During such alleged phone call, Oney claims to have told the Lockwoods that King "couldn't sit still" and it was Oney's "opinion" that King "appeared to be high on methamphetamines".  (Truss report; Ex. 1, App. at 9).  However, both Bettie and Charles Lockwood, whose depositions Truss read, denied any such conversation ever took place.  (Bettie Lockwood Depo., pp. 52 - 55; Ex. 4, App. at 83-84; and Charles Lockwood Depo., pp. 9 - 10; Ex. 5, App. at 88).  For reasons that can only be described as self-serving, Truss chose to place credence in a wrecker driver about whom he knew nothing, and to whom he has never talked, over the Lockwoods who have been in the trucking industry over forty (40) years.  (Truss Depo., pp. 110 - 111; Ex. 2, App. at 32; and Bettie Lockwood Depo., p. 4; Ex. 4, App. at 82).  Finally, Truss bases his "negligent supervision" opinion on King approaching a shipping clerk at the Niagara Water facility in Dallas, "shirtless, shoeless, yelling and cussing".  This was somehow significant to Mr. Truss because in his view such conduct was "unprofessional".  (Truss Depo., pp. 113 - 114; Ex. 2, App. at 32-33; and see Truss report; Ex. 1, App. at 9).

10.     Mr. Truss' third opinion is that King failed to exercise ordinary care in the manner in which he drove his vehicle at the time of the accident.  (Truss Depo., p. 122; Ex. 2, App. at 34; and see Truss report; Ex. 1, App. at 9-10).  Notwithstanding that such opinion represents an impermissible legal conclusion, as will be discussed below, Mr. Truss lacks the necessary qualifications to render such opinion and has no factual foundation upon which to base such opinion.  He is not an accident reconstructionist, has no formal accident reconstruction training, and agrees he is not even attempting to give

an opinion as an accident reconstructionist in this case. (Truss Depo., p. 42 - 43; Ex. 2, App. at 22). Moreover, he has not investigated the accident site and has not taken any steps to reconstruct the accident. (Truss Depo., pp. 41 & 43; Ex. 2, App. at 21-22). And, lastly, he completely ignores the investigating officer's report and deposition testimony concluding that he found no fault on the part of King in any respect for the accident. (Truss Depo., pp. 122 - 123; Ex. 2, App. at 34).

## III. ARGUMENT AND AUTHORITIES

### A. Standards Governing Motions to Exclude Expert Testimony

11.     The motion to exclude the above referenced opinions by Mr. Truss is governed by the Federal Rules of Evidence and governing jurisprudence and, in particular, Federal Rules of Evidence 702 and 704. Federal Rule of Evidence 702 provides, as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)    the testimony is based on sufficient facts or data;
>
> (c)    the testimony is the product of reliable principles and methods; and
>
> (d)    the expert has reliably applied the principles and methods to the facts of the case.

In other words, Federal Rule of Evidence 702 permits opinion testimony by a qualified expert witness if, but only if, that testimony will assist the trier of fact to understand the evidence or determine a fact in issue, and if it is established that: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is a product of reliable principles

and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702(b)-(d); *Lay v. DePuy Orthopaedics, Inc.,* 2014 U.S. Dist. LEXIS 97798 at *14 (N.D. Tex. 2014).

12.     *Daubert* and its progeny require trial courts to act as "gatekeepers" as to the admissibility of expert testimony. See *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579; 125 L.Ed.2d 469 (1993); *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998), *cert. den'd*, 528 U.S. 1064 (1999). Unquestionably, Sandra Carreon, as the party seeking to rely upon the above referenced expert testimony, bears the burden to demonstrate that all requirements have been met by the applicable Federal Rules of Evidence. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002); *Moore* at 276; *Engenium Solutions, Inc. v. Symphonic Technologies, Inc.*, 924 F.Supp.2d 757, 769 (S.D. Tex. 2013); and *Ricks v. City of Alexandria*, 2014 U.S. Dist. LEXIS 121244, *21 (W.D. La. 2014).

