UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA TORRES CARREON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No. 3:15-CV-2089-K-BK |
| | § | |
| WILLIE KING and LOCKWOOD & | § | |
| SON TRUCKING & CONSTRUCTION | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pursuant to the District Court's *Order of Reference*, Doc. 119, this cause is before the Court on Plaintiff's *Motion to Strike the Counter-Affidavit of Dr. Thomas M. Kleuser*, Doc. 77, *Motion to Strike or Limit the Testimony of Defendant's Expert*, Doc. 92, and *Motion for Protective Order and to Limit the Scope of Deposition*, Doc. 105. For the reasons that follow, Plaintiff's *Motion to Strike or Limit the Testimony of Defendant's Expert*, Doc. 92, is **GRANTED IN PART** and the remainder of the motions are **DENIED**.

**A. Procedural History**

Plaintiff is suing Defendants for injuries she sustained in a motor vehicle collision in which Defendant Willie King ("King") was operating a tractor-trailer as an employee of Defendant Lockwood & Son Trucking & Construction ("Lockwood") and crashed into the back of Plaintiff's vehicle at highway speed. Doc. 9 at 2. Plaintiff claims that King was negligent in causing the collision, and that Lockwood negligently entrusted a commercial vehicle to King, failed to properly qualify King as a driver of a commercial vehicle, and negligently hired, supervised, and retained King. Doc. 9 at 3-5.

**B. Pending Motions**

    *1. Plaintiff's Motion to Strike (Doc. 77)*

In preparation for trial, Plaintiff filed affidavits pursuant to Texas civil procedure rules, demonstrating the necessity and reasonableness of her medical providers' charges incurred due to the accident. *See* TEX. CIV. PRAC. & REM. CODE § 18.001.[1] Doc. 78 at 4. Defendants then filed a counter-affidavit signed by Dr. Thomas M. Kleuser ("the first counter-affidavit") challenging Plaintiff's affidavits in various ways. Doc. 78 at 4; Doc. 79-1 at 2-4. Several weeks later, Defendants filed Dr. Kleuser's amended counter-affidavit. Doc. 65 at 1-4.

Plaintiff now moves to strike the original counter-affidavit, arguing that it does not comply with the applicable rules and that Dr. Kleuser is not qualified to testify about the matters contained in Plaintiff's affidavits. Doc. 78 at 5. As Defendants correctly observe, Plaintiff has moved to strike a document that has been superseded by an amended document. Doc. 96 at 1-2. This is sufficient reason to deny the *Motion to Strike*. Moreover, a review of the amended counter-affidavit indicates that it addresses many of the concerns Plaintiff raised in her *Motion to Strike*. For these reasons, Plaintiff's *Motion to Strike*, Doc. 77, is **DENIED**.

---

[1] Several district courts have held that section 18.001 is applicable in federal court. *Rahimi v. United States*, 474 F. Supp. 2d 825, 829 (N.D. Tex. 2006) (Sanderson, J.) (holding that section 18.001's evidentiary rule was so intertwined with the plaintiff's substantive rights, it was appropriate to apply state law); *Cruzata v. Wal-Mart Stores Tex., LLC*, No. EP-13-CV-00331-FM, 2015 WL 1980719, at *6 (same, relying on *Rahimi*); *Eagle Suspensions, Inc. v. Hellman Worldwide Logistics, Inc.*, No. 12-cv-0611-G, 2015 WL 252442, at *9 n.12 (N.D. Tex. 2015) (Fish, J.) (applying section 18.001); *see also McCaig v. Wells Fargo Bank, N.A.*, 788 F. 3d 463, 482 (5th Cir. 2015) (holding that state law governs what the plaintiff must prove and how it may be proved while federal law governs whether the evidence is sufficient to prove it).