13.     Federal Rule of Evidence 704 also informs the court's gatekeeping function in determining whether or not Mr. Truss' opinion testimony is admissible. Rule of Evidence 704 was enacted to abolish the so-called "per se" rule against testimony regarding ultimate issues of fact. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 239 (5th Cir. 1983). As further explained by Court in *Owen*, "Rule 704, however, does not open the door to all opinions. The advisory committee notes make clear that questions which would merely allow the witness to tell the jury what result to reach are not permitted. Nor is the rule intended to allow a witness to give legal conclusions (citations omitted). …Moreover, allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence invades the court's province and is irrelevant." *Id.* at 240.

14.    It is well imbedded in Fifth Circuit jurisprudence that an expert witness may not give legal opinions or offer opinions that merely tell the jury what result should be reached. *Askanase v. Jatjo*, 130 F.3d 657, 673 (5th Cir. 1997); *Estate of Sowell v. United States*, 198 F.3d 169 (5th Cir. 1999); and numerous district court opinions out of Fifth Circuit which will be briefly discussed herein below.

15.    In *Askanase v. Jatjo*, 130 F.3d 657, 673 (5th Cir. 1997), the Court held that an attorney's opinion testimony that certain conduct by the company's officers and directors breached their fiduciary duties represented an inadmissible legal opinion or conclusion.  That is, an expert witness is not permitted to offer an opinion that a party violated a particular standard of care.

16.    Although not a Fifth Circuit case, *Specht v. Jensen*, 853, F.2d 805, 807 (10th Cir. 1988) will be discussed at some length as it cogently addresses the issue of the parameters of admissible expert testimony and has been cited by many Fifth Circuit opinions.  In *Specht*, the Court of Appeals reversed the trial court's decision to allow a legal expert to testify as to whether the defendant's search of the plaintiff's home and office constituted a permissible search and seizure.  At the trial court level, plaintiff's expert was allowed to testify on the basis of hypothetical questions tailored to reflect the plaintiff's view of the evidence that no consent had been given and, therefore, an illegal search had taken place.  In deciding the admission of such expert testimony was harmful error, the court of appeals noted --

> "First, …the jury may believe the attorney-witness, who is presented to them imbued with all the mystique inherent in the title 'expert', is more knowledgeable than the judge in a given area of the law. (citation omitted)  Indeed, in this case, the expert's knowledge and experience was made known to the jury by both the court and counsel in a manner which gave his testimony an aura of

trustworthiness and reliability.  There is a substantial danger the jury simply adopted the expert's conclusions rather than making its own decision.    Notwithstanding any subsequent disclaimers by the witness that the court's instructions would govern, a practical and experienced view of the trial world strongly suggests the jury's deliberation was unduly prejudiced by the expert's testimony. [footnote omitted]

Second, testimony on ultimate issues of law by the legal expert is inadmissible because it is detrimental to the trial process.  If one side is allowed the right to call an attorney to define and apply the law, one can reasonably expect the other side to do the same.  Given the proclivity of our brothers and sisters at the bar, it can be expected that both legal experts will differ over the principles applicable to the case.  The potential is great that jurors will be confused by these differing opinions, and that confusion may be compounded by different instructions given by the court, *see United States v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986); *United States v. Ingredient Technology Corp.*, 698 F.2d 88, 97 (2d Cir. 1983)."

*Id.* at 809.