*2. Plaintiff's Motion to Strike or Limit the Testimony of Defendant's Expert (Doc. 92)*

Plaintiff next moves to strike or limit the testimony of Defendants' expert, Jimmy Sill.[2] A motion to exclude or limit expert witness testimony is governed by Rule 702 of the Federal Rules of Evidence, and it provides that the witness can testify if (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact understand the evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. Qualified experts may offer testimony as to industry standards and whether they were followed in a particular case. *See Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (holding that expert testimony was necessary to establish the standard of care and whether the defendant complied with that standard). Because Sill is Defendants' expert, they have the burden of demonstrating that the challenged testimony meets these requirements. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002).

Plaintiff claims that Sill lacks the necessary qualifications to discuss provisions of the Americans with Disability Act ("ADA"), the Health Insurance Portability and Accountability Act ("HIPAA"), and regulations promulgated by the EEOC and Department of Health and Human Services ("HHS"), and that he does not explain how his opinions on such matters are relevant to this case. Doc. 93 at 10-11; Doc. 94-2 at 16-17, 20-21.

Defendants respond that, as demonstrated in his curriculum vitae ("CV"), Sill is qualified to discuss the manner in which the ADA, the HIPAA, and EEOC and HHS regulations impact or control the hiring process of commercial motor vehicle drivers, such as King. Doc. 110 at 11.

---

[2] In other portions of her brief, Plaintiff seeks to exclude Sill's opinions as to the proximate cause of the accident. Defendants concede that such testimony constitutes inadmissible legal opinions. Doc. 110 at 8-9. Consequently, those arguments are not addressed herein.

Defendants also contend that Sill's opinions regarding Lockwood's hiring process, as relates to King, will help the jury understand the evidence and make a determination of fact issues in this case. Doc. 110 at 11.

A review of Sill's CV and his deposition testimony reveals, among other things, that (1) he has studied the laws and regulations in question for more than 15 years; (2) during that same time frame, he has acted as a consultant for various trucking companies and municipalities when evaluating whether they were in compliance with the Federal Motor Carrier Safety Regulations ("FMCSR") as impacted by the ADA, the HIPAA, and EEOC and HHS regulations; (3) he has developed curricula and programs and conducted hundreds of seminars and workshops for trucking companies and cities to assist those entities in complying with the FMCSR as impacted by the laws at issue, particularly in the area of driver hiring policies. Doc. 111 at 44-51; Doc. 111 at 60- 61, 64, 66-71.

Upon review of the pleadings, the law, and the parties' arguments, the Court concludes that Defendants have demonstrated that (1) Sill is qualified to testify to the manner in which the ADA, the HIPAA, and EEOC and HHS regulations impact or control the hiring process of commercial motor vehicle drivers; and (2) the testimony is relevant to this case. FED. R. EVID. 702. The Court is not persuaded by Plaintiff's argument that Sill must point to the exact provisions of the statute or regulation that supports his testimony. Doc. 131 at 3-5. Questions regarding the weight to be given to Sills's testimony are best explored on cross-examination at trial. Plaintiff's *Motion to Strike* is **DENIED** in this respect.

Plaintiff next claims that Sill is not qualified to give an opinion whether King followed an accepted defensive driving technique at the time of the accident in an attempt to avoid colliding with Plaintiff's vehicle. Doc. 93 at 8-9. Defendants again point to Sill's deposition testimony in

which he averred that he has received training in connection with the safe operation of large commercial vehicles, which included accepted and recognized defensive driving techniques. Doc. 111 at 69. Defendants also note Sill's testimony that he has taught numerous seminars and workshops to thousands of commercial motor vehicle drivers relating to the safe operation of large commercial vehicles, including accepted and recognized defensive driving techniques. Doc. 111 at 69. Given Sills's uncontroverted testimony regarding his experience in this area, and considering the law and the parties' arguments, the Court finds that he is sufficiently qualified to discuss the topics at issue. *See Geiserman v. MacDonald*, 893 F.2d at 793. Accordingly, Plaintiff's *Motion to Strike* is **DENIED** in this respect.