17.     The issue to what extent an expert witness may be allowed to provide opinion testimony as to an ultimate issue to be decided by the jury was also addressed in *Estate of Sowell v. United States*, 198 F.3d 169 (5th Cir. 1999).  As summarized in the court's overview of the case,-

A jury returned a verdict for defendant Internal Revenue Service (IRS) allowing its assessment of a late payment penalty against plaintiff estate.  The estate paid its Texas tax liability and part of the federal estate tax liability, and requested a five-year extension to pay the balance.  IRS assessed a penalty pursuant to 26 U.S.C.S. § 6651.    Plaintiff paid the penalty under protest and filed an administrative claim for a refund, claiming that it was not liable for the penalty because its delinquency was due to reasonable cause and not due to willful neglect citing 26 U.S.C.S. § 6651(a)(2).  Plaintiff attempted to elicit expert testimony that it had "reasonable cause" to delay payment, but the trial court excluded it and allowed defendant's post-due date evidence.  The court affirmed; post-due date evidence was admissible to rebut plaintiff's reasonable cause argument, but the expert testimony was [a] legal opinion on the ultimate jury question.

*Id.* at 169.

The *Estate* asserted on appeal that the district court committed error in not permitting its expert to answer hypothetical questions inquiring into "reasonable cause". In affirming the trial court's ruling to exclude such testimony, the Fifth Circuit provided the following detailed explanation of its decision:

> At trial, the Estate sought to ask its expert witness, Dean Charles O. Galvin, several hypothetical questions concerning what a reasonable fiduciary would do when confronted with facts identical to those in this case. The government moved to forbid this line of questioning, arguing that it would convey to the jury a legal conclusion on the issue of "reasonable cause." The district court agreed with the government, allowing Dean Galvin to testify as to the definition and general standards of conduct of a fiduciary, but forbidding Galvin from testifying as to whether the fiduciaries in this case acted reasonably.
>
>                   \*\*\*
>
> Whether the Estate was "acting reasonably" was, for all practical purposes, the only issue for the jury in this case to decide. Accordingly, the district court did not abuse its discretion in excluding Dean Galvin's testimony as an inadmissible legal opinion on the issue of "reasonable cause."

*Id.* at 171.

18.    The limits of expert testimony has been addressed by numerous district court opinions out of the Fifth Circuit, which are briefly discussed herein as they are determinative of the instant motion to exclude:

- *Carr v. Montgomery County*, 2015 U.S. Dist. LEXIS 136560 (S.D. Tex. 2015) (Expert in police practices was not permitted to provide opinion testimony whether the officer's conduct in connection with the search of the plaintiff's home was unreasonable as representing an impermissible legal conclusion);

- *Corinth Investor Holdings, LLC v. Evanston Insurance Company*, 2014 U.S. Dist. LEXIS 172647 (E.D. Tex. 2014) (An attorney with extensive experience in insurance law was not allowed to testify as an expert witness whether the insurance carrier's action in denying coverage was reasonable as the same was an inadmissible legal conclusion);

- *Denison Custom Homes, Inc. v. Zurich American Insurance Company*, 2005 U.S. Dist. LEXIS 46062 (S.D. Tex. 2005) (Expert not allowed to offer an opinion whether the defendant insurance carrier engaged in conduct which constituted a breach of the duty of good faith and fair dealing as such was an issue for the trier of fact to decide);

- *Crow v. United Benefit Life Insurance Company*, 2001 U.S. Dist. LEXIS 2993 (N.D. Tex. 2001) (Court excluded testimony by plaintiff's expert who identified several actions taken by the insurance company which, in her opinion, constituted a breach of the insurer's duty of good faith and fair dealing as the court determined such opinions were impermissible legal conclusions);

- *Green v. CBS Broad, Inc.*, 2000 U.S. Dist. LEXIS 19962 (N.D. Tex. 2000) (Journalism expert was not allowed to opine either that the defendant's conduct was negligent or that its conduct rose to the level of actual malice, as the court concluded such opinions represented nothing more than legal opinions and were not helpful for the trier of fact to understand the evidence);

- *Waste Management of Louisiana, LLC v. Jefferson Parish*, 2015 U.S. Dist. LEXIS 135529 (E.D. La. 2015) (In a breach of contract suit, a civil engineering expert was not allowed to offer opinions whether one of the parties acted "reasonably" or