Finally, Plaintiff argues that Sill should not be allowed to testify about the significance of the fact that Lockwood was not a transporter of hazardous material because it is irrelevant. Doc. 93 at 13. Defendants counter that the testimony is relevant because a central issue in the case is whether Lockwood met industry standards in hiring King. Doc. 110 at 22. In sum, because Plaintiff is allegedly attempting to demonstrate that Lockwood should have had King drug-tested under observation and had his criminal background checked, Defendants argue that Sill should be permitted to testify that those requirements only apply to drivers of hazardous materials and the significance of that fact. Doc. 110 at 23-25.

Upon consideration, the Court finds that Plaintiff's argument is well taken in part. Defendants should be able to present Sills' testimony regarding the additional driver screening requirements <u>only in rebuttal to</u> Plaintiff's evidence and/or argument that Lockwood failed to meet industry standards in hiring King by not having King drug-tested under observation and conducting a criminal background check. Otherwise, such testimony is not relevant. Accordingly, Plaintiff's *Motion to Strike* is **GRANTED IN PART**.

*3. Motion for Protective Order and to Limit the Scope of Deposition ([Doc. 105](Doc. 105))*

In this motion, Plaintiff asserts that Defendants took the deposition of her husband, Jaime Carreon ("Mr. Carreon"), who is not a party to this suit, and wrongfully questioned him about his citizenship, his use of a social security card, and his yearly income. [Doc. 106 at 2](Doc. 106 at 2). During the deposition, Plaintiff objected and directed Mr. Carreon not to answer on the basis that the questions were harassing and argumentative. [Doc. 107 at 14](Doc. 107 at 14), 19. Plaintiff has filed this motion pursuant to Rule 30(c)(2) of the Federal Rules of Civil Procedure, which permits a party to limit a deposition pending a court ruling on whether the questions asked were impermissible. [Doc. 106 at 3-5](Doc. 106 at 3-5).

Defendants respond that asking Mr. Carreon about his income and social security number would not have been necessary if Plaintiff had timely produced their tax returns as she previously had agreed to do. [Doc. 125 at 2-3](Doc. 125 at 2-3). Further, Defendants assert that the questions about his social security number and citizenship were asked to verify Mr. Carreon's identity because he brought no proof of such to the deposition and could not answer basic questions about his family life such as (1) what year he and Plaintiff got married; (2) where Plaintiff worked; (3) how much money Plaintiff makes; and (4) whether his 16-year-old daughter has a driver's license. [Doc. 125 at 4-6](Doc. 125 at 4-6). Finally, Defendants point to numerous inconsistencies between Mr. Carreon's testimony and the previously established facts of the case. [Doc. 125 at 7-8](Doc. 125 at 7-8).

Having considered the law, the pleadings, and the parties' arguments, the Court finds that Defendants' arguments are meritorious. Mr. Carreon was not able to establish his identity, which Defendants are entitled to be assured of in this negligence case. Coupled with Mr. Carreon's lack of knowledge about his own family and inconsistent statements, Defendants are

well within their rights to attempt to conclusively establish his identity.[3] For these reasons, Plaintiff's *Motion for Protective Order and to Limit the Scope of Deposition*, Doc. 105, is **DENIED**.

C.  Conclusion

For the foregoing reasons, Plaintiff's *Motion to Strike the Counter-Affidavit of Dr. Thomas M. Kleuser*, Doc. 77, is **DENIED**, Plaintiff's *Motion to Strike or Limit the Testimony of Defendant's Expert*, Doc. 92, is **GRANTED ONLY IN PART**, and Plaintiff's *Motion for Protective Order and to Limit the Scope of Deposition*, Doc. 105, is **DENIED**.

**SO ORDERED** on May 5, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court gives scant weight to Plaintiff's argument that Defendants should have instructed Mr. Carreon to go to his truck to retrieve his Mexican Consulate-issued identification card. The record does not indicate whether Mr. Carreon drove his truck to the deposition and, in any event, counsel reasonably may have believed that form of identification was not sufficient in light of the other inconsistencies and gaps in Mr. Carreon's testimony. Nevertheless, if Plaintiff produces the requested tax returns, Defendants should reconsider their need for further information from Mr. Carreon.