"improperly", as the same represented legal conclusions. The court also prevented the expert from testifying as to contractual interpretations);

- *Ricks v. City of Alexandria*, 2014 U.S. Dist. LEXIS 121244 (W.D. La. 2014) (Plaintiff's law enforcement expert, on the issue of the use of force and the use of tasers in law enforcement situations, was not allowed to offer opinions that the law enforcement officials violated their own policies or were negligent in their actions); and

- *Ross v. Noble Drilling Corporation*, 2005 U.S. Dist. LEXIS 356 (E.D. La. 2005) (A defense expert was not allowed to offer opinions whether plaintiff's co-worker followed proper procedures in accordance with various standards, whether plaintiff placed himself in an unsafe position or whether the defendant or its employees created any unsafe conditions or performed any unsafe acts, as the court determined such opinion testimony represented nothing more than legal opinions or conclusions on the issue of negligence and such testimony offered nothing but the expert's appreciation of the facts because the jury could equally assess the situation using their common sense and knowledge).

B. Each of Truss' Opinions is Nothing More than an Impermissible Legal Conclusion

19. Applying the foregoing legal principles to the Truss opinions as part of this Court's gatekeeping function can lead to only one conclusion; namely, that each opinion represents an impermissible legal opinion and conclusion. Essentially, Mr. Truss intends to offer opinions that Lockwood Trucking was guilty of negligent hiring and supervision and that King was negligent in the operation of his vehicle at the time of the accident.

Each of these opinions is inadmissible pursuant to both Federal Rule of Evidence 702 and 704.

20.     As noted by each of the authorities discussed in the previous section of this motion, opinions that a party was negligent, acted unreasonably, or breached a standard of care, are clearly not permitted to be offered before the jury.  See, for example, *Owen v. Kerr-McGee Corp.*, *supra*; *Askanase v. Fatjo*, *supra*; *Estate of Sowell v. United States*, *supra; Carr v. Montgomery County*, *supra*; *Corinth Investor Holdings, LLC v. Evanston Insurance Company*, *supra*; *Green v. CBS Broad, Inc.*, *supra;* and *Ricks v. City of Alexandria*, *supra*.

21.     Additionally, each of the proffered opinions fail the "helpfulness" test and represent an attempt to merely tell the jury what result should be reached in this matter. Thus, such opinions fail to help the trier of fact to understand the evidence or to determine a fact in issue, as required by Federal Rule of Evidence 702(a) and are inadmissible under each of the above discussed authorities, and, in particular, *Green v. CBS Broad, Inc.*, *supra*.  As noted by the court in *Green*, a purported expert in the field of journalism was not allowed to opine that a defendant's conduct was negligent and that its conduct rose to the level of actual malice as the same represented nothing more than legal opinions and were not helpful to the trier of fact to understand the evidence.  *Id.* at *12.  The court further explained –

> "Thus, opinions that tell the trier of fact what result to reach are not permitted.  *Id.*  Just as the Fifth Circuit has affirmed the exclusion of expert testimony on the defendant's state of mind.  *Salas*, 980 F.2d at 305; and whether a defendant breached a particular duty of care, *Askanase*, 130 F.3d at 673 – Blevins' opinion that Mitzi is not a 'public figure', and that defendants' conduct was negligent and malicious is inadmissible."  *Id.* at *12.

22.     Clearly, the jury in this case is fully capable of evaluating the evidence and making a determination whether Lockwood Trucking was negligent in its hiring process of King and in supervising him on the date of the accident.   Likewise, the jury is as capable, if not more capable than Mr. Truss, in determining the issues of the parties' comparative negligence, including King, from the evidence presented at the trial.

C. <u>The Truss Opinions are Inadmissible for the Additional Reason the Same are Unreliable and/or are not Sponsored by a Qualified Expert</u>

23.     As demonstrated above, Mr. Truss' first and second opinions are, not only impermissible legal conclusions which fail the "helpfulness test", such opinions are not reliable.   As instructed by the United States Supreme Court, a trial court should exclude the testimony of an expert if it is not reliable.   *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149; 143 L.Ed.2d 238 (1999).   For the expert testimony to be reliable, and as noted above, the following requirements must be met by the person sponsoring such testimony: (1) the testimony must be based on sufficient facts or data, (2) the testimony must be the product of reliable principles and methods and (3) the expert must reliably apply the principles and methods to the facts of the case.   Fed. R. Evid. 702.   And, as noted by the court in *Rudd v. GMC*, 127 F.Supp.2d 1330, 1337 (M.D. Ala. 2001) –

...the plain language of new Rule 702, as well as the advisory committee notes to the new Rule, makes it clear that...[the trial court] is now obliged to screen expert testimony to ensure it stems from, not just a reliable methodology, but also a sufficient factual basis and reliable application of the methodology to the facts. (Alteration in original).[1]

Clearly, such opinions fail the "reliability" test as it has been demonstrated Mr. Truss did not employ "...in the courtroom the same level of intellectual rigor that characterizes the

---

[1] The phrase "the trial court" was substituted for the phrase "this court".

practice of an expert in the relevant field." *Kumho Tire Co., 526 U.S.* at 152. Thus, the first and second opinions proffered by Mr. Truss should be stricken by this Honorable Court and not allowed before the jury in this action.

24. Likewise, Mr. Truss' third opinion represents an impermissible legal conclusion, fails to pass the "helpfulness" test, and is not reliable. Additionally, by his own admission, Mr. Truss is not qualified to render an opinion reserved for the accident reconstruction field. Thus, Defendants submit Mr. Truss' third opinion should also be stricken by this Court.

## IV. CONCLUSION AND PRAYER

25. In connection with its gatekeeping function, Defendants request this Honorable Court to conduct a hearing and after such hearing, the Court grant the relief requested by this motion; namely, striking each of the opinions by Thomas Truss set forth in paragraph 1 of Defendants' Motion to Exclude Testimony of Plaintiff's Expert, Thomas Truss, and repeated in paragraph 2 hereof, and order that Thomas Truss not be allowed to testify as to such opinions in any testimony before the jury in this action, and to grant such other and further relief to which Defendants may show themselves justly entitled.

Respectfully submitted,

PENNINGTON HILL, LLP

By: /s/ H. Allen Pennington, Jr.
      H. Allen Pennington, Jr.
      State Bar No. 15758500
      apennington@phblaw.com

509 Pecan Street, Suite 101
Tindall Square—Warehouse No. 3
Fort Worth, Texas  76102
Telephone: (817) 332-5055
Facsimile: (817) 332-5054

ATTORNEYS FOR DEFENDANT
LOCKWOOD & SON TRUCKING &
CONSTRUCTION


HUDSON, POTTS & BERNSTEIN, LLP

By: /s/ Brian Bowes
      Brian Bowes
      Louisiana Bar No. 20120

1800 Hudson Lane, Suite 300
Monroe, LA 71201
Telephone: (318) 388-4400
Facsimile: (318) 322-4194
Email: bbowes@hpblaw.com

ATTORNEYS FOR DEFENDANT
WILLIE KING

## CERTIFICATE OF SERVICE

On March 17, 2016, I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

Aaron Spahr
Jim S. Adler & Associates
The Tower at City Place, LB 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas 75204
aspahr@jimadler.com

Brian Bowes
Hudson, Potts & Bernstein, LLP
1800 Hudson Lane, Suite 300
Monroe, LA 71201
bbowes@hpblaw.com

                                        /s/ H. Allen Pennington, Jr.
                                        H. Allen Pennington, Jr.


R:\51\Lockwood - Federal Ct\trial docs\Motion to Exclude Truss.docx